PROVIDED TO ZEPHYRHILLS C.I.
ON _7-08-06_ FOR MAILING. Page 2
L. Chalders

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
2006 SEP 13  A 10: 1 HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District _Middle Dist./Montgomery, AL_ |
|---|---|

| Name (under which you were convicted): _HOWARD G. TOOLE_ | | Docket or Case No.: _714_ _1:06-CV-714-MHT_ |
|---|---|---|
| Place of Confinement: _ZEPHYRHILLS CORRECTIONAL INST._ _2739 GALL BOULEVARD_ _ZEPHYRHILLS FLORIDA 33541_ | | Prisoner No.: _# 917683_ |

| Petitioner (include the name under which you were convicted) _HOWARD  G. TOOLE_ | Respondent (authorized person having custody of petitioner) v. _JAMES McDONOUGH, et. al._ _Director: FL. DEPT. OF CORRECTIONS_ |
|---|---|
| The Attorney General of the State of | _HON. MR. TROY KING, ESQ./FOR THE STATE_ _OF ALABAMA_ |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _THE Judicial Circuit Court, for the TWELTH Judicial Circuit, in and for Pike County, ALABAMA_

   (b) Criminal docket or case number (if you know): _Count #I, CC-05-155. Count #II, CC-05-156_

2. (a) Date of the judgment of conviction (if you know): _10th day of MAY, 2005_

   (b) Date of sentencing: _10th day of MAY, 2005_

3. Length of sentence: _Twenty (20) years/five years, each count, MANDITORY SENT._

4. In this case, were you convicted on more than one count or of more than one crime?    Yes ☑    No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _Count #I, Robbery 1st degree. Count #II, Robbery 1st degree._

6. (a) What was your plea? (Check one)

   (1)    Not guilty ☐          (3)    Nolo contendere (no contest) ☐

   (2)    Guilty ☑              (4)    Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: *Circuit Court, 12th Judicial Circuit, ENTERPRISE DIVISION. Pike/Coffee County.*

(b) Docket or case number (if you know): *CC-05-155, and 156.*

(c) Result: *Petition WRIT OF HABEAS CORPUS FOR BELATED APPEAL. Dismissed as untimely*

(d) Date of result (if you know): *7th day of NOVEMBER, 2005*

(e) Citation to the case (if you know): *NONE*

(f) Grounds raised: *Procedural impediments by State that bar timely filing of Direct APPEAL, Direct Violations of the "INTERSTATE AGREEMENT ON Detainer Act", and Related Violations of the "UNITED STATES CONSTITUTION," i.e. Violations of the "DUE PROCESS CLAUSE"; and Violation of the "Speedy TRIAL CLAUSE."*

_____

(g) Did you seek further review by a higher state court?    Yes ☑  No ☐

If yes, answer the following:

(1) Name of court: *ALABAMA CRIMINAL COURT OF APPEAL*

(2) Docket or case number (if you know): *CR-05-0803*

(3) Result: *THE COURT TREATED PETITIONER'S, WRIT OF HABEAS CORPUS FOR BELATED APPEAL AS A WRIT OF MANDAMUS, AND DISMISSED.*

(4) Date of result (if you know): *23rd day of February, 2006.*

(5) Citation to the case (if you know): *NONE*

(6) Grounds raised: *Procedural impediments by State barring Direct Appeal. Direct Violations of the "INTERSTATE AGREEMENT ON DETAINER ACT", and Related Violations of the "UNITED STATES CONSTITUTION", i.e. "DUE PROCESS CLAUSE," and "SPEEDY TRIAL CLAUSE."*

Page 4

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____ *None* _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?

Yes ☑    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *THE COURT OF CRIMINAL APPEAL, FOR THE STATE OF ALABAMA.*

(2) Docket or case number (if you know): *CR - 05 - 0803*

(3) Date of filing (if you know): *ON THE 9th day of MAY 2006.*

(4) Nature of the proceeding: *MOTION TO GRANT LEAVE TO PROCEED TO ALA. SUPREME COURT.*

(5) Grounds raised: *1.) IMPEDIMENTS by the State that directly effected the Petitioners Ability to timely file a Procedually Correct Direct APPEAL. 2.) Direct Violations of THE Interstate Agreement on Detainee Act. (IADA). 3.) Courts refusal to Review Petitioner's Claims, denying him DUE PROCESS. 4.) Denial of access to the Court, by ignoring Petitioner's pleas for Material information that would assist in his Attempts for Procedural correctness., i.e., Al. R. CRIM. P., Al. R. App. P., and Al. Crim. Code. These Materials are not available in FLORIDA'S INST. LAW Libraries. The Petitioner submit to both Fla.(ALABAMA, letters & Request, as well as cover pages on all his motions asking the courts help for proper filing proceedures. These Request were ignored.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐    No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ❏  No ❏

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      Yes ☑  No ❏

(2)  Second petition:   Yes ☑  No ❏

(3)  Third petition:     Yes ❏  No ☑

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: *After the Petitioner's Motion, Request Leave to Proceed to ALABAMA'S SUPREME COURT, was EX PARTE DISMISSED; it was Evident that the Courts of ALABAMA had no interest in Reviewing The Petitioner's Claims. The Petitioner made every good faith effort in this Respect.*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _VIOLATIONS OF THE "INTERSTATE AGREEMENT ON DETAINER ACT," and Related Violations of the U.S. Const., Right to Due Process, Right to Speedy trial._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _The State of ALABAMA failed to comply with the provisions and procedures set forth and Mandated in the (IADA) ALABAMA's failure to enforce the provisions of the Act Resulted in the Petitioner's ajudication of guilt for offenses that should have been dismissed. Petitioner's Counsel filed a timely Motion to dismiss. The state Responded and in their Response admitted that ALABAMA Did Violate the (IADA), in that they did not extradite the Petitioner from Florida until well beyond the 180 days Mandated for trial. The Court's contention was that "strict" Compliance with the (IADA) is Required of the defendant. Continued; SEE ATTACHED; 12(a)(1);_

(b) If you did not exhaust your state remedies on Ground One, explain why: _THE Petitioner used every means at his disposal to exhaust his state Remedies. However, the state was relentless in it's determination to deny the Petitioner access to it's courts. The Petitioner made every good faith effort possible. SEE: GROUND THREE:_

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _THE PETITIONER SUBMITTED HIS STATE HABEAS CORPUS FOR BELATED APPEAL TO EVERY STATE COURT AVAILABLE TO HIM. THE COURTS STEDFAST REFUSAL TO REVIEW PETITIONER'S CLAIMS, SUCCESSFULLY THWARTED ALL HIS EFFORTS._

**GROUND TWO:** _NEWLY DISCOVERD EVIDENCE OF, "CONFLICT OF INTEREST," by; COUNSEL FOR THE DEFENSE. Resulting in denial of DUE Access._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Due to discrepancies of dates of motions and proceedings found within the Petitioner's copy of the Case Record, a closer and more diligent examination was undertaken. In so doing a startling document was discovered. There are two (2) form copies of the indictments in the Record. However, there is also a copy of the original indictments. The document itself seemed in order and therefore not given much scrutiny... until the Petitioner determined that the state of ALABMA was infact "not" going to under any circumstances review his claims, SEE ATTACHED; 12(b)(1)_

(b) If you did not exhaust your state remedies on Ground Two, explain why: *The issue of Ground Two, did not arise until the Petitioner was preparing his §2254 Petition. The discovery of Ground Two was made purely by accident, and could not have been discovered under normal due diligence.*

(c) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐    No ☑

   (2) If you did not raise this issue in your direct appeal, explain why: *Ground Two was not discovered until Petitioner sought to pursue his Federal Habeas Corpus. Petitioner simply didn't know of it's existance until that point.*

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   Yes ☐    No ☑

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   (3) Did you receive a hearing on your motion or petition?

   Yes ☐    No ☐

   (4) Did you appeal from the denial of your motion or petition?

   Yes ☐    No ☐

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐    No ☐

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:** *Denial of access to the courts. Procedural impediments; Cause for Procedral Default; In violation of Due Process, and const. Amends. I, X, VI, XIV.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *IMPEDIMENTS: UPON SENTENCING, the Petitioner was advised that he did have the Right to Appeal. The Petitioner was being held in the Coffee County Jail where he had been throughout all the proceedings that took place in ALABAMA. The Petitioner was sentenced on the 10th day of May 2005. The Petitioner was held for 63 days beyond Sentencing without the benefit of Counsel. Continued, SEE: 12, C-1. Attached.*

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: *This issue evolved out of the Petitioner's Appeal process. It was a sustained and Reaccuring issue in all the Petitioner's Attempt's to Appeal Ground One.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐  No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ❑  No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____
_____
_____
_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      Yes ☑   No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _Petitioner does not wish for the court to misunderstand his answer to 13, (a). He did submit all the grounds herein in a Motion to GRANT LEAVE TO PROCEED TO ALABAMA'S SUPREME COURT. Motion was EX PARTE DISMISSED., 16 MAY, 2006._

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____
_____
_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____
_____
_____
_____
_____
_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: MR. STEVE BLAIR., BLA-045. III EAST COLLAGE AVE. ENTERPRISE, ALABAMA 36331 (334)308-5375.

(b) At arraignment and plea: MR. STEVE BLAIR., BLA-045. III EAST COLLAGE AVE. ENTERPRISE, ALABAMA 36331 Ph. (334) 308-5375

(c) At trial: N/A

(d) At sentencing: MR. STEVE BLAIR., BLA-045. III EAST Collage Ave. ENTERPRISE, ALABAMA 36331 Ph. (334) 308-5375.

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  Yes ☐ No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's Petition is timely. Judgement was rendered the 10th day of May, 2005. The Petitioner delivered his Petition into the Hands of Institutional Authority on the 9th day of June 2006. Per Mail box Rule.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *That the Court issue an Order, for the State of ALABAMA, Comply with the Provisions set forth in the (IADA). To DISMISS with Prejudice the INDICTMENTS AGAINST THE Petitioner, To VACTE QUASH, and set ASIDE the* or any other relief to which petitioner may be entitled. *Judgement & Sentence. FOR THE STATE OF ALABAMA To withdraw the detainers as having no further force or effect.*

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *September,* _____ 8th 2006 _____ (month, date, year):

Executed (signed) on ___ 9 - 8 - 06 ___ (date).

_____ *Forward Toole* # 917683
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____
_____
_____

* * * * *

GROUND ONE: <u>VIOLATION OF THE INTERSTATE AGREE-MENT ON DETAINER ACT</u>. Continued from: Page #6, 12,(A)1.

When infact ONly "<u>Substaintial</u>" compliance is required of the defendant. However the State of FLORIDA was meticulous on the part of the Petitioner in compliance with the (IADA) as the Sending State.

SEE: <u>APPENDIX "A"</u>, (IADA) FORM 1-4, Request for Disposition. Note: Document <u>A-4</u>

The Court Averes in it's denial of the Petitioner's "Motion to DISMISS," that the Petitioner arrived in ALABAMA, on the <u>17th</u> day of <u>February</u>, 2005., and that Such was within the <u>180</u> Days of receipt of official notice of Request for Dis-position of DETAINER. The Petitioner makes point that the "ACT" makes No provision for an allowence of 180 days to have a defendant at Court. The "ACT" clearly stipulates that the defendant <u>shall</u> be brought to trial within 180 days.

THE COURTS ARE SOMEWHAT SPLIT ON DETERMINING exactly When OFFICIAL notice is given. The Majority favor the the date in which the Petitioner have "<u>caused</u>" to be de-livered; inwhich case that would be the <u>3rd</u> day of <u>August</u>, 2004. THAT WOULD infact be, <u>199</u> days to be delivered to to the State of ALABAMA, not to trial. However, for the sake of fair play to the court, and not holding it to "<u>Strict</u>" compliance standard that it would hold the Petit-ioner too. THE date of certified delivery of notice was

## GROUND ONE: CONTINUED

On the 24th day of August, 2004. That would be 178 days for the Petitioner to be delivered to the State of Alabama. The Petitioner did not make his first appearence until the 22nd day of February, 2005. Adding an additional five days, to the 178 days. In either case the state was beyond the 180 days provided for by the (IADA). SEE: APPENDIX "A", CERTIFIED MAIL DELIVERY, DOCUMENT A-5, and A-6.

THE COURT FURTHER MAKES REFERENCE TO A COMPETENCY EVALUATION. THIS WAS ORDERED TO DETERMINE PETITIONER'S COMPETENCY AT THE TIME OF THE OFFENSES.

THE COURT SETS TRIAL DATE AT APRIL 26, 2005, which adds an additional 63 days before the Petitioner can be brought to trial. The Court further Avers in it's ORDER DENYING PETITIONER'S MOTION TO DISMISS, that the States Prosecutor has no control over the Courts trial DOCKETS. THE (IADA) provides 180 days just for this purpose.

THE PETITIONER WOULD ASK THAT THIS HONORABLE COURT TAKE NOTE: THAT ON THE 27th day of DECEMBER, 2004, THE FLORIDA DEPARTMENT OF CORRECTIONS, IN THE CAPACITY OF THE SENDING STATE, DID give notice to the STATE OF ALABAMA, That over 90 days of the 180 days provided for by the "ACT" had elapsed.
SEE: APPENDIX "A", Letter to Receiving State. A-7.

<u>GROUND ONE</u>: CONTINUED

Furthermore, in Regards to the Court's References to the trial docket. In a "Motion to supplement the Record." The Court Was put on Notice, that "a criminal jury term in <u>Pike County</u>" Was available "beginning, <u>NOVEMBER 8, 2004</u>, a (TWO Week TERM): and stipulates to the Court the State's admittion to fact, that it is in violation of the <u>180</u> provision of the "ACT."

SEE: <u>APPENDIX "A"</u>, MOTION TO SUPPLEMENT THE RECORD. DOCUMENT, <u>A-8</u> and <u>A-8(a)</u>.


Finally the Court uses the Petitioner's ~~PRIOR~~ PRIOR CONVICTION IN FLORIDA, To justify it's denial of the Motion to Dismiss; makes Reference to it's already predetermination to impose consecutive sentences, claiming that no "PREJUDICE" would Result from the short delay, and that deliberate prosecutorial delay had not been shown.

THE PETITIONER'S FLORIDA CONVICTION has nothing whatsoever to do with the ALABAMA offenses. Except that FLORIDA, in it's capacity as the Sending State, did adhere to all the PROVISIONS of the (IADA).

THE PETITIONER AVERES, that "PREJUDICE" was shown, especially after the State's admission that it was in violation of the "ACT". And, as to deliberate Prosecutorial delay... can <u>deliberate</u> be construed to have the equivilent meaning of <u>NEGLIGENCE</u>?

SEE: <u>APPENDIX "A"</u>, MOTION TO DISMISS INDICTMENT, DOCUMENT, <u>A-9</u>.
SEE: <u>APPENDIX "A"</u>, STATE'S RESPONSE TO MOTION TO DISMISS, DOCUMENT, <u>A-10, and A-10(a)</u>.
SEE: <u>APPENDIX "A"</u>, COURT'S ORDER DENYING MOTION TO DISMISS, DOCUMENT, <u>A-11, A-11(a). A-11(b)</u>.

## GROUND ONE SUMMARY

THE PETITIONER has shown that he was in compliance with the Rules, provisions, and procedures of the (IADA). Also that said compliance was more than substantial, which is all that is Required on the part of the Petitioner. The Petitioner asserted his Rights as provided for by Rule. Every aspect of the Petitioner's claims are justified, in that the state should have adhered to the provisions of the (IADA) that mandate Dismissal of the Indictments, as provided for by the ACT.

THE COURT, in its ORDER to deny the Petitioner's Motion to Dismiss, could not substantiate one of its Reasons to do so. The State Court's contention was that the Petitioner be held to a higher accountability, than that of the State. Whereas the State is well aware of all the Rules, provisions, and procedures of the (IADA), and the Petitioner is even less than a layman of the law.

THE (IADA) was in violation even before the Petitioner was transported to the Receiving State. THE Court Revealed its contempt, and prejudice for the Petitioner by its very actions. THE Petitioner feels that the Court lacked "Subject matter Jurisdiction," and that the Court denied the Petitioner Constitutional Rights that are protected by the (IADA). These errors, by the Court and the State, ~~did~~ did divest the Court of its jurisdiction beyond Dismissal of the Indictments.

12, (A) 4.

## GROUND ONE SUMMARY, CONTINUED

THE JUDGMENT and SENTENCE were arrived at through Means that were without the Rudimentary demand of fair PROCEDURE. THE Petitioner's plea of Guilty does not waive Releif for a depravation of rights that effect the validity of the plea itself, or through violations of "DUE PROCESS" that Challenge the validity, courts personal and "subjectmatter Jurisdiction."

THE PETITIONER'S claims of Violations were also asserted before trial/plea. This action should have forever precluded the state from obtaining a valid CONVICTION.

THIS CONCLUDES GROUND ONE.

GROUND TWO : <u>NEWLY DISCOVERED EVIDENCE</u>, OF <u>CON-</u>
<u>FLICT OF INTEREST</u>, RESULTING IN <u>DENIAL OF DUE</u>
<u>PROCESS</u>. Continued from: Page #7., 12, B-1

This fact prompted the Petitioner into preparing his
Federal Petition for WRIT OF Habeas Corpus. In doing so
the Petitioner discovered many discrepancies between
Client/Counsel strategies, as well as dates of events on
on actual paperwork, counsel's entry dates on personal
docket sheet, and in filings of the Clerk of the Court.
    THE PETITIONER admits that for the most part counsel
did a very good job on his behalf. However, in a more tho-
rough review of Petitioner's case file, in comparing the
form copies of the indictments to the original "GRAND
JURY INDICTMENT," the Petitioner took special note of the
signature of the circuit Judge that handed down the
indictments. The Petitioner Recognized the signature as
being that of his Counsel. Petitioner's Counsel for the
defense was, ex-Honorable Judge Steve BLAIR. THE
Indictment Reflects bonds to be set at $100,000.⁰⁰ per.
Counsel/Judge BLAIR, signed and issued the warrants for
the Petitioner's arrest.
SEE: <u>APPENDIX "B"</u>, FORM INDICTMENTS/ORIGINAL INDICTMENT. <u>Doc. B-1., B-2., B-3.</u>

<u>GROUND TWO</u>: Continued

There are several events during the proceedings that should have been handled differently. The Petitioner states that he did have prior knowledge that his counsel had been a Circuit Court Judge for the 12th Judicial Circuit of ALABAMA. However this information was offered in general terms, with no elaboration as to the extent that counsel left the bench under dubious circumstances, and to the extent that Counsel had predisposed knowledge of the offenses against the Petitioner in the capacity he enjoyed as a servant of the State of ALABAMA; and also with the knowledge that the Petitioner was, albeit not incompetent, but somewhat impaired as to his daily use of psychotropic medication, should not have been put upon to make the decision as to counsel's Representation, or a determination as to whether a Conflict of interest could, or may exist.

Ground Two, is not entirely determinate on the fact that counsel was the Circuit Judge that signed the indictment against the petitioner; but also at the time counsel defended the Petitioner, he was serving as a Municiple Court Judge for the city of ENTERPISE, ALABAMA, which is the County Seat of Coffee County. These points of fact do create a strong degree of doubt, as to counsel's ability to serve two Masters; the state and his client!

12, B-2

<u>GROUND TWO</u>: Continued

Everything in this case Revolves around the issue of the State's non-compliance with the (IADA).

The issue of the (IADA) is in practically every Motion filed with the Court. The Petitioner asserted his position as to his Constitutional Rights, within and without the (IADA). Clearly the issue should have been properly handled at the lower Court level. The Federal Courts have held, "We acknowledge, once again, the Relationship between Federal and State Courts. Congress, and the UNITED STATES SUPREME COURT, have spelled out the obligations of both. In Cases such as this, where an evidentiary hearing is clear. We are disappointed that the State prolongs the legal process by stedfastly refusing to Recognize the obvious. We are also perplexed that the State would not prefer to resolve these issues in State Court, thus simplifying any Review by Federal Courts." "PRESUMPTION OF CORRECTNESS"

"We are aware that when our Court Remands cases for EVIDENTIARY hearings, the entire process becomes longer and more Complicated."

It is the view of the Petitioner, that Alabama's Regard for the (IADA) is purely a matter of Convenience.

The Petitioner is dismayed by his Counsel's allowance of the Court's addition to the sentencing ORDER stating that the Petitioner Reserved no issues for appeal. The Petitioner asserts that, had he known his Right to appeal his (IADA) claim was in jeopardy, he would not have accepted the plea.

12, B-3.

## GROUND TWO: continued

Counsel knew that the Petitioner was adverse to anything that might constitute a waiver of this Right in particular. The Petitioner did not knowingly voluntarily or intelligently waive his Right to Appeal the Courts unfounded decision to deny his (IADA) Claim.
SEE: APPENDIX "B" Doc. B-4. 'Counsel's motion to supress'. IN this motion the Petitioner's Counsel offers his professional opinion as to the Petitioner's ability to waive any Rights because the Petitioner suffers from "DYSTHYMIC DISORDER" which is major depression treated by Psychotropic Medications. SEE: APPENDIX "B" Doc. B-5. 'Health Information Transfer Form'.

In this area, the Petitioner believes his Counsel's Respect for his clients best interests were clouded, by the interests of the State, due to his tenure as a Circuit Court Judge, and his current positions as Public Defender/Municiple Court Judge. The Petitioner could not have appReciated the Ramifications of this fact. The Petitioner feels Counsel's performance in this was deficient, and the Resulting Prejudice invalidates the the plea, under the DUE Process Clause. Whereby it must be an intentional Relinquishment of a known Right. The Petitioner would never have accepted a plea whereby he gave up his Right to APPEAL his (IADA) Claim. Petitioner's Counsel assured him that his (IADA) Claim was preserved for Appeal on the face of the Record, due to the "motions to Dismiss" being filed.

12, B-4

GROUND TWO: continued

After sentencing, counsel broke off all communication with the Petitioner until his reply letter to the Petitioner's Request for a copy of the case Record, in order for the Petitioner to pursue his Direct Appeal of his (IADA) claims.
SEE: APPENDIX "B", DOC. B-6 and B-7., Letter to Counsel.

As to Mr. Gary McAliley, the States Attorney in this case, his Signiture appears on the indictments as well, which indicates that the State was well aware of the potential for a "conflict of interest."
SEE AGAIN: APPENDIX "B", DOC. B-1, B-2, and B-3.

The Petitioner was well aware of his (IADA) Rights. However, this does not mean he was aware of the many other Rights being violated at the time of the proceedings. The Court could not expect the Petitioner, through due diligence, to be able to Recognize that a true conflict of interest did exist. However, the Court, the State, and the Petitioner's Counsel were well aware of this fact, as Reflected on the Record and the evidence presented herein.

In Counsels reply letter to the Petitioner, he Refuses to send the Petitioner a copy of the case file. He also claims that he discussed the non-preservation of issues with the Petitioner. This is simply not the case. Counsel assured the Petitioner that his (IADA) claims were preserved on the face of the Record through the Motions to Dismiss. And

<u>GROUND TWO</u>: Continued.

there is nothing in the Record that Reflects Counsel's Claim is factual.

In the Petitioner's second letter to his prior counsel, he once agian Requests a copy of his case file. However. he had to strongly assert his intent to litigate his claims Regardless of Counsel's attempts to dissuade him to do so. ■This letter was sent Certified Mail, Return Reciept Requested.

SEE: <u>APPENDIX "B"</u>, Doc. <u>B-8</u>, <u>B-9</u> and <u>B-10</u>  Second letter to Counsel.

The Petitioner finally recieved a copy of his case file On the <u>12th</u> day of <u>January</u>, 2006.

This conflict of interest Constitutes a violation of the Petitioner's Right to DUE PROCESS. It is apparent that the Petitioner's Counsel, did not provide his Client with Resonable Competent advise at sentencing, by making sure that the Petitioner was well aware that the Court intended to stipulate as to issues of APPEAL. However, the Court's evasiveness to announce to the Petitioner that, for the Record, upon acceptance of the Plea Agreement he would be giving up his (IADA) Claim's, whereby the Court could have established, "a knowing Relenquishment, or waiver of a specific Right or issue."

The Petitioner Refers to his sentencing transcript. In his Petition for Belated Appeal, he refers to issue of non-Reservation, as a possible typo'... The Petitioner was not aware of the Ramifications of this stipulation until he was Returned to his Institution in FLORIDA, where Law Clerks in the Law Library explained exactly what it meant. The

12, B-**5**.

<u>GROUND TWO</u>: Continued

Petitioner was outraged. Again, the Petitioner reiterates that he is even less than an layman in the law, and Relies on the institutional law clerks to perfect his Petition. The Petitioner states as a matter of fact that his counsel assured him that his (IADA) claim was preserved.

Please take note; that throughout the Sentencing transcripts there is no mention of a Relinquishment of the Petitioner's (IADA) claim. Only at the very end, the last line, does the Court Reference issues for Appeal. The Petitioner would ask this Court to Review his statement to the Court just prior to Sentencing, it will Reflect the Petitioner's state of mind, and his utter Confussion throughout the proceeding. The Petitioner Relied on his counsel to protect his Rights. However, the Petitioner believes his counsel turned a blind eye to what transpired, in the hopes that the Petitioner would not pursue an Appeal.
See: <u>APPENDIX "B"</u> Doc. <u>B-11 thru B-14</u>, Sentencing transcripts.

The Petitioner Refers to the settlement/AGREEMENT forms, and the Explanation of Rights, and GUILTY PLEA form, where upon appears the Petitioner's Signature. Niether form Reflects a stipulation of issues for appeal. All the officer's of the Court signed these forms as well.

The Petitioner, at the time of his plea believed in his counsel. He trusted him and his advice. The Petitioner is dismayed by the ways and means by which the state arrived

<u>GROUND TWO</u>: Continued

at a Judgement of Conviction:
SEE: <u>APPENDIX "B"</u>, Doc <u>B-15</u>, and <u>B-16</u>. Explanation of Rights/Settlement agreement.

With the Court's indulgence, the Petitioner would by, use of analogy, present this scenario:

"THE CARD SHARP - SLIGHT OF HAND"
The Card Sharp uses his expertise, and Knowledge of the system of cards to produce a desirable or winning hand for himself. Thereby depriving his opponent of a fair and honest game. In much the same way a State can, by slight of hand, use it's experience and knowledge of the system, to deprive a defendant of a full, and fair litigation process or trial.

Please forgive the Petitioner for this crude attempt at levity. The Petitioner's use of the analogy was purely meant convey his beliefs of how the state was able manipulate events, and the role his counsel may, or may not have played. The Petitioner is not hurling accusations at his counsel. He is merely establishing the fact that a strong "Conflict of Interest", did or could exist, that has effected the adequacy of his representation, which violates his 6th, and 14th Amendments to the UNITED STATES CONSTITUTION.

GROUND TWO: continued

Counsel's interests in this case are inconsistant with those of his client. The Petitioner cannot stress enough that he would not have accepted any plea agreement that would Jeapordize his (IADA) issues. And that his Counsel failed to fully advise him of the state's Intent. Also, the Petitioner finds it hard to believe that his counsel Could have been so totally Remiss, as to not know that the State, and the court's intent was to deprive the Petitioner of his (IADA) issue for Appeal.

The Petitioner would offer for the court's consideration, the following:

Before leaving Florida, the Petitioner was advised by Law Clerks at his Institution, that ALABAMA was infact in Violation of the 'ACT'. And was told to press the issue, and not to do anything that might be construed as asking for a continuance. Even though ALABAMA had already Violated the 180 day provision of the ACT.

On the 22 nd. day of February, 2005., the Petitioner entered a plea of Not Guilty. Taking care not to ask for any continuance, and at the same time, apprising his Atty. not to do anything that would be percieved as such.

The Petitioner told his counsel of his intent to change his plea to Not Guilty by Reason of Mental disease or defect,

12, B-9

GROUND TWO: continued

Strictly based on Petitioner's state of mind at the time
the offenses occured. But that he didn't want to do this
until after the Motions to Dismiss were filed, and until
disposition of said Motions was Rendered, for fear that
this change of Plea might be deemed as a continua-
nce.

The Petitioner believes a Conflict of Interest arose
at this point. Because on the following day the Petitioner's
Counsel filed a Motion to change the Petitioner's
Plea. Even after the Petitioner discussed with Counsel
not to do so, and why!

SEE: APPENDIX "B", DOC. B-17, Motion for Mental evaluation.

The Petitioner would pose a Question. Why would his
Counsel do this? Especially when he knows that the
State may deem the Motion as a Request for a Continu-
ance. The Petitioner averes that he was prejudiced by his
on Counsel, and his Due Process Rights were Violated, be-
cause the Court used this Motion as one of it's Reasons
to deny the Petitioner's Motions to Dismiss.

The Petitioner's waiver of issues, must be an intentional
Relenquishment, or abandonment of a Known Right. The Petit-
ioner has established a factual basis for a "Conflict of
INTEREST."

This Concludes Petitioner's presentation of Ground Two.

12, B-10.

# GROUND TWO SUMMARY

The Petitioner has shown where his **Representation** was greatly in Question. Defense Counsel could not have overcome his natural tendencies, as is human nature, to be loyal to the state in his capacity as a Circuit Court Judge for the 12th Judicial Circuit; as he voluntarily stepped down from the bench just 30 days prior to the Petitioner's arrival in ALABAMA.

However, the Petitioner's Counsel Retained his position as a Municiple Court Judge for Coffee County. Even though Counsel did inform the Petitioner of his Recent position as a Circuit Court Judge. He did however, fail to inform the Petitioner that he was the Circuit Court Judge that signed, and handed down the INDICTMENTS against the Petitioner. That He issued the warrents for his arrest, and that he set bail at $100,000.00 each. This Knowledge had to have a prejudicial effect on Counsel, especially sense Counsel served as Circuit Judge for Both Pike and Coffee Counties.

District Attorney McAliley, was also district attorney for Pike and Coffee Counties, his name/signature appears on all three indictments. This Knowledge by the state should have prompted to move, for Counsel to Recuse himself because of the potential for a Conflict of Interest, even where the slightest doubt Remained. For Counsel to lay the burden on the Petitioner, to determine whether or not Counsel should represent him, is irresponsible on Counsel's behalf.

12, B-11.

<u>GROUND TWO SUMMARY</u>: continued.

The Petitioner Relied on counsel's integrity, Knowledge of the system, and experience to afford him the best possible defense, for which he was entitled to.

    There are just to many unexplainable instances that occured for there not to have been a Conflict of INTEREST on the part of Counsel.

<u>End Summary.</u>

12, B-12.

<u>GROUND THREE</u>: Continued; from Page, 9.

OR any other person qualified to assist/direct the Petitioner
in the procedures for Direct APPEAL. The Petitioner was being
held under the Provisions of the (IADA), and was certain he would
be Returned to the State of FLORIDA, as his Institution, A.C.I. was
only a one (1) hour drive from the Coffee County Jail where the
Petitioner was being held. However, this did not happen. The
Petitioner was held, in the Coffee County Jail, until the <u>13th</u>
day of <u>July</u> 2005., well beyond the time limit to file a timely
Direct APPEAL.
SEE: <u>APPENDIX "C"</u>, <u>Doc. C-1</u>. Statement from County Jail.

    The Petitioner is not even a layman of the law. The
Petitioner could not have conceivably filed a Notice of Appeal,
OR an actual Appeal, without the benefit of legal aid.
ARticle 5(e), of the (IADA), provides that," At the earliest pract-
ical time, consonant with the purposes of this agreement,
the prisoner 'shall be Returned to the sending State. There
is no practical Reason why the state of ALABAM would hold
the Petitioner for such an extended amount of time, especial-
ly seeing as how his Institution was a mere <u>60 miles</u>
away. Therefore the Petitioner must percieve this act as a
procedual impediment that denied him timely access to
the Court. And 'Cause' for procedural Default.

12, C-1.

<u>GROUND THREE</u>: continued.

County and State REPRESENTITIVES clearly prejudiced the Petitioner by denying him access to the courts, by way of impediments. Whereby, the Petitioner was blocked from accessing the courts in a procedurally correct and timely fashion.

The Petitioner contends that, as the States attorney's office, is/was Responsible for the Petitioner's transport ▮▮▮▮ to the Recieving state, that office is/was Responsible for the Petitioner's transport back to the sending state. As such, the States Attorney's office is suspect, as to it's intent to intentionally impede the Petitioner from taking a course of action to litigate a Direct Appeal, and Raising his claims of the many (IADA) Violations. This establishes. "Cause". and also shows that the STATE ATTORNEY'S OFFICE, felt the Petitioner's claims were outcome determinative. Hence, the State's errors, obscured by the courts, were Prejudicial. The more substantially the proceedings deviate from established standards, the more likely the Petitioner has been harmed.

The Petitioner's allegations are not based on the presumption of prejudice, but Rather on analysis of the specific facts, and circumstances of the proceedings in which these errors have occured.

Essentially the State of ALABAMA has prevented/deprived the Petitioner from acquiring the information needed to plead his claims. As shown by the following statements of fact

12, C-2.

<u>GROUND THREE</u>: continued.

The Petitioner was Returned to the sending State on the <u>13th</u> day of <u>July</u>, 2005., Where he immediately set about trying to appeal his claims. He utilized the FDOC/ACI institutional Law Library. However, this law library does not maintain any materials/information, or litigation manuals for the State of ALABAMA. The Petitioner was forced to use, <u>Fla. R. App. P.</u>, to file his Petition, for Belated Direct APPEAL. The Petition, was, albeit hastily prepared. sent to the Court on the <u>2nd</u> day of <u>August</u>, 2005., a scant <u>83 days</u> after Judgement and Sentence was Rendered. The Petitioner then set about, using the law library at A.C.I., to obtain <u>Al. R. App. P.</u>, for a Good faith effort in accessing the Courts, and obtaining procedural correctness.

On the <u>8th</u> day of ~~████~~ <u>August</u>, 2005., the Petitioner submitted a Request to the A.C.I. Law Library asking for, ALABAMA RULES OF COURT, and ALABAMA Criminal Code. SEE: <u>APPENDIX "C"</u>, DOC. <u>C-2</u> and <u>C-3</u>. initial Request / I.L.L. Form INTERLIBRARY LOAN Request form.

The Law Library at the ACI INSTITUTION, does not carry any out of state Law books. Therefore the Law Librarian suggested the the Petitioner utilize the Interlibrary Loan procedure that Requests other state Institutions for the sought after materials. The Petitioner's I.L.L. was submitted on the <u>9th</u> day of <u>December</u>, 2005. The Petitioner's I.L.L. traveled to three Institutions before being Returned to the ACI. institution, as Materials not available. SEE: <u>Doc. C-3</u>, again. <u>3 of 3</u>.

12, C-3.

GROUND THREE: continued.

After 97 days in the Circuit Court, the Court issued its ORDER to the Petitioner that his Motion/Petition for Belated Appeal was untimely, and that the Court lacked Jurisdiction. The Petitioner filed his Belated APPEAL 83 days after Judgement and Sentencing. Petitioner would ask; at what point in time is a Belated Appeal untimely? In the State of FLORIDA, it is TWO (2) years, and that is determinate on the circumstances involved. Petitioner's second (2) question; why would it take the Court an unprecedented 'three (3) months' to arrive at the conclusion that, Petitioner's Petition, was untimely and without Jurisdiction? Also, the Petitioner would add, that his Pike County charges were addressed in both Pike and Coffee County Courts. The Presiding Judge, The District Attorney, and the Public Defender, one and all, addressed the issues/proceedings, of the Pike and Coffee County Charges at the same time. Regardless of our geographical location. For this Reason, and because the Petitioner was arraigned and sentenced on the Pike County charges, at the Coffee County Courthouse. He entered his Petition for Belated Appeal addressing all three cases in the Coffee County Court. However, in the courts ORDER denying the Petition, it addressed only the Coffee County Case, and omitted the Pike County Case numbers from the ORDER. The Judges, District Attorney, and Public Defenders opererate simultaneously between the two (2) County's. Thus, the Petitioner felt

12, C-4.

<u>GROUND THREE</u>: Continued.

Justified in addressing all the cases in one Petition to the Court. Also, at no point did the Court, nor the Clerk of the Court, inform the Petitioner that his Pitition was procedurally incorrect, and if so, what changes the Petitioner Should make to attain Correctness, as is the Rule of procedure for the State of FLORIDA, where the Petitioner is now incarcerated. If the Court, would but Review the Petitioner's Petition for Belated APPeal, it will see too, on. page three (3), paragraph SiX (6); the Petitioner asks the Court for latitude in his pleading Requirements. And again on page four (4), paragraph eight (8); the Petitioner asks the Court to instruct him on any Requirements necessary to perfect the Petition. The Petitioner recieved no ORDER from the Court, no directions from the Clerk, OR Otherwise, as to Rules of Court OR ALABAMA Appellate Procedures.

SEE: <u>APPENDIX "C"</u>. Doc. <u>C-4</u> thru <u>C-9</u>, Petition for Belated Appeal.

Also SEE: <u>APPENDIX "C"</u>. Doc. <u>C-10</u>, 'ORDER,' Dismiss / Deny Petition.

The Petitioner perceives this action, or lack of action by the Court, a 'procedural impediment' denying him access to the Court, and a violation of the 'DUE PROCESS Clause of the UNITED STATES CONSTITUTION'.

The Petitioner then submitted a supplemented Petition / Motion, to the Court of Criminal Appeal for the State of ALA-BAMA, on the <u>25ᵗʰ</u> day of <u>January</u>, 2006. In this supplemented Petition, the Petitioner advised the Court that he had

12, C-5.

GROUND THREE : continued.

no Rules of ALABAMA APPELLATE PROCEEDURE. The Petitioner stated that he has Requested that the Clerks of both the Circuit Court, and Appeals Court, send him the information needed to properly litigate in the Courts of ALABAMA. The Petitioner's Requests were ignored.

SEE APPENDIX "C". Doc. C-11 and C-12. Supplemented portion of the Petition for Belated Appeal.

Seven days later, the Court of Appeal issued the Petitioner an ORDER, citing non-compliance with Al. R. APP. P. Rule 21(a). This was the Petitioner's first offer from a State Representative, either from the State of FLORIDA or ALABAMA, as to the Rules of APPELLATE PROCEEDURE of the Court.

In this ORDER the Petitioner is placed on notice, that in the event the Court has not "received" a Certificate of service within 14 days, the Petitioner's Petition "shall" be dismissed for non-compliance with Rule, 21(a). AP. R. PROC. SEE: APPENDIX "C". Doc. C-13. ORDER FROM COURT OF APPEAL.

Here the Petitioner is compelled to point out to this Honorable Court, that in this Order, issued by ALABAMA's high Court, their literal wording, Specifically the word "Shall", is in no way misconstrued by the Petitioner to mean; maybe, sometimes, at your conveniece, or not necessarily, but in-fact means, "Shall." Once again the Petitioner is held to a higher standard of compliance than that of the State.

12, C-6.

<u>GROUND THREE:</u> continued.

In Ground One of this Petition there is Reference to the Courts of both Pike, and Coffee Counties, where in the Orders of the Court to deny the Petitioner's motions to to Dismiss, the Court Cites that "mere negligence" on the part of the State is excusable. How can the Circuit Court feasibly differentiate between the status of the State, and that of the Petitioner, when the Court's decisions are not supposed to be based on Race, gendre, social, eco-nomical, or professional status?

It should be noted that negligence on the part of the Petitioner would not have been tolerated. Furthermore, the State of ALABAMA has virtually dismissed, denied, and ignored, every Motion, Petition, or Request, that the Petitioner has submitted.

## "POSER"

The UNITED STATES GOVERNMENT had a plan. A bill was presented to Congress to be passed by an Act, as the (IAOA). The procedures and provisions were debated by men of vision. The Act was perfected, and then passed by Congress into Law. Mandated to protect the Constitutional Rights that were incorporated into it.

The States must have thought the Act was a good deal, because every state in the Union has adopted the Act, and man-dated it as well, as it protects both U.S. and State Constitutional Rights.

12, C-7.

<u>GROUND THREE</u>: continued.

The (IADA) is no little thing. It is perceived by both Federal and State Government as, the "law of the land," as there are no individual differences incorporated into it by the seperate states. The provisions and procedures are identical, Regardless of state lines or borders. Thus the ability of the Federal Government, and the States, too, with little effort, abide by, and remain in compliance with, the Rules, procedures, and provisions they helped to perfect.

The question is: Why are the Petitioner, the State of ALABAMA, and the U.S. District Court of Appeals, debating an issue that that should have been Resolved by the Circuit Court of Pike County, ALABAMA?

The Petitioner perfected and presented all parties concerned with a copy of, "Certificate of Service", and copies of his supplimented Petition of Habeas Corpus / Belated Direct Appeal. in compliance with Alabama's Rule App. P. 21(a). However, on the <u>23rd</u> day of <u>February</u> 2006., the Criminal Court of Appeal for Alabama, treated Petitioner's Petition as a Mandamus, and Dismissed by Order. Then in an attempt to discourage the Petitioner from further litigation, the Court suggested his "Only remedy, if any", was Post-Conviction Relief.
SEE: <u>APPENDIX "C"</u>. Doc. <u>C-14</u>, <u>C-15</u>, and <u>C-16</u>., Notice to all parties/cert. of service, order from the court.

The Petitioner bases his following theory on prevailing Florida Rules of App. P., becauses, as of this date, he still has no access Alabama Rules of App. P. When filing Motions for Post-Conviction

12, C-8.

GROUND THREE: continued.

Relief, the Courts consistantly refuse to review issues that should have been addressed on Direct Appeal. The issue of the Interstate Agreement on Detainer Act, is such.

The Petitioner views this act, by the Court as yet another impediment by the State/Court in denying the Petitioner access to to the Courts. In review of the issues, Due Process under the law, the Petitioner has, at every turn, made a Good faith effort, and Honest effort, to afford the State an opportunity to review the Petitioner's claims. If nothing else, the State of Alabama is consistent!

On the 9th day of May, 2006., the Petitioner filed a Motion to Grant Leave to Proceed, to the Alabama Supreme Court. In the Petitioner's Motion he complied with Al. R. App. P. 21(a). The Petitioner used a cover page, addressed to all concerned parties, asking that the State of Alabama aide him in his endevor to access the Courts of said same State. Every person listed in the document Referenced below, Recieved a copy of this, the Petitioner's last Request for help from the State of Alabama.

SEE: APPENDIX "C". DOC. C-17. letter to all concerned parties.

In his Motion, the Petitioner asserted, in depth, all of the issues he intended to submit on Direct Appeal, should his Be-lated Appeal be granted. The Petitioner asked that the Court of Criminal Appeals of Alabama, either grant him Leave to Proceed, or grant a Rehearing in the Appellate Court based on the previously submitted Petition for Belated Appeal.

12, C-9.

<u>GROUND THREE</u>: continued.

On the <u>16th</u> day of <u>May</u>, 2006, the Criminal Court of Appeals for the State of Alabama issued an Order "Dismissing" the Petitioner's Motion.
SEE: <u>APPENDIX "C"</u>, DOC. <u>C-18</u>, ORDER, Dismissing Motion to Grant Leave.

The Petitioner asserts that, in his every attempt to access the Courts of Alabama, he has met with indifference from the Courts. His every Request of Alabama for assistance in his efforts for procedural correctness, has been ignored. Every branch of the offices of the Clerk of the Court, States Attorney, and the Courts, have thrown up every impediment possible to block the Petitioner's "Good Faith efforts".

The Petitioner has shown "Cause". The Petitioner has shown "Prejudice". The Petitioner has shown his claims to be Cognizable and Fundamental violations, of both Federal and State Laws/Rights protected by, the U.S. Constitution and the Alabama Constitution.

The Petitioner relies on the U.S. District Court of Appeals to grant a "full and fair" Review of the Petitioner's Claims. Further, the Petitioner has exhausted all of his State Remedies in the Direct Appeal process.

The foregoing Petition is Respectfully Submitted. This Concludes the Petitioner's presentation of Ground Three.

<u>Ground Three Summary</u>

The Petitioner has shown where his Counsel, the State, and the Courts, have thrown out every stumbling block possible, instead of a stepping stone before him. The Petitioner

12, C-10

## <u>Ground Three Summary</u>

is (EMPHASIS ADDED) a layman at the Law at best. And would ask, who is Responsible to see to it that the Petitioner has the information needed to properly, and procedurally access the Courts? It has been Stated that ignorance of the law is no excuse. However if access to the law is denied then is not that a Fundamental Violation of Due Process under the Law?

The Petitioner has made a Good Faith effort in trying to obtain Alabama's Rules of Court, from both the Sending State and the Receiving State. The Petitioner has made a Good Faith effort in affording the Receiving State ample ~~oppe~~rtunity to Review the issues.

From the <u>10th</u> day of <u>May</u>, 2005, up and to, the <u>16th</u> day of <u>May</u>, 2006, the State Courts have consistently dismissed the Petitioner's Motions for Review, instead of denying them upon Review. The Petitioner perceives this as a direct attempt to dissuade him in his Appeal process, by denying access to the State Courts for procedural errors that were unavoidable given the Petitioner's lack of access to, the Al. R. App. P., and Al. Crim. Code. By dismissing instead of denying, the Motions, Alabama could claim that the Petitioner has failed to exhaust all of his Remedies. However, a failure to exhaust, Relies on the ability to access the Courts.

In the case of the Petitioner, he has not been afforded that opportunity, or that Right. There is "Cause", and there is "Prejudicial error". The Petitioner's Claims are both Cognizable and Fundamental. He has been denied basic Rights protected by both the U.S. Constitution, and the Alabama Constitution. These Rights are not only Connected, but are intertwined by both the State and Federal Governments.

12, C-11

## Ground Three Summary

The Petitioner's Question is: Does the state Criminal Court Retain "Subjectmatter Jurisdiction" once it violates and fails to enforce the, "Law of the Land"? i.e. (IADA).

The Petitioner has entered the Federal Courts as his Only Recourse in this action. The validity of the plea, the Judgement and Sentence, and yes, every event that has taken place from the 17th day of February, 2005, unto the 16th day of May, 2006, has been perpetrated to deny the Petitioner a full and fair hearing.

The Congress of the U.S. Government, and the legislatures of the States, perfected and passed the Laws; they issue the Rules and Standards by which the Government impliments these Laws. It should be expected that the prosecutors, and the Courts, know and uphold these Laws and Rules that govern, so that the worry of "mere negligence," is not a factor to be considered.

Mistakes by the Prosecutors, or the Courts, should be corrected — not covered up.

This Petition is Respectfully Submitted;

by:

Howard Toole

This 8th day of September, 2006.    Howard G. Toole.  # 917683

12, C-12.

# APPENDIX A



## INTERSTATE AGREEMENT ON DETAINERS: FORM I

Three Copies. One copy of this form, signed by the inmate and the warden, should be retained for the institution file; one copy should be retained by the inmate; and a signed copy is to be mailed to Central Records, Central Office.

## NOTICE OF UNTRIED INDICTMENT, INFORMATION, OR COMPLAINT
## AND OF RIGHT TO REQUEST DISPOSITION

Inmate: __TOOLE, Howard G.__   No: __917683__

Institution: __APALACHEE CORRECTIONAL INSTITUTION-WEST UNIT__

Pursuant to the Agreement on Detainers, you are hereby informed that the following are the untried indictments, informations, or complaints against you concerning which the undersigned has knowledge, and the source and contents of each:

__ROBBERY OF A PHARMACY: GJ-03-516__

You are hereby further advised that by the provisions of said Agreement you have the right to request the appropriate prosecuting officer of the jurisdiction in which any such indictment, information, or complaint is pending and the appropriate court that a final disposition be made thereof. You shall then be brought to trial within 180 days, unless extended pursuant to provisions of the Agreement, after you have caused to be delivered to said prosecuting officer and said court written notice of the place of your imprisonment and your said request, together with a certificate of the custodial authority as more fully set forth in said Agreement. However, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Your request for final disposition will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against you from the state to whose prosecuting official your request for final disposition is specifically directed. Your request will also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein and a waiver of extradition to the state of trial to serve any sentence there imposed upon you after completion of your term of imprisonment in this state. Your request will also constitute a consent by you to the production of your body in any court where your presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which you are now confined.

Should you desire such a request for final disposition of any untried indictment, information, or complaint, you are to notify the **Classification Supervisor** of the institution in which you are confined.

You are also advised that under provisions of said Agreement the prosecuting officer of a jurisdiction in which any such indictment, information, or complaint is pending may institute proceedings to obtain a final disposition thereof. In such event, you may oppose the request that you be delivered to such prosecuting officer or court. You may request the Governor of this state to

DC6-139 (Revised 9-02)

disapprove any such request for your temporary custody, but you can not oppose delivery on the grounds that the Governor has not affirmatively consented to or ordered such delivery. You are also statutorily entitled to the procedural protections provided in state extradition laws.

Dated: _8/3/04_    Signature: _____

(Warden)

Typed Name:    AL SOLOMON
Institution:    APALACHEE CORRECTIONAL INSTITUTION
Address:    35 APALACHEE DRIVE
City/State:    SNEADS, FLORIDA  32460
Telephone:    850-593-6431  EXT: 104

Inmate Signature: _____    Dated: _8/3/04_
Typed Name:    HOWARD G. TOOLE    No: _917683_
Witness Signature: _____    Dated: _8/3/04_
Typed Name & Title    W. A. JOHNSON, CPO



# INTERSTATE AGREEMENT ON DETAINERS: FORM II

Six copies, if only one jurisdiction within the state involved has an indictment, information, or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One signed copy is to be retained by the inmate and one copy is to be retained for the institution file. Four signed copies are to be sent to the Florida Agreement Administrator, who will forward copies to the Agreement Administrator in the receiving state, the prosecuting official in the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter and retain one copy for Central Records, Central Office. The copies to the prosecuting officials and the court must be transmitted by certified or registered mail return receipt requested.

## INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS

TO: __GARY L. MCALILEY__  Prosecuting Officer, __COFFEE__
__COUNTY__  Court __DISTRICT__
_____(Jurisdiction)  _____(Jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations, or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in __APALACHEE__
__CORRECTIONAL__ Institution in __SNEADS__ (City) __FLORIDA__ (State)
and hereby request that a final disposition be made of the following indictments, informations, or complaints now pending against me: __ROBBERY OF A PHARMACY: GJ-03-516__
_____

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, may result in the invalidation of the indictments, informations, or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charges or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to sender.

The required Form III, Certificate of Inmate Status and Form IV, Offer to Deliver Temporary Custody are attached.

Dated: __5/5/04__    Inmate's Signature: _____
Typed Inmate's Name & No.: __HOWARD G. TOOLE  - DC# 917683__
Witness Signature: _____ __CPO__
Typed Name and Title: __W. A. JOHNSON, CPO__

DC6-140 (Revised 9-02)

## INTERSTATE AGREEMENT ON DETAINER   FORM III

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, a copy of this form should be sent to the prosecutor upon receipt of Form V. Copies should also be sent to all other prosecutors in the same state who have lodged detainers against the inmate.

## CERTIFICATE OF INMATE STATUS

RE: Inmate   TOOLE, HOWARD G.          No:   917683

Institution:   APALACHEE C.I.-WU      Address:   52 WEST UNIT DRIVE, SNEADS, FL 32460

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the inmate above-named is being held:
   7 YEARS

2. The time already served:   534 DAYS

3. Time remaining to be served (TRD):   12/25/2009

4. The amount of good time earned:   40 DAYS

5. The date of parole eligibility of the inmate:   N/A

6. The decisions of the Board of Parole relating to the inmate:   N/A

7. Maximum expiration date under present sentence:   02/03/2010

8. Detainers currently on file against this inmate from your state are as follows:
   ROBBERY OF A PHARMACY:  GJ-03-516  (COFFEE COUNTY)

Dated:   8/3/04          Signature:   _____
                                              (Warden)

Typed Name:   AL SOLOMON
Institution:   APALACHEE CORRECTIONAL INSTITUTION
Address:   35 APALACHEE DRIVE
City/State:   SNEADS, FLORIDA 32460
Telephone:   850-593-6431  EXT: 104   ext. 253

Bill Johnson
Classification officer   |   Carolyn
                              ext. 255

DC6-141 (Revised 9-02)

# INTERSTATE AGREEMENT ON DETAINERS:  FORM IV

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor, this form should be completed after the Governor has indicated his/her approval of the request for temporary custody, expiration of the 30-day period, after completion of Form V-B, and/or successful completion of a (Cuyler v. Adams) hearing. Copies of this form should then be sent to all officials who previously received copies of Form III. Copies mailed to the prosecutor will be sent by certified or registered mail, return receipt requested.

## OFFER TO DELIVER TEMPORARY CUSTODY

TO:  GARY L. MCALILEY _____ Prosecuting Officer, __8/3/04__ Date
DISTRICT COURT, COFFEE COUNTY _____ Jurisdiction,
and to all other prosecuting officers and courts of jurisdiction listed below from which indictments, informations, or complaints are pending.

RE: Inmate  TOOLE, HOWARD G. _____ No:  917683 _____

Dear Sir:

Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named inmate to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information, or complaint which is (Check appropriate box) [ ] described in the attached inmate's request. [ ] described in your Form V request.

The required Form III, Certificate of Inmate Status, is enclosed.

Indictments, informations, or complaints charging the following offenses are ALSO pending against the inmate in your state, and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purpose of disposing of these indictments, informations, or complaints.

| OFFENSE | COUNTY OR OTHER JURISDICTION |
|---|---|
| ROBBERY: 2003-000133 | PIKE COUNTY |
| | |
| | |

DC6-142 (Revised 9-02)

Continued →

**If you do not intend to bring the inmate to trial, please inform us as soon as possible.**

**Kindly acknowledge.**

Dated: _8/3/04_    Signature: _____

(Warden)

Typed Name:    AL SOLOMON
Institution:    APALACHEE CORRECTIONAL INSTITUTION
Address:    35 APALACHEE DRIVE
City/State:    SNEADS, FL  32460
Telephone:    850-593-6431  EXT: 104

Inmate has indicated the following (Circle A or B)

A.    My Counsel is _____
     Whose Address is _____

B.    I request the court to appoint counsel.
     Inmate's Signature: _____

DC6-142 (Revised 9-02)

NEWLY MARKED; APPENDIX "A"
DOCUMENT A-5

APPENDIX "C"
~~DOCUMENT C-10~~



CERTIFIED MAIL

7001 0320 0002 0684 4919

Clerk of the Court
Coffee County Courthouse
Enterprise, AL 32460

8/24

1284

Florida Dept of Corrections
2601 Blair Stone Road
Tallahassee, FL 32399-2500



36330/2607

Delivered
8-24-04
at 10:33. AM

However, Petitioner caused
to be delivered on 8-3-04

NEWLY MARKED APPENDIX "B"
DOCUMENT A-5(a)



FLORIDA
DEPARTMENT of
CORRECTIONS

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

*An Equal Opportunity Employer*

2601 Blair Stone Road • Tallahassee, FL 32399-2500

http://www.dc.state.fl.us

August 19, 2004

**REGISTERED MAIL**

The Honorable Mark E. Fuller
District Attorney
98 N Edwards St.
Enterprise, AL  36330

Dear Mr. Fuller:

Re: Howard G. Toole        FL No: 917683

Enclosed are Interstate Agreement on Detainers Forms II, III, and IV for the above referenced inmate who is requesting disposition of charge(s) on Form II.  Should you intend to return the above inmate for prosecution, send Interstate Agreement on Detainers Forms VI and VII to Apalachee Correctional Institution, 35 Apalachee Drive, Sneads, FL  32460.

By copy of this letter and upon receipt of Forms VI and VII, the institution is authorized to transfer the inmate to your agent's custody.  Please have your agent contract W.A. Johnson, phone 850-593-6431 Ext. 104, prior to arrival to assure that all forms are in order and that the inmate is available for transfer.  Please call between the hours of 8:30 AM – 4:30 PM, Monday through Friday.

All jurisdictions in your state who are listed on the enclosed Form IV also must dispose of their charges while the inmate is in Alabama.  All prosecutors involved are to file Interstate Agreement on Detainers Form VII with our office.

Upon completion of court proceedings, the inmate must be returned to Florida.  Interstate Agreement on Detainers Form IX is to be sent to advise disposition of charges.

If you do not wish to prosecute, let us know and your detainer will be returned.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DMT/af
Enclosures



Cc:    Clerk of the Court, Coffee County Courthouse, Enterprise, AL  32460
       Apalachee CI, Attn: Classification
       AL IAD Administrator
       File

*NEWLY MARKED: APPENDIX "A"*
*DOCUMENT A-6*
*APPENDIX C*
*DOCUMENT C-1*

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                    *

     PLAINTIFF,                    *

VS.                                  *          CASE NOS. CC-2005-155
                                                          CC-2005-156
HOWARD G. TOOLE,                     *

     DEFENDANT.                    *

<u>ORDER</u>

Defendant being before the Court for arraignment, he did enter pleas of not guilty. Cases set for trial during the criminal jury term commencing April 26, 2005.

DONE THIS THE 22nd day of February, 2005.

_____
CIRCUIT JUDGE



*NEWLY MARKED, APPENDIX "A"*

*Hearing Exhibits & Case Law*

*APPENDIX "B" DOCUMENT B*

NT of

)NS

Governor
**JEB BUSH**

Secretary
**JAMES V. CROSBY, JR.**

)

http://www.dc.state.fl.us

December 27, 2004

The Honorable Mark E. Fuller
District Attorney
98 N. Edwards St.
Enterprise, AL  36330

Dear Mr. Fuller:

Re: Toole, Howard G.            Florida DC# 917683

Please refer to your file on the above named Florida inmate who has requested return for trial in your jurisdiction under the Interstate Agreement on Detainers over 90 days ago.

Please advise whether or not you plan to accept temporary custody of our inmate within the 180 days time frame allowed.

Sincerely,

David M. Tune
Correctional Programs Administrator
Interstate Compact Services

DT/af

c:  Clerk of the Court, Coffee County Courthouse, Enterprise, AL  36330
    ACI - West, Attn: Classification
    Inmate file

*NEWLY MARKED, APPENDIX "A"*
~~Document, pg 8.~~
~~"APPENDIX B"~~
~~Document D-1~~

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA      *
                             *
                             *
VS.                       *      CASE NO CC 2005-149
                             *
HOWARD GLEN TOOLE,     *
DEFENDANT.            *

━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━ ━

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA      *
                             *
                             *
VS.                       *      CASE NOS. CC 2005-155 & 156
                             *
HOWARD G. TOOLE,       *
DEFENDANT.            *

## MOTION TO SUPPLEMENT RECORD

Comes now the Defendant by and through counsel and motions the court to supplement the record as follows:

1. The Defendant would represent as statements of fact that since the date of Defendant's request for disposition of detainers the following criminal jury terms were scheduled in the Twelfth Judicial Circuit:

     A. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning September 13, 2004 (two week term);

     B. A criminal jury tem in Pike County, Alabama beginning November 8, 2004 (two week term);

     C. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning January 10, 2005 (one week term);

2. The State had ample opportunity to return the Defendant to the State of Alabama to dispose of the indictments pending in the Twelfth Judicial Circuit (Pike and Coffee Counties) since the date of demand;

*NEWLY MARKED, APPENDIX "A"*
*Document 19-8,(0),*
*APPENDIX "D"*
*DOCUMENT D-2*

→ 3. The State has ADMITTED in response to the Defendant's motion to dismiss the indictments that more than 180 days have lapsed since the Defendant gave notice under the Disposition of Detainers Act.

Steve Blair     BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 12th day of April 2005.    *13th*

Steve Blair
Attorney for Defendant


IN THE CIRCUIT COURT FOR
PIKE COUNTY. ALABAMA

STATE OF ALABAMA               *
                               *
                               *
VS.                            *       CASE NO CC 05-155 & 156
                               *
HOWARD GLEN TOOLE,             *
DEFENDANT.                     *

## MOTION TO DISMISS INDICTMENTS

 Comes now the Defendant by and through counsel and moves the court to dismiss the indictments against the Defendant for and on the following grounds:

 1. Article III of the Uniform Mandatory Disposition of Detainers Act, Section 15-9-80 Code of Alabama requires that the Defendant, "…be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court…his request for a final disposition of indictment;"

 2. The Defendant caused such notice to issue on or about August 3, 2004;

 3. That more than 180 days have lapsed since the date of notice.

 WHEREFORE, the Defendant moves the court to dismiss the captioned indictments.

       _____
       Steve Blair     BLA 045
       Attorney for Defendant
       111 East College Ave.
       Enterprise AL 36331
       334-308-5375

### CERTIFICATE OF SERVICE

 I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 28th day of February, 2005.

       _____
       Steve Blair
       Attorney for Defendant

MAR 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

STATE OF ALABAMA,                )   IN THE CIRCUIT COURT OF
                                 )
              PLAINTIFF,          )   PIKE COUNTY, AL
                                 )
VS.                              )
                                 )   CASE#: CC-2005-155 & 156
HOWARD GLENN TOOLE,              )
                                 )
              DEFENDANT.         )

### STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENTS

**COMES NOW** the State of Alabama by and through Thomas

Anderson, Assistant District Attorney, and in response to the Defendant's

Motion to Dismiss Indictments replies on grounds which are as follows:

1. The State admits that those averments set forth in Defendant's motion are in fact true. However, the Defendant has been an inmate of the Holmes County Jail and the Apalachee Correctional Institution, both of Florida, since February of 2003. As a result of the Defendant's out of state incarceration, he has been unavailable to the State of Alabama for prosecution.

2. On February 12, 2004, this Defendant was convicted of ROBBERY WITH A DEADLY WEAPON, CASE NO. 2003-80, Holmes County, Florida; AGGRAVATED BATTERY WITH A DEADLY WEAPON, CASE NO. 2003-80, Holmes County, Florida; AGGRAVATED ASSAULT WITH A WEAPON, CASE NO. 2003-81, Holmes County, Florida AND FLEEING A LAW ENFORCEMENT OFFICER, CASE NO. 2003-81, Holmes County, Florida.

3. The Defendant was sentenced to a term of seven years in the Florida state penitentiary with 372 days credit for time spent in custody awaiting disposition of the aforementioned cases. The Defendant is scheduled for release from the Apalachee Correctional Institution on the 25th day of December, 2009.

*NEWLY MARKED APPENDIX "A"*
*DOCUMENT A-10, (2).*
*APPENDIX "C"*
*DOCUMENT C-6*

3. Given the Defendant's convictions for which he is now sentenced in Florida, his unavailability to State prosecution and the gravity of the offenses for which he is now charged, the State contends that it is in the interest of no one that Defendant's indictments be dismissed.

   **WHEREFORE**, the State prays that this Honorable Court **DENY** the Defendant's Motion to Dismiss Indictments and continue this matter for placement on the next available trial docket.

   *Done this the 2nd day of March, 2005.*

Thomas T. Anderson (AND086)
Assistant District Attorney
Twelfth Judicial Circuit

### CERTIFICATE OF SERVICE

   I, Tom Anderson, Assistant District Attorney, hereby certify that the foregoing has been served upon Hon. Steve Blair by placing a copy of same in the United States Mail, first class postage prepaid on this the 2nd day of March, 2005.

Thomas T. Anderson

*Handwritten annotations:* NEWLY MARKED APPENDIX "A" DOCUMENT, A-11    APPENDIX "C" DOCUMENT C-7

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| PLAINTIFF, | * | |
| VS. | * | CASE NOS. CC-2005-155 & -156 |
| HOWARD GLEN TOOLE, | * | |
| DEFENDANT. | * | |

## ORDER

These causes comes before the Court upon the Defendant's motion to dismiss indictment for non-compliance with the provisions of the "UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT", §§ 15-9-80 et seq., *Alabama Code* (1975). Specifically, Defendant contends that the herein indictment, charging him with two counts of Robbery, First Degree, is due to be dismissed because the State of Alabama failed to comply with Article III of said act by bringing him to trial within 180 days after he issued the required notice. Said motion is without merit, as Defendant's offered exhibit entitled "INTERSTATE AGREEMENT ON DETAINERS: FORM II" affirmatively reflects that Defendant's statutory notice sought only disposition of detainer on a charge of "ROBBERY OF A PHARMACY: GJ-03-516", then pending in the District Court of Coffee County, Alabama. It is immaterial that by "FORM IV: OFFER TO DELIVER TEMPORARY CUSTODY", the Florida correctional authorities also gave notice that Defendant had pending a charge of "ROBBERY: 2003-000133 in PIKE COUNTY". <u>Strict technical compliance</u> with the notice provisions of the Act is required of Defendant.

Conceivably, Defendant might argue that he is entitled to a dismissal of the charges on the basis that he has been denied a speedy trial. Thus, in ruling upon his motion to dismiss, the Court makes

*NEWLY MARKED APPENDIX "A" ~~APPENDIX "C"~~*
*DOCUMENT, A-11, (a).*
~~DOCUMENT C 8~~

additional factual findings as follows:

1.  The Defendant was arrested on the indictment and returned to Alabama on <u>February 17, 2005</u>, of which the undersigned was made immediately aware. Such was within 180 days after receipt of official notice of his request for disposition of the detainer directed to his Coffee County charge of Pharmacy Robbery, First Degree. Defendant communicated to the arresting officials his intent to plead guilty to the charged offenses, as well as his desire to speak with an attorney. This information was also communicated to the undersigned, and arrangements were made for Defendant's present appointed counsel to meet with him at the Coffee County Jail the next day. Due to Monday being a state holiday, arraignment on the indictment was scheduled and conducted the Tuesday following, <u>February 22, 2005.</u> Defendant entered pleas of "*not guilty*", which have subsequently been amended to "*not guilty and/or not guilty by reason of mental disease or defect*". There is also pending an accompanying motion by Defendant for a mental evaluation and competency determination, which said request is granted by separate order entered contemporaneously herewith. Defendant's cases are set for trial during the criminal jury term commencing <u>April 26, 2005,</u> which is the next and most immediate scheduled jury term at which he can be tried.

2.  The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets. The Defendant's cases have been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3.  The Defendant is under a 7-year sentence of incarceration in the

State of Florida, and cannot commence service of any consecutively imposed sentences from the State of Alabama until completion of his Florida sentence on December 25, 2009. As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until April, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed. Neither has he demonstrated that there has been deliberate prosecutorial delay in bringing him to trial.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied, separately and severally.

DONE THIS THE 18th day of March, 2005.

_____
CIRCUIT JUDGE

# APPENDIX B

NEWLY MARKED; APPENDIX "B" CC 05-156
DOCUMENT B-1
~~APPENDIX "C"~~
~~DOCUMENT C-5~~

---

**INDICTMENT**

---

# THE STATE OF ALABAMA
## PIKE COUNTY

IN CIRCUIT COURT
MAY TERM, 2003

### The Grand Jury of said County charges that before the finding of this indictment that,

HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Four Seasons, L.L.C., use force or threaten the imminent use of force against the person of the said Bobby Sheppard, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama, Against the Peace and Dignity of the State of Alabama; and,

### OFFENSE 2

The Grand Jury of said county charges that before the finding of this indictment that, HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Russell Oil Company, Inc., a corporation, doing business as 87 Amoco, use force or threaten the imminent use of force against the person of the said Pamela Bujnowski, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama.

Gary L. McAliley District Attorney for
Twelfth Judicial Circuit

NEWLY MARKED: APPENDIX "B" APPENDIX "G"
DOCUMENT 13-2     DOCUMENT 14

**INDICTMENT**

## THE STATE OF ALABAMA
### COFFEE COUNTY
### ENTERPRISE DIVISION

**IN CIRCUIT COURT**
**AUGUST TERM, 2003**

**The Grand Jury of said County charges that before the finding of this indictment that,**

HOWARD GLENN TOOLE, whose name is to the Grand Jury otherwise unknown, did, in the course of committing a theft of a controlled substance, to-wit: Fourteen (14) bottles of Oxycontin, the property of, to-wit: Martin Colley Drug Company, Inc., a corporation, from a pharmacy, to-wit: Martin Colley Drug Company, Inc., a corporation, use force or threaten the imminent use of force against the person of the said Jean Yates, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the controlled substance, while the said HOWARD GLENN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-51 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama

Gary L. McAlley District Attorney for
Twelfth Judicial Circuit

NEWLY MARKED APPENDIX "B"
DOCUMENT B-3

~~APPENDIX "C"~~
~~DOCUMENT C-7~~

SEE REVERSED SIDE

**GRAND JURY NO. 2003-516**

**A TRUE BILL**

**GRAND JURY FOREPERSON**

Presented in open Court by the
Foreperson of the Grand Jury in the
presence of at least twelve other
members of the Grand Jury

James M. Counts, Clerk of the Circuit
Court of COFFEE County, Twelfth Judicial
Circuit of Alabama.

Filed this the _____ 19th _____ day of
_____ Aug _____ 2003.

Bail in each offense in this indictment is
fixed at $ _____ 100,000 _____ for a total bail
for this indictment of $ _____ 100,000 _____ .

[   ] Continuing bond

**Judge Presiding**

**THE STATE OF ALABAMA**

**COFFEE COUNTY**

**CIRCUIT COURT**

**AUGUST    TERM, 2003**

**THE STATE**

**vs.**

**HOWARD GLENN TOOLE**

**OFFENSE(S)**

**PHARMACY ROBBERY FIRST DEGREE**

**INDICTMENT**

*NEWLY MARKED : APPENDIX "B"*
*Document, B-4*

*APPENDIX "G"*
*Document G-8*

# IN THE CIRCUIT COURT FOR
# PIKE COUNTY, ALABAMA

STATE OF ALABAMA      *

     *

     *

VS.      *     CASE NOS. CC 2005-155 & 156

     *

HOWARD G. TOOLE,      *

DEFENDANT.      *

## MOTION TO SUPPRESS

Comes now the Defendant and moves the Court to suppress any and all extra-judicial statements made by the Defendant to law enforcement officer(s) for and all the following grounds:

1. The Defendant did not knowingly, intelligently and voluntarily waive his right to remain silent;

2. The Defendant did not execute a written waiver of his rights;

3. The Defendant suffers from a mental disease and defect such that he could not have knowingly, intelligently and voluntarily waive his rights;

4. That the Defendant did not knowingly, intelligently and voluntarily make any statements to law enforcement officer(s).

Steve Blair     BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 17th day of April 2005.

Steve Blair
Attorney for Defendant

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
## HEALTH INFORMATION/TRANSFER SUMMARY

Transferring FROM: *Apalachee C.I./use*   DATE: *3-17-05*

TIME: _____

Transferring TO: *Coffee Co, Alabama*

| Date of last physical/Periodic screening *3/1/2004* | PPD date/results *3-12-04* (⊖) | Allergies *Thorazine, Haldol* | | Current treatments |
|---|---|---|---|---|

| | **M** | **S** | **W** | **T** | Impairment (if applicable) | | | | (Activate in GH08) |
|---|---|---|---|---|---|---|---|---|---|
| | *2* | *3* | *1* | *1* | **P** | **H** | **E** | **S** | **SINGLE DOSE (SD)** |

Current medical problems (include explanation of profile if other than Medical Grade I)

*HTN    Hx of MI 2002*
*Angina*

Current mental health problems  *Dysthymic disorder R/o Major depression*

Current dental problems

Deformities, evidence of injury/trauma/disabilities or other physical limitations

| Medication(s) (include psychotropics) | Dose | Pending appointments/consults | | | Date |
|---|---|---|---|---|---|
| *Prozac* | *40 mg QPM* | Medical | ☐ No | ☐ Yes | |
| *Seriquel* | *300 mg QPM* | Dental | ☐ No | ☐ Yes | |
| | | Mental Health | ☐ No | ☐ Yes | |
| | | Chronic Illness Clinic: | | | |
| | | Cardiovascular ✓ | Endocrine ___ | | *due 5/10/05* |
| | | Miscellaneous ___ | Neurology ___ | | |
| | | Respiratory ___ | Tuberculosis ___ | | |
| | | Immunity ___ | Oncology ___ | | |
| | | Gastrointestinal ___ | Renal ___ | | |

Medication accompanying inmate? ☐ No ☐ Yes ☐ 7 days ☐ 30 days    EOS HIV test done? ☐ Yes ☐ No ☐ Not Due

Pending diagnostics (including lab work)

Tested/treated for STD (type, date, treatment)  *RPR - 2/25/04 non-reactive*

Therapeutic diet?  ☒ No   ☐ Yes   If yes, describe:

| Hospitalization within past year? ☒ No ☐ Yes<br>☐ Physical problem   ☐ Mental health problem<br>Explain (include dates)<br>☐ No medical or mental health holds | Passes:<br><br>Reissues: |
|---|---|

| Psychotropic medication within past year?<br>☐ No  ☒ Yes | Self-injurious or suicidal behavior within past year?<br>☒ No ☐ Yes  Date: | Currently on suicide watch/precautions?  ☒ No  ☐ Yes |
|---|---|---|

Signature/Stamp
Clinician or Nurse Reviewing Chart   *R Pittman, SRN*

DC4-730 *Problem List* updated?  ☐ No  ☐ Yes  ☐ N/A

C-917683  TM 99 02/25/2004 ___
TOOLE, HOWARD GLENN   ___
W/M DOB 08/31/1954 (49)  TT ___

For additional space, use reverse side
This form is not to be amended, revised, or altered without approval
of the Deputy Director of Health Services Administration

HEALTH INFORMATION/TRANSFER SUMMARY
DC4-760 (3/04) (Page 1 of 2)

*NEWLY MARKED, APPENDIX "B"*    ~~APPENDIX "C" DOCUMENT 6-9~~

11-20-05

Howard Toole #917683 I2-102
Apalachee Correctional Inst.
52 West Unit Drive, West
Sneads, Florida, 32460

Hon. Steve Blair, Esq.
111 East Collage Ave.
Enterprise, Ala. 36323

RE: Case No. CC-2005-149, 155, 156.
    Case File Request.

Mr. Blair,
    I Respectfully Request that you send me a copy of the case file for the above mentioned cases; To include, any and all motions you filed on my behalf, as well as disposition of those motions. Namely: Three motions to dismiss charges in both Coffee and Pike Counties. Also for motion to evaluate Mental defect or disorder. Also any and all transcripts of hearings as well as states discovery.
    I filed a motion in the Enterprise Circuit Court for Belated Appeal well over 90 days ago. I just Received notice from the Clerk of the court that Enterprise Div. lacked jurisdiction. That I had to file in the Appellate Court of Ala. I would ask that you send me the address of the proper Court.

-1-

*NEWLY MARKED, APENDIX "B"*
*Document, B-7.*

*APPENDIX "C"*
*~~DOCUMENT C-10~~*

My direct appeal is based on the three motions to dismiss that you filed for me preserved on the face of the Record in accordance with the Interstate Agreement on detainers Act. With Regard to, V, VI, and XIV amendments to the Constitution.

Respectfully Submitted;

Rowand Toole

# 917683, I2-102-5
Apalachee Correctional Inst,
52 West Unit Drive, West
Sneads, Florida 32460

C.C. personal file

In Regard to Cost of copies and postage; if you would but send me a bill, I will be happy to Reimburse your expenses.

*NEWLY MARKED, APPENDIX "8" Document G-16*
*Document, B-8*

Howard C. Toole
#917683, I2-102-8
Apalachee Corr. Inst.
52 West Unit Drive, W.
Sneads, Fl. 32460

Hon. Mr. Steve Blair, Esq.
Attorney at law
111 E. Collage Ave.
Enterprise, Al. 36330

RE: Case No. CC-2005-149, 155, 156

Dear Sir,
I am in receipt of your letter, and I app-
reciate your quick reply. However, you did not
send me the information I requested. I need a
copy of my case file, to include the three
motions to dismiss. The date and location that
the hearing was held and argued. The date and
location on which the hearing was held to deny
the motions. As well as a copy of the certif-
icate of receipt signed by the Clerk of the
Court, for notification of demand of disposition
of indictments. All of which are well within
the previsions of the "Interstate Agreement on
Detainer Act," (IADA). This is an issue that is
preserved on the face of the record. According to
the state of Florida I am well within my
rights to appeal this issue as it creates a

-1-

NEWLY MARKED; APPENDIX "B"
Document, B-9.

Question of Federal Law, and mandated by
the United States as Amicus Curiae. I must
however exaust my lower tribunal Remedies
before entering the Federal Courts.

I appreciate your help and cooperation.
I wish you and yours all the best during
this Holiday Season.

Respectfully,

Travail Toile
#917683, IZ-102-S
Apalachee Correctional Inst.
52 West Unit Drive, W.
Smeads, Florida 32460

Suspense date:

APPENDIX "G"
Document G-16

NEWLY MARKED; APPENDIX "B"
Document, B-10.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Steve Blair, Esq.
Atty. of Law
111 E. Collage Ave.
Enterprise, Al. 36330

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery
1/6/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7000 0030 0000 6746 9729

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

---

Dec. 29, 2005
Certified letter

7002 2030 0000 6746 9729

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

| | |
|---|---|
| Postage | $ |
| Certified Fee | .30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $4.05 |

Sent To  Steve Blair, Esq.
Street, Apt. No. or PO Box No.  111 E. Collage Ave.
City, State, ZIP+4  Enterprise, Al 36330

PS Form 3800, June 2002     See Reverse for Instructions

SNEADS FL
USPS 30 2005
32460

7002 2030 0000 6746 9729

*APPENDIX "B"*
*Document, B-11*

## IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,          *

      PLAINTIFF,         *

VS.                     *  CASE NOS. CC-2005-155 & -156

HOWARD GLENN TOOLE,     *

      DEFENDANT.         *

### GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of "NOT GUILTY" and "NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT" and to be re-arraigned. Upon arraignment, the Defendant entered pleas of GUILTY to the two charged offenses of Robbery, First Degree, each in violation of § 13A-8-41, *Code of Alabama* (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crimes charged against him and the range of penalty for said offenses. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis for the pleas and/or being of the opinion that the Defendant fully

understands the significance of same, accepts his pleas of guilty. The Defendant is pronounced and declared **GUILTY** of two counts of Robbery, First Degree, each in violation of § 13A-8-41, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a statement in his own behalf before sentencing and was further asked if he had anything to say as to why the sentence of the law should not be imposed; and (2) Given an opportunity to present evidence as to any matter probative in the issue of sentence and/or facts in mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence as to any matter probative to the issue of sentence and/or facts in aggravation or mitigation of any penalty that is to be imposed. The State made certain sentencing recommendations as per the parties' mutually agreed upon settlement.

After considering the settlement agreement offered, arguments of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid convictions of Robbery, First Degree, he is hereby sentenced in each case, upon the recommendation of the District Attorney, made pursuant to plea agreement, to serve twenty (20) years imprisonment in the Penitentiary of the State of Alabama, said sentences to run concurrently with one another and with like sentence imposed in Coffee County Case No. CC-2005-149. Pursuant to plea agreement and under the provisions of the *Alabama Split Sentence Act*, Defendant's

twenty year sentences are ordered split, with Defendant to initially serve five years thereof in the Penitentiary of the State of Alabama and the remaining fifteen years to be suspended and Defendant placed on five (5) years supervised probation. The five-year active part of defendant's twenty-year split sentences is consecutive to his penitentiary sentence in the State of Florida where he is presently serving seven years as active part of a twenty-two year split sentence. Defendant is jail credit from February 17, 2005, until present date as allowable time served while awaiting trial and/or disposition in this case, which said jail credit is to be applied toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentences, he is ordered in each case to pay to the Clerk of Court the following: restitution, if any later be taxed, costs, $50.00 to be distributed to the Alabama Crime Victim Compensation Commission, and full reimbursement of indigent attorney fees. The Court specifically reserves hearing and ruling upon the issue of restitution, with the State allowed 60 additional days to present supporting documentation of any claimed on behalf of the victim.

During the probationary phase of Defendant's sentences, conditions of his probation are as follows: (a) Defendant shall not commit a crime; (b) Defendant shall report to his probation officer as often as directed and abide by any special conditions of probation imposed by his supervising probation officer; and (c)

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Pike County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.



_____
CIRCUIT JUDGE

STATE OF ALABAMA,
PLAINTIFF

Vs.

_Howard Glenn Foote_,
DEFENDANT.

* IN THE _Circuit_ COURT OF
* _Pike_ COUNTY, AL
* _____ DIVISION
*
Case #: _CC05-155 & 156_

## SETTLEMENT AGREEMENT

After discussion and negotiation between counsel for the defendant, defendant and the prosecution, it is agreed, subject to acceptance by the Court that:

1. The defendant will enter a plea of guilty to the charge(s) of _Robbery 1st X2_
_____
_____

2. The prosecutor will recommend, and defendant agrees to accept a sentence of: _20 years split serve 5 yr_ _each case_ _Concurrent with_ _CC-05-149 + Consecutive to the time presently serving_ _____ $ Demand Reduction Assessment, $_____ Dept Forensic Science Fine, _____ months loss of driver's license,_____ CRO/SAP, $_____ FINE.

3. Whether sentence is Suspended?Split?Probation? _balance on prob. 5 years_

4. If probation is part of the agreement, Defendant will carry out all GENERAL conditions of probation. As a SPECIAL condition of probation, Defendant will pay court ordered moneys at the rate of $_____per _____ until court ordered moneys are paid in full.

5. Defendant will pay RESTITUTION in the amount of $ _reserve 60 days_ to the Clerk of Court for distribution to:_____

6. Defendant shall be ordered: to pay COSTS of court in each case; an assessment to the Crime Victim's Compensation Commission of $ _50_ AND defendant will ( )not be required to reimburse the State of Alabama for indigent attorney's fees.

7. Defendant affirmatively states Defendant reserves no issues for appeal. As a basis of this Settlement Agreement, Defendant waives/gives up any right of appeal in the above styled. Defendant acknowledges he is aware he has a right to demand a Pre-Sentence Report before Sentencing. Defendant expressly waives/gives up his right to demand a Pre-Sentence Report of Investigation before sentencing..

8. Defendant shall receive credit for time spent in custody while awaiting trial and/or disposition in this/these case(s)._____

9. No other terms or conditions related to judgment and sentence in this/these case(s) are agreed on or contemplated by the defendant or the prosecutor. The parties stipulate Defendant has _____proper, prior felony convictions which are to be used for enhancement of sentence.

_____
Signature of Defendant

_____
Signature of Defendant's Counsel

_____
Signature of Prosecutor

MAY 2005

5/10/05 James Peacock
Court Clerk
Pike Co., Ala.

Having reviewed the settlement agreement entered into by the defendant and the prosecutor, the Court hereby:
(✓) Accepts the Settlement Agreement and incorporates same in the judgment and sentence.
( ) Rejects the Settlement Agreement and modifies the terms as follows:_____
_____

_5-10-2005_          _Thomas E. Head, III_
Date                    Judge

| State of Alabama<br>Unified Judicial System<br><br>Form CR-52 (front)     Rev. 8/11/2000 | **EXPLANATION OF RIGHTS AND<br>PLEA OF GUILTY**<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>*CC2005 - 155*<br>☐ Count<br><br>*(count #, if applicable)* |
|---|---|---|

IN THE ___*Circuit*___ COURT OF ___*Pike*___, ALABAMA
   (Circuit or District)                         (Name of County)

STATE OF ALABAMA v. ___*Howard G. Toole*___
                                    **Defendant**

**TO THE ABOVE-NAMED DEFENDANT:** After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

**PENALTIES APPLICABLE TO YOUR CASE**

You are charged with the crime of ___*Robbery 1st*___, which is a Class ___*A*___ Felony. The court has been informed that you desire to enter a plea of guilty to ☒ this offense or ☐ to the crime of _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| **FELONY** | |
|---|---|
| **Class A** | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| **Class B** | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| **Class C** | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | **No<br>Prior Felonies** | **One<br>Prior Felony** | **Two<br>Prior Felonies** | **Three +<br>Prior Felonies** |
|---|---|---|---|---|
| **Class C Felony** | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| **Class B Felony** | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| **Class A Felony**<br>(No prior convictions for a Class A Felony) | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility of Parole Fine Up To $20,000 |
| **Class A Felony**<br>(One or more prior convictions for any Class A Felony) | 10—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15—99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than **20 years**; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than **10 years**;

☐ **Enhanced Punishment for Drug Sale Near School:** §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an <u>additional</u> penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and <u>the punishment imposed shall not be suspended or probation granted.</u>

☐ **Enhanced Punishment for Drug Sale Near Housing Project:** §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an <u>additional</u> penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and <u>the punishment imposed shall not be suspended or probation granted.</u>

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony <u>and the punishment imposed shall not be suspended or probation granted.</u>

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231(drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

Original - Court File       Copy - Defendant       Copy - District Attorney       Copy - Defense Attorney

NEWLY MARKED APPENDIX "B"
Document, B-17

APPENDIX "C"
Document C-22

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| | * | |
| | * | |
| VS. | * | CASE NOS. CC _05-155+156_ |
| | * | |
| HOWARD GLENN TOOLE, | * | |
| DEFENDANT. | * | |

## MOTION

Comes now the Defendant, by and through counsel, and motions the State to produce/respond to discovery as provided for by Rule 16.1 ARCrP.

Further, the Defendant makes known that he has filed a motion for mental evaluation and requests leave of court to amend his plea of NOT GUILTY to a plea of NOT GUILTY AND/OR NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT depending on the results of a court ordered mental evaluation.

_____
Steve Blair    BLA045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36330
334-308-5375

I hereby certify that I have served the District Attorney with a copy of the foregoing by first class mail (or by depositing a copy of same in the District Attorney's receptacle box located in the Office of the Clerk of Court) this the _23_ day of February, 2005.

_____
Steve Blair
Attorney for Defendant

MAR 2005
FILED
Brenda Meadows Peacock
Circuit Clerk
Pike Co., Ala.

# APPENDIX C

SCANNED
BK 9/13/06

**Coffee County Jail**
**#4 County Complex**
**New Brockton, Al.  36351**
**(334)894-6200**
**Zack Ennis, Administrator**

**13 July 2005**

*To Whom It May Concern:*

*Howard  C. Toole--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---DOB 8-31-1954  was incarcerated in this facility from 2-17-05 until 7-13-05.*

*Ruth Scheipe*
*Shift Supervisor*
*Coffee County Jail*

Petitioner was sentenced
May 10, 2005. 63 days
prior to return to sending
state.

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _I2-101-S_
Team Number: _____
Institution: _ACI-WEST_

(Instructions on Back)

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☑ Other _LAW LIBRARY_ |
|---|---|---|---|---|

| FROM: | Inmate Name _Toole, Howard G._ | DC Number _917683_ | Quarters _I2-101-S_ | Job Assignment _Houseman_ | Date _8-8-05_ |
|---|---|---|---|---|---|

**REQUEST**

I Just RETURNED FROM OUTSIDE COURT IN Coffee County, ALABAMA. I Filed an APPEAL PRO SE USING Florida Format FOR Direct APPEAL ASKING FOR LATITUDE IN FILING PROCEDURE. DOES The LAW LIBRARY HAVE ANYTHING THAT CAN HELP ME? Such AS The ALABAMA CRIMINAL Code, OR Rules OF CRIMINAL PROCEDURE. IF SO CAN You PUT ME ON CALL OUT. IF Not, CAN YOU DIRECT ME AS TO HOW I CAN GET THE HELP I NEED.

Thank You,
Howard Toole

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

———————— **DO NOT WRITE BELOW THIS LINE** ————————

**RESPONSE**                                                   DATE RECEIVED: _8/9/05_

Wed. 1-3:00

8-10-05

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): _T Kowiac LTA_ | Date: _8/9/05_ |
|---|---|

Distribution:   White   -Returned to Inmate       Pink   -Retained by official responding, or If the response is to an
Canary   -Returned to Inmate                  informal grievance then forward to be placed in inmate's file.

DC6-236 (Revised 8-00)

APPENDIX "C"

Document, C-3., page 1 of 3.

## LAW LIBRARY INTERLIBRARY LOAN REQUEST

**NAME & DC#:** Tode, Howard G. #917683     **DORM/BED:** F2-102-S

**INSTITUTION:** Apalachee Correctional Institution     **DATE SUBMITTED:** 12-09-05

**SPECIFIC REQUESTS:** Requests for court decisions, statutes, or rules from another state, or other primary source legal material not in any FDC law library collection will only be ordered from Florida State University Law Library if access to same is necessary to prepare legal documents for submission to courts that challenge judgements and sentences or prison conditions in the Department. Provide a written justification for the request in the space below.

**Complete Title:** First Degree Robbery - Direct Appeal

**Complete Citation:** § 13A-8-51 Code of Alabama (1975)

**Justification:**

CONTINUATION PAGES ATTACHED

**SHEPARDIZING/LEGAL RESEARCH:** Only submit requests to have Florida or federal cases Shepardized. Florida State University Law Library will not conduct legal research or Shepardize cases for inmates. For Shepardizing, provide the complete citation to be Shepardized and a detailed statement of the point of law being researched. Also state whether you are trying to find out if your cited case has been overturned, affirmed/upheld, distinguished, etc. For legal research, state the question, point of law, or legal issued to be researched. Include any information you already have on the subject and the legal resources you have already researched. (Attach continuation pages, if necessary.)

We Donot have this cite at our library, the above case has been sent to Santa Rosa CI to provide Info for you (cont.)

RECEIVED
DEC 19 2005
SANTA ROSA C.I.
LIBRARY

Forward to V.C.I. JP

Sent 12.9.05 WC

Rec. 12-12-23-05    DEC 2 3 2005 WC

---

### STAFF USE ONLY

**REQUESTING LAW LIBRARY:**

Request is: [✓] Approved    [ ] Disapproved

Reviewer: ___ Boulhac Sta 12-9-05

Is this a "Deadline" Request? [ ] Yes   [ ] No      If YES, Date of Deadline: _____

**CENTRAL OFFICE REVIEW (FSU REQUESTS):**

Request is: [ ] Approved    [ ] Disapproved

Reviewer: _____     Date _____

Reason for Disapproval:

DC5-152 (12/03)

INSTITUTION _Apalachee Corr. Inst._     CELL/DORM & BUNK _I-2-102-S_

NUMBER _#917683_  DATE _____

NAME _Howard D. Toole_

As justification to obtain the above mentioned information as well as the following information; I would submit, as follows:

I have given the Clerk of the Court, for the Enterprise Alabama Division Circuit Court to prepare the Record for Appeal. There are (3) three Charges of 1st degree Robbery. Citation, § 13A-8-51, code of Alabama (1975).

I would aver that the XVI (14th) Amendment to the U.S. Constitution entitles me to obtain such statutory authority as a Liberty interest is at stake, Whereas the sentences imposed in, Case No: CC-2005-149, 155, 156. render me ineligible to receive administrative gain time in the Florida Dept. of Corr. Such authority is necessary to meaningfully access the Alabama Courts so as to effect Appellate Review to these convictions, that I was arbitrarily denied by the state of Alabama.

1.) I need the Alabama Statute Annotated for "Interstate Agreement on Detainer Act."

2.) I need the Alabama R. Crim. P. for Criteria & format for filing "Belated Appeal."

3.) I need the Alabama R. Appellate P. for Criteria & format for filing "Direct Appeal."

4.) I need to know what statutes give me jurisdiction

5.) My appeal is based on Violations of V, VI, XIV Amendment to the constitution in Relation to "The interstate Agreement on Detainer Act."

APPENDIX "C"  Document C-3, Page 3 of 3.

INSTITUTION _Apalachee Corr. Inst._    CELL/DORM & BUNK _I2-102-Single_

NAME _Howard D. Toole_    NUMBER _#917683_  DATE _____

The (IADA) is an agreement between states which
must be enforced. I must have the afore mentioned
information if I am to be able to access the
courts in asserting my Right to appeal the judge-
ment and sentence in Alabama.

DC3-008

APPENDIX "H"
DECEMBER

NEWLY MARKED; APPENDIX "C"
Document, C-4.

In the Circuit Court of Coffee County,
Alabama, Enterprise Division

Howard G. Toole,
Appellant/Defendant

VS.

State of Alabama,
Appellee/Plaintiff

Case No. CC-2005-149
              CC-2005-155
              CC-2005-156

Petition/Notice of Belated Appeal
Notice For Appointment of Appellate Counsel
Motion to Proceed in Forma Pauperis

Notice is given that Appellant/Defendant,
Howard Glen Toole, by and through Himself, Pro
se, Pursuant to the Code of Alabama, Alabama
Court Rules, and State & Federal Constitutional
Provisions, Hereby Appeals the Guilty Plea and
Sentencing Order of this Court dated May 10,
2005; with a request for the Appointment of
Appellate Counsel, and to Proceed in Forma
Pauperis, for purposes of Direct Appeal. As Grounds
in Support thereof, The Appellant would show:

— 1 —

NEWLY MARKED; APPENDIX "C"
Document, C-5.

1. This is a Direct Appeal of the Judgment & Sentence of this Court, rendered May 10, 2005. The Appellant received thereof a Twenty year split sentence pursuant to a plea agreement.

2. Due to perhaps a clerical error in this Courts Guilty Plea, and Sentencing Order, The Appellant was misguided to believe He did not reserve any issues for purposes of Appeal. (See Exhibit "A" page 4.) of the Sentencing Order attached hereto.

3. To the contrary, upon review of the record, it is well established that Appellants Attorney, Steve Blair, did, infact, reserve a Speed Trial Violation issue reviewable by Direct Appeal in a Motion to Dismiss, filed in this cause. Whereas, Appellee violated Appellants Right to a Fast and Speedy Trial/Disposition, pursuant to Amendment (6th) of the U.S. Constitution, and Article V of the Agreement on Detainers. (SEE Exhibit "B", Interstate Agreement on Detainers Form, I through IV, Attached hereto.)

- 2 -

*NEWLY MARKED; APPENDIX "C"*
*Document, C-6*

4. Whereas, had the Court's order (as referenced in paragraph "2" above) not inadvertently misguided Appellant that He failed to "Reserve" Appellate issues, a timely Notice of Appeal Would have been filed.

5. Pursuant to the Alabama Constitution, The Federal Constitution, and <u>Douglas Vs. California</u>, 372 U.S. 353 (1963), The Appellant in the instant Case elects to pursue a Direct Appeal on the Judgment & Sentence of this Court and desires to exercise His Constitutional Right to a Court Appointed Appellate Counsel to help prosecute His Appeal thereof.

6. Appellant is a Layman and Unskilled in the Law. Therefore, it is Requested that while although the forgoing Petition may not conform to the Code of Alabama pleading Requirments, This Court should give Considerable latitude to Appellants "<u>Pro Se</u>" Pleading. The Federal Courts have Commonly Held, that <u>Pro Se</u> prisoners are generally unskilled in the Law and should not be held Accountable to a high standard of Pleading and Practice of an Attorney.

- 3 -

APPENDIX "H"
Document, H-9

NEWLY MARKED; APPENDIX "C"
DOCUMENT, C-7.

### 6. Continued

6. See <u>Haines vs. Kerner</u>, 92 S. Ct. 594 (1972); <u>McCoy vs. Newsome</u>, 953 F. 2d 1252 (11th Cir. 1992), See also <u>Gun vs. Newsome</u>, 881 F. 2d 949 (11th Cir 1989).

7. This Appellant Represents to this Court, under Oath and the penalties of Purjury; That He is insolvent, indigent and without funds (or property) to pay for the Appellant filing fee as may be Required, or for an Attorney to Represent Him in this matter on Appeal. Appellant has formally been declared insolvent by this Court.

8. Should this Court Require additional Pleadings to perfect the foregoing Notice of Appeal filed, please indicate or instruct the Appellate to do so by Order of the Court, I.E. Affidavit of Insolvency, Directions to the Clerk to prepare the Record on Appeal, or Otherwise.

9. This Petition is made in good faith.

~~APPENDIX "A"~~
~~Document, A-10~~

NEWLY MARKED: APPENDIX "C"
Document, C-8.

## Relief Requested

Wherefore, For the reasons expressed herein Above, The Appellant Respectfully Requests this Honorable Court to Grant Leave for a Direct Appeal in this Cause; Issue an Order Appointing an Appellate Attorney to Represent Him on Appeal; Issue an Order Declaring the Appellant Insolvent and to Waive Filing and Attorney's Fees Associated With Litigating an Appeal; and any other relief deemed just and appropriate by the Court.

Done and Executed on this 26 Day of July , 2005.

Respectfully Submitted,

Howard G. Toole
Appellant/Defendant
917683, Bunk I2-101-S
Apalachee Correctional Inst.
52 West Unit Drive, West
Sneads, Florida 32460

NEWLY MARKED; APPENDIX "C"
Document, C-9.

# Certificate of Notary

Before me, the undersigned Authority Personally appeared. Who, being Sworn and Duly Deposed, Says that the foregoing Motion For, Belated Appeal/Appointment of Appellate Counsel /To Proceed in Forma Pauperis, is made in good faith and on Information, Knowledge, and Beliefs that are true and accurate. Who is personally known to me, or who produced as Identification, a Florida Department of Corrections Inmate Identification Card, Bearing the number C-917683.

Sworn to and Subscribed before Me this 26 day of July, 2005.

_____
Notary Public, for the State of Florida

_____
Howard G. Toole, 917683, I2-101-S
Appalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

- 6 -

*APPENDIX "H"*
*DOCUMENT H-5*

*NEWLY MARKED; APPENDIX "C"*
*Document, C-10.*

*Exhibit D*
*Supplemented*

## IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA
### ENTERPRISE DIVISION

STATE OF ALABAMA,                    *

      PLAINTIFF,                   *

VS.                                  *          CASE NO. CC-2005-149

HOWARD GLENN TOOLE,                  *

      DEFENDANT.                  *

<u>ORDER</u>

The Court is without jurisdiction to act upon Defendant's petition/notice of belated appeal as same is untimely.

DONE THIS THE 7th day of November, 2005.

_____
CIRCUIT JUDGE



IN THE ALABAMA COURT OF CRIMINAL
APPEAL, FOR THE STATE OF ALABAMA

NEWLY MARKED:
APPENDIX "C"
DOCUMENT, C-11.

Howard B. Toole,
Appellant / Defendant

VS.                                    Case No.  CC - 05 - 149
                                                 CC - 05 - 155
                                                 CC - 05 - 156

STATE OF ALABAMA,
Appellee / Plaintiff

## Petition for Belated Appeal, Supplemented.

I Howard B. Toole, here and after referred to as
the Appellant, would offer too, this Honorable Court for
Review, this the Appellant's petition for Belated Appeal,
Pro Se. Appellant would stipulate that as a prisoner in
the State of Florida; he has no access to, Alabama litigat-
ion Manuals. Appellant is currently exausting my administra-
tive Remedies in a good faith effort to gain access to,
Alabama Rules Criminal Proceedures; Alabama Rules Appellate
Proceedures; The Alabama State Constitution; and The Alabama
Criminal Code. To date, Appellant has had no Success. How-
ever, Appellant knows that time is critical, as time on Fed-
eral Habeus Corpus is Running. Appellant would ask this Honor-
able Court to allow Appellant leeway in format and Content, in
an effort to present this his cause for the Courts Review.

Point in Question is whether Appellant should be granted a
Belated Appeal? Appellant would present the following statements
as a matter of fact for the Courts Consideration. On May
10, 2005, the Appellant entered a plea of guilty to the
Charges. From that day until July 13, 2005, the Appellant was
held in the Coffee County Jail without the benifit of legal Rep-
resentation, i.e. No guidence for filing a timely Appeal on the

- A -

"C". Document, C-12.    ~~Document # 14~~

issue of "Interstate Agreement on Detainers Act", (IADA), Violation. The Appellants efforts to conform to the Courts proceedures are being made in good faith. My only skills are an ability to articulate in plain language to the Court. I assure the Court that this Appellant will make every effort to become more proficient in my legal endevors. Please See: Exhibit, E, Supplemented.

The Appellant has previously submitted his petition to The Circuit Court of Coffee County Alabama. However, the court denied the petition on the grounds that it lacked jurisdiction. Please see: Exhibit, D, supplemented. The following motion is the only petition filed thusfar in this cause.

As clarification as to the suppliments, Exhibits, D and E are merely being added to the original petition as documentation in support thereof. The Appellant would ask that this Honorable Court accept jurisdiction and make a Ruling on this petition.

Respectfully Submitted

Howard C. Toole, # 917683, IK-102-S
Apalachee Correctional Institution
52 West Unit Drive, West
Sneads, Florida 32460

This 25 Day of January 2006.

- B -

# COURT OF CRIMINAL APPEALS ~~DOCUMENT H-15~~
## STATE OF ALABAMA

*NEWLY MARKED: APPENDIX "C"*
*DOCUMENT, C-13.*

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

The Court of Criminal Appeals ORDERS that the petitioner in this cause be and the same is hereby given 14 days from the date of this order to file a certificate of service with this Court evidencing his/her compliance with the service requirements of Rule 21(a) of the Alabama Rules of Appellate Procedure.  Rule 21(a) requires that the petitioner serve the respondent judge or judges and all parties to the action in the trial court with a copy of the petition.  The petitioner's certificate of service shall indicate the name and address of each person served with a copy of the petition, as well as the date and manner of such service.

Lastly, the petitioner is hereby placed on notice that in the event this Court has not "received" a certificate of service that conforms to the directives in this order within the 14-day period herein allowed, this petition shall be dismissed for non-compliance with Rule 21(a), Alabama Rules of Appellate Procedure.

**Done this the 1st day of February, 2006.**

H. W. "Bucky" McMillan, Presiding Judge
**Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney

IN THE CRIMINAL COURT OF APPEALS, IN AND
FOR STATE OF ALABAMA, MONTGOMERY ALABAMA

RE: HOWARD G. TOOLE VS. STATE OF ALABAMA, ENTERPRISE
DIVISION, COFFEE COUNTY CIRCUIT COURT: APPELLATE
CASE No. CR-05-0803, LOWER CASE No. CC-05-149,
CC-05-155, CC-05-156.

## NOTICE TO ALL CONCERNED PARTIES

In response to, ORDER issued by; ALABAMA
COURT OF CRIMINAL APPEAL, dated, Febuary 1ST, 2006.
Petitioner, in his attempt to come into complience with,
ALABAMA RULE OF APPELLATE PROCEDURE, Rule 21(a), hereby
serves the Respondent Judge, and all known parties
involved, a copy of the petition, previously submitted to
Clerk of the Court for Coffee County ALABAMA, along
with a Certificate of service, as well as a copy of
the supplimented portion of the petition;

Hon. H.W. McMillon, Presiding Judge
Hon. TROY KING, ATTORNEY GENERAL
Hon. LANE W. MANN, Clerk of APPELLATE COURT
Hon. Thomas E. HEAD III, Circuit Judge
Hon. GARY McALILY, District ATTORNEY, ENTERPRISE DIV.
Hon. JAMES M. COUNTS, Clerk Circuit Court

This petitioner asks this Honorable Courts indulgence,
as petitioner is an inmate in F.D.O.C., FLORIDA Depart-
ment of Corrections, with NO access to ALABAMA RULES
OF APPELLATE PROCEDURE, nor ALABAMA CRIMINAL Code.
Petitioner is relying on the institutions Law Library,
and its Law Clerks for assistence. Our Law Library
has NO ALABAMA LAW BOOKS, and our Law Clerks have

APPENDIX "H"
DOCUMENT, H-17

2 of 2

Newly Marked: APPENDIX "C"
Document, C-15

no knowledge of ALABAMA LAW. This petitioner has submitted to the institution an (I.L.L.) FORM. INTER LAW LIBRARY LOAN. This is in the hopes that another INSTITUTION MAY HAVE the information I need to properly litigate my appeal. This REQUEST was issued in October of 2005. With (emphisis added) for my Right to Due Process under the XIV AMEND, TO THE UNITED STATES CONSTITUTION.

The afore mentioned officers of the Coffee County Court, Enterprise Division, have Received a copy of the original petition for Belated Appeal. This petitioner now issues the supplemented portion of the petition to said officers in an attempt to conform to ALABAMA Rule APPELLATE Procedure, Rule 21 (a), as ordered by ALABAMA Court OF CRIMINAL APPEAL. This Rule, as all Rules of Al. App. P. are foreign in nature as the petitioner had/has no knowledge of, Al. APP. Rules. Please Note, pages 3 and 4, paragraph 6 of the petition.

As to all other parties to this action; petitioner issues a complete copy of the petition file in the ALABAMA Court of Criminal APPEAL. A Certificate of service accompanies these issuances.

This petitioner has not been provided with the addresses of these officials. However, as the court has only allowed me 14 days to comply, this petitioner will once again make a good faith effort to adhere to the Courts order.

Respectfully Submitted

Howard Toole

Howard C. Toole, #917683, I2-102-8
Apalachee Correctional Institution
52 West Unit Drive, West, Sneads, Fl.

dated;
2-7-06

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

*NEWLY MARKED: APPENDIX "C"*
*Document, C-16*

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

**CR-05-0803**

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED. Petitioner's remedy, if any, is to file a petition for post-conviction relief pursuant to Rule 32.1(f), Alabama Rules of Criminal Procedure in the counties of conviction.

Done this the 23rd day of February, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
    Howard Toole, Pro Se
    Hon. Thomas E. Head, III, Circuit Judge
    Hon. Troy King, Attorney General
    Hon. Gary McAliley, District Attorney

APPENDIX "H"
Document, H-19

NEWLY MARKED; APPENDIX "C"
Document, C-17.

Howard G. Toole
#917683, F1-144-S
Apalachee Corr. Inst.
52 West Unit Dr. W
Sneads, FL 32460

Case No. CR-05-0803,
CC05-144, 155, 156

RE: Request for Procedural and Statutes information to help
     Pro Se litigant in gaining access to the Courts of Alabama.
     To Officers of the Courts of Alabama.

Sirs,

        This letter is an request on behalf of the Pro
Se, Appellant in this cause of action. He is asking
that the State of Alabama help him in his endeavor to
properly litigate his case in your state. This is not his
first request all other attempts at obtaining, Applicable
R. Crim. P., R of App. P., Al. Crim. Code have gone unanswered.
The entire Rules of criminal and Appellate proceedures are not
necessary. Only applicable portions pertaining to this cause
of action. The State of Florida will not accept responsibility
to help this Appellant gain access to the courts of Alabama.
Even though it is the Appellants right through the Due
Process clauses of the V, and XIV Amends. to the U.S.
Constitution.

                            Respectfully Submitted,

                            Howard Toole
                            Howard Glen Toole

This 9th day of May 2006.

CC. Clerk of Appellate Ct. Alabama, Lane w. Mann.
    Clerk of Circuit Ct. 12th Judicial Cir. James M. County
    Attorney Gen. State of Alabama, Troy King, Esc.
    Dist. Attorney for 12th Judicial Cir. Gary McAliley, Esc.
    Presiding Judge for Appellate Ct. it of Al. M. Mc. new, etc.
    Circuit Judge 12th Judicial Cir. Thomas B. Head III, Esc.

*APPENDIX "H"*
~~DOCUMENT H-20.~~
*NEWLY MARKED: APPENDIX "C"*
*Document, C-18.*

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Petitioner's motion to grant leave to proceed to the Supreme Court is DISMISSED.

Done this the 16th day of May, 2006.

H. W. "Bucky" McMillan, Presiding Judge
**Court of Criminal Appeals**

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
Howard Toole, Pro Se
Hon. Thomas E. Head, III, Circuit Judge
Hon. Troy King, Attorney General
Hon. Gary McAliley, District Attorney