IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HOWARD GLENN TOOLE,           )
                              )
    Petitioner,               )
                              )
v.                            )  CIVIL ACTION NO.
                              )    2:06-CV-714-MHT-VP
JAMES MCDONOUGH, et al.,      )
                              )
    Respondents.              )

## ANSWER OF RESPONDENT

Comes now the Respondents, by and through the Attorney General for the

State of Alabama, and, pursuant to this Court's September 15, 2006 order, hereby

respectfully submit this Answer to the June 8, 2006 petition for writ of habeas

corpus filed by Howard Glenn Toole, challenging his two Pike County (Alabama)

Circuit Court (CC-05-155, CC-05-156), first degree robbery convictions, dated

May 10, 2005.

    The Respondents deny that Toole is entitled to any relief whatsoever under

the federal writ of habeas corpus.

## PROCEDURAL BACKGROUND

### A. Toole's Pike County (Alabama) Circuit Court first degree robbery convictions -- CC-05-155, CC-05-156

1.      Howard Glenn Toole, incarcerated in the Florida Department of Corrections, and pursuant to the Interstate Agreement on Detainers, filed a notice of untried indictment, information, or complaint and right to request disposition with the Coffee County District Court of Alabama and Gary L. McAliley, the prosecuting officer of the District Court in Coffee County, Alabama on August 3, 2004. Ex. 1A. This request specifically requested disposition of case number GJ-03-516, Robbery of a Pharmacy. Id. Form IV of the Interstate Agreement on Detainees was sent to authorize the transfer of Toole to a different jurisdiction – Pike County District Court -- to also be tried on indictments, informations, or complaints in that jurisdiction, which are the basis of this petition of writ of habeas corpus , but were not of specific subject in the instant Interstate Agreement on Detainees request. Id.

2.      On February 17, 2005, Toole was arrested pursuant to the May 20, 2003 indictments of his two first degree robbery convictions in Pike County, Alabama -- CC-05-155, CC-05-156. Ex. 1B, 1C, 1D, 1E. According to a factual finding by the Honorable Thomas E. Head, III, Pike County Circuit Judge, Toole indicated, upon arrest, his desire to plead guilty to the indicted charges and his desire to speak to an attorney. The court appointed counsel and arranged for

2

appointed counsel to meet with the defendant the next day. Ex. 1F. Due to the fact

the next business day, February 21, 2005, was national holiday, arraignment was

scheduled for Tuesday, February 22, 2005. Id. At arraignment, the defendant

entered pleas of not guilty and made a motion for a mental evaluation and

competency determination. Id. Also, trial was set for the next available jury term,

commencing April 26, 2005. Id.

     3.     Toole made a number of motions and requests, such as the above

mentioned motion for mental evaluation, a supplemental discovery request, a

motion to dismiss indictment, a motion for a competency hearing, a motion to

supplement the record, a motion to compel discovery and/or sanctions, a motion to

suppress, and a motion to secure attendance of an out of state witness. Ex. 1G.

     4.     Toole appeared in the Pike County Circuit Court, CC-05-155, CC-05-

156 , Judge Thomas E. Head, III, presiding, and pled guilty on May 10, 2005. Ex.

1H, 1I. Following his guilty plea, the trial court sentenced him, in each of his two

first degree robbery convictions, to serve twenty years imprisonment, split to five,

with five years probation, set to run concurrently (and it was noted that these

sentences were to also run concurrently with his separate conviction in his Coffee

County case number CC-05-149). Ex. 1J.

     5.     The State made a motion requesting restitution, and a restitution

hearing was set for July 13, 2005. Ex. 1K, 1L, 1M. Toole entered a motion to

reschedule his restitution hearing, and it was reset for August 10, 2005. Ex. 1M. At the August 10, 2005, restitution hearing, the Pike County Circuit Court ordered Toole to pay restitution in the amount of $318.24. Ex. 1N, 1O.

### B. Appellate proceedings

6.    Toole did not file, by his own admission, a timely direct appeal in the Alabama Court of Criminal Appeals or the Alabama Supreme Court, pursuant to Alabama Rule of Criminal Procedure Rule 31 and Alabama Rules of Appellate Procedure Rule 4(b). Petition pp 2-3, Document 6-4, pp 7-12. Toole had forty-two days from his date of sentencing, May 10, 2005, in which to file his direct appeal, or until June 21, 2005. See 1J.

7.    Toole did not file an Alabama Rules of Criminal Procedure Rule 32 petition in the Alabama Court of Criminal Appeals or the Alabama Supreme Court. Toole's one year period in which to file a timely Rule 32 petition under Rule 32.2 lapsed on June 21, 2006.

8.    Toole did make a blanket request, filed in, among other courts, the Alabama Court of Criminal Appeals, on May 9, 2006, for the State to assist him by sending him all the applicable rules of criminal procedure, the rules of appellate procedure, and the Alabama Criminal Code, which was dismissed. Petition Document 6-4 p 20. Additionally, Toole filed a motion in the Alabama Court of

Criminal Appeal to grant leave to proceed to the Alabama Supreme Court to submit his petition for writ of habeas corpus for a belated direct appeal. Petition Ex. 1P. That motion was dismissed, and no motions or petitions were filed in the Alabama Supreme Court. Ex. 1Q.

### C. The instant petition for habeas corpus

9.      On June 13, 2006, Toole filed the instant petition for habeas corpus in the United States District Court for the Northern District of Florida, and was transferred to this Court on August 10, 2006, challenging his Pike County Circuit Court first degree robbery convictions, alleging the following grounds for relief:

> A.      The State of Alabama failed to comply with the provisions and procedures of the Interstate Agreement on Detainer Act;
>
> B.      Toole's counsel had a conflict of interest in his representation of Toole; and
>
> C.      That Toole was denied access to the Courts of Alabama.

Petition pp. 5-8. Toole asserts that he "used every means at his disposal" to exhaust his state remedies, however, he did not file a timely direct appeal raising any of these issues, nor did he file a Rule 32 petition in the circuit court, or other pleadings in the Alabama Court of Criminal Appeals or the Alabama Supreme Court raising any of these issues.

## ARGUMENT

## II.    TOOLE'S CLAIMS ARE PROCEDURALLY DEFAULTED, DUE TO HIS FAILURE TO EXHAUST HIS STATE COURT REMEDIES.

15.    As shown above, Toole's claims are procedurally defaulted due to his failure to exhaust them in state court.

16.    This Court will not review claims made in a petition for habeas corpus that were not first properly presented to the state courts. "Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." McNair v. Campbell, 416 F. 3d 1291, 1302 (11th Cir. 2005). 28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust her remedies in the state court system; this exhaustion requirement is "grounded in the principles of comity and federalism[.]" Henderson v. Campbell, 353 F. 3d 880, 897-898 (11th Cir. 2003). "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 2555 (1991). "The exhaustion doctrine, first announced in Ex parte Royal, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254 (b) (1) (1994 ed., Supp. III)." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999).

17.    A petitioner for habeas relief is required to comply with the state courts' procedural requirements in first submitting the claims to those courts; otherwise, the claims are considered unexhausted and barred from federal habeas review. "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F. 3d 1308, 1313 (11th Cir. 2001). If a state court rejects a petitioner's claim on state procedural grounds, that rejection will generally preclude any subsequent federal habeas review of that claim. Id.    In addition, for purposes of exhaustion, the habeas claims must have been presented throughout the state appellate court system. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary.'" Pruitt v. Jones, 348 F. 3d 1355, 1358-59 (11th Cir. 2003) (citing Boerckel, 526 U.S. at 845, 119 S. Ct. at 1732-1733). The certiorari review procedure of the Supreme Court of Alabama falls within the Boerckel rule. Smith v. Jones, 256 F. 3d 1135, 1140 (11th Cir. 2001). "Under Alabama law, 'one complete round' of review... includes: (1) filing a petition for certiorari in state circuit court, see Johnson v. State, 729 So. 2d 897, 898 (Ala. Crim. App. 1997); (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals, see

7

Ala.Code § 12-3-9 (2003); Johnson, 729 So. 2d at 898; (3) petitioning the Alabama

Court of Criminal Appeals for rehearing, see Ala.R.App.P. 39(c)(1); and (4)

seeking discretionary review in the Alabama Supreme Court, see Ala.R.App.P. 39

(c)." Dill v. Holt, 371 F. 3d 1301, 1303 (11th Cir. 2004).

     18.    Clearly, by his own admission, Toole's claims are not exhausted. See,

e.g., McNair v. Campbell, 416 F. 3d at 1302; Boerckel, 526 U.S. at 845, 119 S. Ct.

at 1732-1733, Petition pp. 5, 8, 9, 34-37. These specific claims were not raised in

any direct appeal proceedings, nor in a Alabama Rules of Criminal Procedure Rule

32 post-conviction proceeding. Because Toole has not sought review of his claims

in the trial court, Alabama Court of Criminal Appeals, and the Alabama Supreme

Court, the claims would be unexhausted. See Judd v. Haley, 250 F. 3d 1308, 1313;

Boerckel, 526 U.S. at 845, 119 S. Ct. at 1732-1733.

     19.    Toole's claims are not capable of further presentation to the state

courts via Ala.R.Crim.P. Rule 32 because they would stem from an untimely

petition, and because they could have been raised at trial, on direct appeal, or in a

timely filed Rule 32 petition. Ala.R.Crim.P. Rules 32.2 (a)(3), (a)(4), (a)(5), (b),

(c).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Toole's petition for writ of habeas corpus.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


s/Marcus S. Bass
Marcus S. Bass
Assistant Attorney General

# EXHIBITS

Exhibit 1A:  Toole's filed Interstate Agreement on Detainers Form, Form II-IV, filed August 3, 2004.

Exhibit 1B:  Toole's Indictment charges for the May 2003 Grand Jury term.

Exhibit 1C:  Toole's Pike County true bill indictment for two first degree robbery charges, dated May 20, 2003.

Exhibit 1D:  Toole's Pike County arrest warrant pursuant to his first degree robbery indictment, GJ-03-132, executed February 17, 2005.

Exhibit 1E:  Toole's Pike County arrest warrant pursuant to his first degree robbery indictment, GJ-03-133, executed February 17, 2005.

Exhibit 1F:  Pike County Circuit Judge, the Honorable Thomas E. Heard's order to Toole's motion to dismiss indictment for non-compliance with the Uniform Mandatory Disposition of Detainer's Act, dated March 18, 2003.

Exhibit 1G:  Toole's pre-trial motions for mental evaluation and amendment of plea of "NOT GUILTY" to a plea of "NOT GUILTY AND/OR NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT", supplemental discovery requests, motion to dismiss indictments, motion for competency hearing, motion to supplement the record, motion to compel discovery and/or sanctions, motion to suppress, and motion to secure attendance of out-of-state witness,.

Exhibit 1H:  Toole's guilty plea for Pike County CC-05-155.

Exhibit 1I:   Toole's guilty plea for Pike County CC-05-156.

Exhibit 1J:   Sentencing order for Pike County CC-05-155 & CC-05-156 by Pike County Circuit Court, dated May 10, 2005.

Exhibit 1K:  State's motion to order restitution in Pike County CC-05-155 and CC-05-156, dated May 31, 2005, with attached affidavits.

Exhibit 1L:  Pike County Circuit Court's order setting restitution hearing for July, 13, 2005, dated June 8, 2005 for Pike County CC-05-155, and CC-05-156.

Exhibit 1M: Toole's motion to reschedule restitution hearing for Pike County CC-05-155 and CC-05-156.

Exhibit 1N:  Pike County Circuit Court's order re-scheduling restitution hearing for Pike County CC-05-155 and CC-05-156 to August 10, 2005, dated June 16, 2005.

Exhibit 1O:  Pike County Circuit Court's order setting restitution in Pike County CC-05-155, and CC-05-156.

Exhibit 1P:  Toole's motion to the Alabama Court of Criminal Appeals to grant leave to proceed to the Alabama Supreme Court to submit a writ of habeas corpus for belated direct appeal for Pike County CC-05-155 and CC-05-156, in CR-05-0803, dated May 9, 2006.

Exhibit 1Q:  The Alabama Court of Criminal Appeals order dismissing Toole's request to proceed to the Alabama Supreme Court to submit a writ of habeas corpus for belated direct appeal for Pike County CC-05-155 and CC-05-156, in CR-05-0803, dates May 16, 2006.

11

## CERTIFICATE OF SERVICE

I hereby certify that on this the <u>24th</u> day of October, 2006, I electronically

filed the foregoing (including exhibits) with the Clerk of the Court using the

CM/ECF system, and I hereby certify that I have mailed by United States Postal

Service the foregoing (including exhibits) to the following non-CM/ECF

participant:

> Howard Glenn Toole
> AIS # 917683
> Zephyrhills Correctional Institute
> 2739 Gall Boulevard
> Zephyrhills, Florida 33541

> /s/Marcus S. Bass
> Marcus S. Bass ()
> Office of the Attorney General
> Alabama State House
> 11 South Union Street
> Montgomery, Alabama  36130-0152
> Telephone:  (334) 242-7300
> Fax:  (334) 242-2848
> E-Mail:  mbass@ago.state.al.us

195384/99821-001

## INTERSTATE AGREEMENT ON DETAINERS:  FORM II

Six copies, if only one jurisdiction within the state involved has an indictment, information, or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One signed copy is to be retained by the inmate and one copy is to be retained for the institution file. Four signed copies are to be sent to the Florida Agreement Administrator, who will forward copies to the Agreement Administrator in the receiving state, the prosecuting official in the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter and retain one copy for Central Records, Central Office. The copies to the prosecuting officials and the court must be transmitted by certified or registered mail return receipt requested.

## INMATE'S NOTICE OF PLACE OF IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS

TO:  GARY L. MCALILEY _____    Prosecuting Officer,  COFFEE _____

COUNTY _____    Court  DISTRICT _____

(Jurisdiction)                                                      (Jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations, or complaints are pending.

You are hereby notified that the undersigned is now imprisoned in APALACHEE _____ CORRECTIONAL Institution in SNEADS _____ (City) FLORIDA _____ (State) and hereby request that a final disposition be made of the following indictments, informations, or complaints now pending against me:  ROBBERY OF A PHARMACY: GJ-03-516 _____

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, may result in the invalidation of the indictments, informations, or complaints.

I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charges or proceedings contemplated hereby or included herein, and a waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to sender.

The required Form III, Certificate of Inmate Status and Form IV, Offer to Deliver Temporary Custody are attached.

Dated: 8/3/04 _____    Inmate's Signature: _____

Typed Inmate's Name & No:  HOWARD G. TOOLE  - DC# 917683 _____

Witness Signature: _____ CPO

Typed Name and Title:  W. A. JOHNSON, CPO _____

DC6-140 (Revised 9-02)

EXHIBIT

1A

INTERS     TE AGREEMENT ON DETAINE.     FORM III

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor under Article IV, a copy of this form should be sent to the prosecutor upon receipt of Form V. Copies should also be sent to all other prosecutors in the same state who have lodged detainers against the inmate.

## CERTIFICATE OF INMATE STATUS

RE:  Inmate  TOOLE, HOWARD G.                    No:  917683

Institution:  APALACHEE C.I.-WU          Address:    52 WEST UNIT DRIVE,
                                                     SNEADS, FL 32460

The (Custodial Authority) hereby certifies:

1. The term of commitment under which the inmate above-named is being held:
   7 YEARS

2. The time already served:  534 DAYS

3. Time remaining to be served (TRD):  12/25/2009

4. The amount of good time earned:  40 DAYS

5. The date of parole eligibility of the inmate:  N/A

6. The decisions of the Board of Parole relating to the inmate:  N/A

7. Maximum expiration date under present sentence:  02/03/2010

8. Detainers currently on file against this inmate from your state are as follows:
   ROBBERY OF A PHARMACY: GJ-03-516  (COFFEE COUNTY)

Dated:  8/5/04          Signature:
                                                    (Warden)

Typed Name:  AL SOLOMON
Institution:  APALACHEE CORRECTIONAL INSTITUTION
Address:  35 APALACHEE DRIVE
City/State:  SNEADS, FLORIDA 32460
Telephone:  850-593-6431 EXT: 104  ext. 253

Bill Johnson
Classification Officer  |  Carolyn
                           ext. 255

DC6-141 (Revised 9-02)

## INTERSTATE AGREEMENT ON DETAINERS: FORM IV

Six copies. One copy is to be retained by the inmate and one copy is to be retained for the institution file. Four copies are to be sent to the Florida Agreement Administrator for distribution. In the case of an inmate's request for disposition under Article III, copies of this form should be attached to all copies of Form II. In the case of a request initiated by a prosecutor, this form should be completed after the Governor has indicated his/her approval of the request for temporary custody, expiration of the 30-day period, after completion of Form V-B, and/or successful completion of a (Cuyler v. Adams) hearing. Copies of this form should then be sent to all officials who previously received copies of Form III. Copies mailed to the prosecutor will be sent by certified or registered mail, return receipt requested.

## OFFER TO DELIVER TEMPORARY CUSTODY

TO:  GARY L. MCALILEY

DISTRICT COURT, COFFEE COUNTY _____ Prosecuting Officer, __8/3/04__ Date

and to all other prosecuting officers and courts of jurisdiction listed below from which indictments, informations, or complaints are pending.

RE: Inmate  TOOLE, HOWARD G. _____    No:  917683

Dear Sir:

Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named inmate to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information, or complaint which is (Check appropriate box) [ ] described in the attached inmate's request. [ ] described in your Form V request.

The required Form III, Certificate of Inmate Status, is enclosed.

Indictments, informations, or complaints charging the following offenses are ALSO pending against the inmate in your state, and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purpose of disposing of these indictments, informations, or complaints.

| OFFENSE | COUNTY OR OTHER JURISDICTION |
|---------|------------------------------|
| ROBBERY: 2003-000133 | PIKE COUNTY |
|  |  |
|  |  |

DC6-142 (Revised 9-02)

**If you do not intend to bring the inmate to trial, please inform us as soon as possible.**

**Kindly acknowledge.**

Dated: ___8/3/04___    Signature: _____

(Warden)

Typed Name: ___AL SOLOMON___
Institution: ___APALACHEE CORRECTIONAL INSTITUTION___
Address: ___35 APALACHEE DRIVE___
City/State: ___SNEADS, FL 32460___
Telephone: ___850-593-6431  EXT: 104___

Inmate has indicated the following (Circle A or B)

A.    My Counsel is _____
      Whose Address is _____
      _____

B.    I request the court to appoint counsel.
      Inmate's Signature: _____

DC6-142 (Revised 9-02)

INDICTMENT

# THE STATE OF ALABAMA
## PIKE COUNTY

**IN CIRCUIT COURT**
**MAY TERM, 2003**

**The Grand Jury of said County charges that before the finding of this indictment that,**

HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Four Seasons, L.L.C., use force or threaten the imminent use of force against the person of the said Bobby Sheppard, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama, Against the Peace and Dignity of the State of Alabama; and,

### OFFENSE 2

The Grand Jury of said county charges that before the finding of this indictment that, HOWARD GLEN TOOLE, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of property, to-wit: lawful United States currency and/or coinage, a better description of which is to the Grand Jury otherwise unknown, the property of, to-wit: Russell Oil Company, Inc., a corporation, doing business as 87 Amoco, use force or threaten the imminent use of force against the person of the said Pamela Bujnowski, or another person present, with the intent to overcome her physical resistance or physical power of resistance or to compel acquiescence to the taking of or escaping with the property, while the said HOWARD GLEN TOOLE was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of Section 13A-8-41 of the Code of Alabama,

Against the Peace and Dignity of the State of Alabama.

*for* Gary L. Mc Aliley District Attorney for
Twelfth Judicial Circuit

**EXHIBIT**

1B

GRAND JURY NO. 03-132,133

A TRUE BILL

*Sherman W Stafford*
GRAND JURY FOREPERSON

Presented in open Court by the
Foreperson of the Grand Jury in the
presence of at least twelve other
members of the Grand Jury

*Brenda M Peacock*

Brenda M. Peacock, Clerk of the
Circuit Court of Pike County, Twelfth
Judicial Circuit of Alabama.
Filed this the ____20____ day of
____May____ 2003.

Bail in each offense in this indictment is
fixed at $ _50,000.00 each_ for a total bail
for this indictment of $ _100,000.00_

[    ] Continuing bond

_Robert N Barr_
Judge Presiding

THE STATE OF ALABAMA
PIKE COUNTY

CIRCUIT COURT
MAY          TERM, 2003

THE STATE
vs.
HOWARD GLEN TOOLE

ALIAS

OFFENSE(S)
ROBBERY 1

OFFENSE 2
ROBBERY 1

INDICTMENT

EXHIBIT
_1C_

ACR375                          ALABAMA JUDICIAL DATA CENTER
                            GRAND  JURY  OF    PIKE    COUNTY
                                 WARRANT OF ARREST
                                                              GJ 2003 000132.00
                                                              TERM #:

---

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:

AN INDICTMENT HAS BEEN RETURNED BY THE  GRAND  JURY OF    PIKE    COUNTY

AGAINST          TOOLE HOWARD GLEN
                 1359 CO RD 110

                 TROY              AL 36081-0000

CHARGING THE OFFENSE OF:

        ROBBERY 1ST           13A-008-041           CNTS:    1

YOU ARE THEREFORE ORDERED TO ARREST THE PERSON NAMED ABOVE AND BRING THAT

PERSON BEFORE A JUDGE OR MAGISTRATE OF THIS COURT TO ANSWER THE CHARGES

AGAINST THAT PERSON AND HAVE WITH YOU THEN AND THERE THE WARRANT OF ARREST

WITH YOUR RETURN THEREON.  IF A JUDGE OR MAGISTRATE OF THIS COURT IS

UNAVAILABLE, OR IF THE ARREST IS MADE IN ANOTHER COUNTY, YOU SHALL TAKE

THE ACCUSED PERSON BEFORE THE NEAREST OR MOST ACCESSIBLE JUDGE OF

MAGISTRATE IN THE COUNTY OF ARREST.

 BOND SET AT:        $50,000.00

DATE ISSUED: 05/21/2003    BRENDA M. PEACOCK     By _Brenda M Peacock_
                              CLERK

---

    EXECUTED THIS _____17____ DAY OF ___February_____, 2005_ BY

ARRESTING THE WITHIN NAMED DEFENDANT _____

                              _Bruce Matthews_____
                              LAW ENFORCEMENT OFFICER

                              BY: _____

---

 DEFENDANT'S FEATURES:

 HT: 5'11"  HAIR: BRO    DOB: 08/31/1954

 WT: 165  SEX: M   EYE: BRO   RACE: W
 SSN: 253942999

 ADDTL COMMENTS: _____

 _____

 _____

 _____

05/21/2003 JOP

EXHIBIT

1D

ACR375

ALABAMA JUDICIAL DATA CENTER
GRAND JURY OF    PIKE    COUNTY
WARRANT OF ARREST

GJ 2003 000133.00
TERM #:

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:

AN INDICTMENT HAS BEEN RETURNED BY THE  GRAND  JURY OF :  PIKE    COUNTY

AGAINST         TOOLE HOWARD GLEN
                1359 CO RD 110

                TROY            AL 36081-0000

CHARGING THE OFFENSE OF:

        ROBBERY 1ST        13A-008-041        CNTS:    1

YOU ARE THEREFORE ORDERED TO ARREST THE PERSON NAMED ABOVE AND BRING THAT

PERSON BEFORE A JUDGE OR MAGISTRATE OF THIS COURT TO ANSWER THE CHARGES

AGAINST THAT PERSON AND HAVE WITH YOU THEN AND THERE THE WARRANT OF ARREST

WITH YOUR RETURN THEREON.  IF A JUDGE OR MAGISTRATE OF THIS COURT IS

UNAVAILABLE, OR IF THE ARREST IS MADE IN ANOTHER COUNTY, YOU SHALL TAKE

THE ACCUSED PERSON BEFORE THE NEAREST OR MOST ACCESSIBLE JUDGE OF

MAGISTRATE IN THE COUNTY OF ARREST.

 BOND SET AT:        $50,000.00
DATE ISSUED: 05/21/2003    BRENDA M. PEACOCK        BY _Brenda M Peacock_
                              CLERK

---

        EXECUTED THIS ____17th____ DAY OF __February__, 2005, BY
ARRESTING THE WITHIN NAMED DEFENDANT __Howard Glen Toole__

                              _Bruce Matthews_
                              LAW ENFORCEMENT OFFICER
                              BY: _____

---

 DEFENDANT'S FEATURES:

 HT: 5'11"  HAIR: BRO   DOB: 08/31/1954

 WT: 165  SEX: M   EYE: BRO   RACE: W
 SSN: 253942999

 ADDTL COMMENTS: _____

 _____

 _____

 _____

05/21/2003 JOP

**EXHIBIT**

1E

tabbies

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                          *

    PLAINTIFF,                          *

VS.                                        *     CASE NOS. CC-2005-155 & -156

HOWARD GLEN TOOLE,                         *

    DEFENDANT.                          *

<u>ORDER</u>

These causes comes before the Court upon the Defendant's motion to dismiss indictment for non-compliance with the provisions of the "UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT", §§ 15-9-80 et seq., *Alabama Code* (1975). Specifically, Defendant contends that the herein indictment, charging him with two counts of Robbery, First Degree, is due to be dismissed because the State of Alabama failed to comply with Article III of said act by bringing him to trial within 180 days after he issued the required notice. Said motion is without merit, as Defendant's offered exhibit entitled "INTERSTATE AGREEMENT ON DETAINERS: FORM II" affirmatively reflects that Defendant's statutory notice sought only disposition of detainer on a charge of "ROBBERY OF A PHARMACY: GJ-03-516", then pending in the District Court of Coffee County, Alabama. It is immaterial that by "FORM IV: OFFER TO DELIVER TEMPORARY CUSTODY", the Florida correctional authorities also gave notice that Defendant had pending a charge of "ROBBERY: 2003-000133 in PIKE COUNTY". Strict technical compliance with the notice provisions of the Act is required of Defendant.

Conceivably, Defendant might argue that he is entitled to a dismissal of the charges on the basis that he has been denied a speedy trial. Thus, in ruling upon his motion to dismiss, the Court makes

**EXHIBIT**

1F

additional factual findings as follows:

1.  The Defendant was arrested on the indictment and returned to Alabama on February 17, 2005, of which the undersigned was made immediately aware.  Such was within 180 days after receipt of official notice of his request for disposition of the detainer directed to his Coffee County charge of Pharmacy Robbery, First Degree.  Defendant communicated to the arresting officials his intent to plead guilty to the charged offenses, as well as his desire to speak with an attorney.  This information was also communicated to the undersigned, and arrangements were made for Defendant's present appointed counsel to meet with him at the Coffee County Jail the next day.  Due to Monday being a state holiday, arraignment on the indictment was scheduled and conducted the Tuesday following, February 22, 2005.  Defendant entered pleas of "not guilty", which have subsequently been amended to "not guilty and/or not guilty by reason of mental disease or defect".  There is also pending an accompanying motion by Defendant for a mental evaluation and competency determination, which said request is granted by separate order entered contemporaneously herewith.  Defendant's cases are set for trial during the criminal jury term commencing April 26, 2005, which is the next and most immediate scheduled jury term at which he can be tried.

2.  The District Attorney, as prosecuting authority, has no control over the Court calendar or the setting of the court's trial dockets.  The Defendant's cases have been scheduled for trial at the earliest possible trial term; as a practical matter, such probably could not be accomplished sooner in view of his impending competency determination and mental evaluation.

3.  The Defendant is under a 7-year sentence of incarceration in the

State of Florida, and cannot commence service of any consecutively imposed sentences from the State of Alabama until completion of his Florida sentence on December 25, 2009. As a consequence, Defendant has made no showing of any prejudice which will result from the short delay of his trial until April, 2005, especially considering the requested competency determination and mental evaluation which remain to be performed. Neither has he demonstrated that there has been deliberate prosecutorial delay in bringing him to trial.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Defendant's motion to dismiss is denied, separately and severally.

DONE THIS THE 18th day of March, 2005.

_____
CIRCUIT JUDGE



IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA      *
                        *
                        *
VS.                      *     CASE NOS. CC _05-155+156_
                        *
HOWARD GLENN TOOLE,      *
DEFENDANT.              *

## MOTION

Comes now the Defendant, by and through counsel, and motions the State to produce/respond to discovery as provided for by Rule 16.1 ARCrP.

Further, the Defendant makes known that he has filed a motion for mental evaluation and requests leave of court to amend his plea of NOT GUILTY to a plea of NOT GUILTY AND/OR NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT depending on the results of a court ordered mental evaluation.

Steve Blair    BLA045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36330
334-308-5375

I hereby certify that I have served the District Attorney with a copy of the foregoing by first class mail (or by depositing a copy of same in the District Attorney's receptacle box located in the Office of the Clerk of Court) this the _23_ day of February, 2005.

Steve Blair
Attorney for Defendant

**EXHIBIT**
_1G_



IN THE TWELFTH JUDICIAL CIRCUIT
STATE OF ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | * | COFFEE COUNTY |
| | * | ENTERPRISE DIVISION |
| | * | CASE NO. CC 05-149 |
| VS. | * | |
| | * | |
| HOWARD GLEN TOOLE, | * | PIKE COUNTY |
| DEFENDANT. | * | CASE NO. CC 05-155 & 156 |

**SUPPLEMENTAL DISCOVERY REQUEST**

Comes now the Defendant by and through counsel and requests that the Office of District Attorney specifically produce the following pursuant to the rules of discovery:

Copy of notice received from the Interstate Compact Services, State of Florida, requesting disposition of detainer. This notice was dated/mailed August 19, 2004.

Steve Blair  BLA045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36330
334-308-5375

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail (or by depositing same in the District Attorney's receptacle box located in the Office of the Clerk of Court) this the 1st day of March 2005.

Steve Blair    BLA 045
Attorney for Defndant

MAR 2005
FILED
Brenda Meadows Peacock
Circuit Clerk
Pike Co., Ala.

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA                              *
                                             *
                                             *
VS.                                          *
                                             *        CASE NO. CC 05-H-155 & 156
                                             *
HOWRAD G. TOOLE,                             *
DEFENDANT.                                   *

## SUPPLEMENTAL DISCOVERY REQUEST

Comes now the Defendant by and through counsel and moves the State to respond to this supplemental request for discovery:

1.  The State's response to Defendant's request for discovery states that the Defendant "confessed (orally) that on January 10, 2003, he along with co-defendant Gilber, participated in and committed the robbery of the clerk at Four Seasons in Troy. The Defendant states he was the driver in the robbery of the Four Seasons and that he went in and robbed the 87 Amoco."

The Defendant requests that the District Attorney provide the name(s) of the law enforcement officers that the Defendant orally confessed to; the date, time and place of the statement; and the specific substance of the confession. See, Rule ARCrP 16.1(a)(2). The Defendant further requests a copy of any waiver of rights signed by the Defendant at the time the alleged confession was made.

Steve Blair    BLA045
Attorney for Defendant
111 East College Avenue
Enterprise AL 36330
334-308-5375

MAR 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA       *
                      *

VS.                   *      CASE NO CC 05-155 & 156
                      *

HOWARD GLEN TOOLE,       *
DEFENDANT.            *

## MOTION TO DISMISS INDICTMENTS

Comes now the Defendant by and through counsel and moves the court to dismiss the indictments against the Defendant for and on the following grounds:

1. Article III of the Uniform Mandatory Disposition of Detainers Act, Section 15-9-80 Code of Alabama requires that the Defendant, "…be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court…his request for a final disposition of indictment;"

2. The Defendant caused such notice to issue on or about August 3, 2004;

3. That more than 180 days have lapsed since the date of notice.

WHEREFORE, the Defendant moves the court to dismiss the captioned indictments.

Steve Blair     BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 28th day of February, 2005.

Steve Blair
Attorney for Defendant

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA       \*

                                  \*

                                  \*

VS.                           \*      CASE NO CC 2005-149

                                  \*

HOWARD GLEN TOOLE,     \*
DEFENDANT.              \*

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA       \*

                                  \*

                                  \*

VS.                           \*      CASE NOS. CC 2005-155 & 156

                                  \*

HOWARD G. TOOLE,          \*
DEFENDANT.

## MOTION FOR COMPETENCY HEARING

Comes now the Defendant through counsel and moves the court for a competency hearing/trial by jury as provided for by Rules11:6 and 11.2 ARCrP.

Counsel would show to the court the following:

1. Counsel was appointed for Defendant on Friday, February 18, 2005. At the time of his appointment, counsel was advised that the Defendant desired to enter pleas of guilty in the three captioned matters. Counsel went to the jail on February 18, 2005 and discussed these matters with the Defendant and communicated the plea offer made by the District Attorney. Defendant rejected the plea agreement.

2. Arraignment was set Tuesday, February 22, 2005 (the intervening Monday being a state holiday). The Defendant entered his plea of not guilty and thereafter, upon motion granted by the court, amended his pleas to not guilty and not guilty by reason of mental disease and defect.

3. The Defendant through counsel has motioned the court to dismiss the indictments for failure to bring the Defendant to trial in the time required by the Alabama Disposition of Detainers Act. These motions have been denied by the trial court and the Pike County cases are set for trial for the term beginning April 26, 2005. Counsel needs

additional time to prepare but may waive his right to appeal the decision with regard to the disposition of the detainers if he requests a continuance.

4. Upon request of counsel, the court ordered a mental evaluation of the Defendant. The motion was based upon counsel's personal observations of the Defendant and information received by counsel that Defendant had previously been determined not competent to stand trial in the State of Florida. Further, the Defendant was receiving psychiatric prior to coming from the State of Florida penitentiary system where Defendant was incarcerated immediately prior to being brought to the State of Alabama for trial on the captioned matters.

5. Counsel acknowledges receipt of a copy of Dr. McKeown's report. It is Dr. McKeown's opinion that the Defendant is both competent to stand trial and that the Defendant, at the time of the commission of the alleged offenses, demonstrated the capacity to conform his behavior in an appropriate fashion "if he chose." Counsel would show that Dr. McKeown did not have the benefit of the Defendant's mental history and records to consult before forming his opinion. Counsel has requested the Defendant's mental health records from the Florida department of corrections but same have not been received. These records would be most important if the Defendant had previously been determined not competent to stand trial in the State of Florida. As mentioned earlier, counsel need additional time to secure these and other records relating to the Defendant's mental condition but may waive his grounds for appeal on the issue relating to the disposition of the detainers by requesting a continuance.

Steve Blair        BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 12th day of April 2005.

Steve Blair
Attorney for Defendant

APR 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

IN THE CIRCUIT COURT FOR
COFFEE COUNTY. ALABAMA
ENTERPRISE DIVISION

STATE OF ALABAMA          *
                                 *
                                 *

VS.                         *     CASE NO CC 2005-149
                                 *

HOWARD GLEN TOOLE,        *
DEFENDANT.                  *

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA          *
                                 *
                                 *

VS.                         *     CASE NOS. CC 2005-155 & 156
                                 *

HOWARD G. TOOLE,          *
DEFENDANT.                  *

## MOTION TO SUPPLEMENT RECORD

Comes now the Defendant by and through counsel and motions the court to supplement the record as follows:

1. The Defendant would represent as statements of fact that since the date of Defendant's request for disposition of detainers the following criminal jury terms were scheduled in the Twelfth Judicial Circuit:

A. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning September 13, 2004 (two week term);

B. A criminal jury tem in Pike County, Alabama beginning November 8, 2004 (two week term);

C. A criminal jury term in the Enterprise Division of Coffee County, Alabama beginning January 10, 2005 (one week term);

2. The State had ample opportunity to return the Defendant to the State of Alabama to dispose of the indictments pending in the Twelfth Judicial Circuit (Pike and Coffee Counties) since the date of demand;

3. The State has ADMITTED in response to the Defendant's motion to dismiss the indictments that more than 180 days have lapsed since the Defendant gave notice under the Disposition of Detainers Act.

_____
Steve Blair    BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 12th day of April 2005.

_____
Steve Blair
Attorney for Defendant



IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA

                                         *

VS.                                      *

                                       *    CASE NOS. CC 2005-155 & 156

HOWARD G. TOOLE,            *
DEFENDANT.

                                       *

## MOTION TO COMPEL DISCOVERY AND/OR SANCTIONS

Comes now the Defendant by and through counsel and moves the Court to compel discovery pursuant to Rule 16.5 ARCrP and shows unto the court the following:

1. The Defendant filed his motion for discovery pursuant to Rule 16.1 ARCrP;

2. This rule requires the disclosure of statements by co-defendants;

3. Counsel for Defendant became aware April 15, 2005, that the co-defendant, John Franklin Gilbert, has made certain statements to law enforcement;

4. The State has failed to timely respond to Defendant's supplemental discovery request filed March 16, 2005;

WHEREFORE, the Defendant prays for entry of sanctions as permitted by Rule 16.5 ARCrP.

Steve Blair    BLA045
Attorney for Defendant
111 East College Avenue
Enterprise AL 36330
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 17th day of April 2005.

Steve Blair
Attorney for Defendant

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA                    *
                                    *
VS.                                 *
                                    *
                                    *        CASE NOS. CC 2005-155 & 156
HOWARD G. TOOLE,                    *
DEFENDANT.                          *
                                    *

## MOTION TO SUPPRESS

Comes now the Defendant and moves the Court to suppress any and all extra-judicial statements made by the Defendant to law enforcement officer(s) for and all the following grounds:

1. The Defendant did not knowingly, intelligently and voluntarily waive his right to remain silent;

2. The Defendant did not execute a written waiver of his rights;

3. The Defendant suffers from a mental disease and defect such that he could not have knowingly, intelligently and voluntarily waive his rights;

4. That the Defendant did not knowingly, intelligently and voluntarily make any statements to law enforcement officer(s).

Steve Blair       BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 17th day of April 2005.

Steve Blair
Attorney for Defendant

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA

                      *

VS.                         *

                      *

HOWARD G. TOOLE,      *     CASE NOS. CC 2005-155 & 156
DEFENDANT.             *

                      *

## MOTION TO SECURE ATTENDANCE OF OUT-OF-STATE WITNESS

Comes now the Defendant by and through counsel and motions the Court pursuant to the provisions of the "Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings," Section 12-21-280 et seq Code of Alabama, and shows the following in support of his motion;

1. Trial in the captioned matters is scheduled to commence April 26, 2005;

2. That the Defendant has entered a plea of not guilty and not guilty by reason of mental disease and defect;

3. The Defendant has remained incarcerated in the State of Florida since February 2003. The acts giving rise to the captioned indictments occurred in January 2003;

4. The Defendant would show that he was determined not to be mentally competent to stand trial for an (approximate) one year period after his arrest in the State of Florida;

5. That the Florida Department of Corrections has en extensive file relating to the mental health of the Defendant at or near the time of the commission of the captioned alleged offenses;

6. That this information is necessary and material to the defense;

7. The Defendant would show that he is presently under the care of a psychiatrist employed by the Florida Department of Corrections, namely:

Dr. Paul Leano
Apalachee Correctional Institution, West Unit
52 West Unit Drive
Sneads FL 32460-4165
(850) 593-6431

8. That a certificate should issue from this honorable court to the appropriate court in Jackson County, Florida directing that the witness should appear in the trial of the captioned matters together with an order that the witness produce all records relating to the mental condition of the Defendant in the possession of the Florida Department of Corrections.

Steve Blair    BLA 045
Attorney for Defendant
111 East College Ave.
Enterprise AL 36331
334-308-5375

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Office of District Attorney with a copy of the foregoing by first class mail properly addressed and postage prepaid this the 17th day of April 2005.

Steve Blair
Attorney for Defendant



State of Alabama
Unified Judicial System

Form CR-52 (front)     Rev. 8/11/2000

# EXPLANATION OF RIGHTS AND PLEA OF GUILTY
(Habitual Felony Offender — Circuit or District Court)

Case Number

CC 2005 – 155

☐ Count _____ (count #, if applicable)

IN THE _____Circuit_____ (Circuit or District) COURT OF _____Pike_____ (Name of County)

STATE OF ALABAMA v. _____Howard G. Toole_____
Defendant

**EXHIBIT**
1H

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

## PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of _____Robbery 1st_____

informed that you desire to enter a plea of guilty to ☒ this offense or ☐ to the crime of _____, which is a Class _A_ Felony. The court has been which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies → This offense | No Prior Felonies | One Prior Felony | Two Prior Felonies | Three + Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day – 10 Years In State Penitentiary Fine Up To $5,000 | 2 – 20 Years In State Penitentiary Fine Up To $10,000 | 10 – 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 – 99 Years or Life In State Penitentiary Fine Up To $20,000 |
| Class B Felony | 2 – 20 Years In State Penitentiary Fine Up To $10,000 | 10 – 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 – 99 Years or Life In State Penitentiary Fine Up To $20,000 | Mandatory Life Imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| Class A Felony (No prior convictions for a Class A Felony) | 10 – 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 – 99 Years or Life. In State Penitentiary Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility of Parole Fine Up To $20,000 |
| Class A Felony (One or more prior convictions for any Class A Felony) | 10 – 99 Years or Life In State Penitentiary Fine Up To $20,000 | 15 – 99 Years or Life In State Penitentiary Fine Up To $20,000 | Life imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** §13A-5-6, Code of Alabama 1975, provides for sentence enhancement where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years.

☐ **Enhanced Punishment for Drug Sale Near School:** §13A-12-250, Code of Alabama 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment for Drug Sale Near Housing Project:** §13A-12-270, Code of Alabama 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** §13A-12-215, Code of Alabama 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211(unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under 18) or 13A-12-231(drug trafficking), Code of Alabama 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

ginal – Court File     Copy - Defendant     Copy - District Attorney     Copy - Defense Attorney

| Form CR-52 (back)    Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
|---|---|
| | (Habitual Felony Offender – Circuit or District Court) |

$2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ **DNA Samples for Criminal Offenses in §36-18-24:** Section 36-18-25(e), *Code of Alabama* 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **Drug Possession:** If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, *Code of Alabama* 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, *Code of Alabama* 1975.

☐ Other: _____

---

### RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

| 5-10-2005 | Thomas E. Head, III |
|---|---|
| Date | Judge |

---

### ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

| 5-10-05 | |
|---|---|
| Date | Attorney |

---

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

| 5-10-05 | |
|---|---|
| Date | Defendant |

| State of Alabama<br>Unified Judicial System<br><br>Form CR-52 (front)    Rev. 8/11/2000 | **EXPLANATION OF RIGHTS AND PLEA OF GUILTY**<br>(Habitual Felony Offender — Circuit or District Court) | Case Number<br>*CG2005-156*<br>☐ Count<br>*(count #, if applicable)* |
|---|---|---|

IN THE _____*Circuit*_____ COURT OF _____*Pike*_____
    *(Circuit or District)*                         *(Name of County)*

STATE OF ALABAMA v. _____*Howard G. Toole*_____
                                            **Defendant**

> **EXHIBIT**
>
> **1 I**

TO THE ABOVE-NAMED DEFENDANT: After the court was informed that you wish to enter a plea of guilty in this case, this is to inform you of your rights as a criminal defendant.

### PENALTIES APPLICABLE TO YOUR CASE

You are charged with the crime of _____*Robbery 1st*_____, which is a Class ___*A*___ Felony. The court has been informed that you desire to enter a plea of guilty to ☒ this offense or ☐ to the crime of _____ which is a Class _____ Felony. The sentencing range for the above crime(s) is set out below:

| FELONY | |
|---|---|
| Class A | Not less than ten (10) years and not more than ninety-nine (99) years imprisonment or life imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $20,000. |
| Class B | Not less than two (2) years and not more than twenty (20) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $10,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor for county. |
| Class C | Not less than one (1) year and one (1) day and not more than ten (10) years imprisonment in the state penitentiary, including hard labor and may include a fine not to exceed $5,000. For imprisonment not more than 3 years, confinement may be in county jail and sentence may include hard labor. |

You will also be ordered to pay the costs of court, which may include the fees of any appointed attorney, and restitution if there is any. You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony for which you are convicted.

As a reported habitual offender, you are further advised that the Alabama Habitual Offender Act, §13A-5-9, as amended by Act 2000-759, provides the following enhanced punishment for anyone who has been previously convicted of one or more felonies and who then is convicted of a subsequent felony:

| Prior Felonies →<br>This offense | No<br>Prior Felonies | One<br>Prior Felony | Two<br>Prior Felonies | Three +<br>Prior Felonies |
|---|---|---|---|---|
| Class C Felony | 1 Yr. & 1 Day —10 Years<br>In State Penitentiary<br>Fine Up To $5,000 | 2—20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 |
| Class B Felony | 2 — 20 Years<br>In State Penitentiary<br>Fine Up To $10,000 | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Mandatory Life Imprisonment or any term of not less than 20 years Fine Up To $20,000 |
| Class A Felony<br>(No prior convictions for a Class A Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life or Life Imprisonment Without Possibility of Parole Fine Up To $20,000 |
| Class A Felony<br>(One or more prior convictions for any Class A Felony) | 10 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | 15 — 99 Years or Life<br>In State Penitentiary<br>Fine Up To $20,000 | Life Imprisonment or Any Term Of Years Not Less Than 99 Fine Up To $20,000 | Mandatory Imprisonment For Life Without Possibility of Parole Fine Up To $20,000 |

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☒ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** §13A-5-6, *Code of Alabama* 1975, provides for sentence enhancement where a firearm or deadly weapon was used or attempted to be used in the commission of a felony. This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; for the commission of a Class B or Class C Felony, a term of imprisonment of not less than 10 years;

☐ **Enhanced Punishment for Drug Sale Near School:** §13A-12-250, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment for Drug Sale Near Housing Project:** §13A-12-270, *Code of Alabama* 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public housing project owned by a housing authority must be punished by an additional penalty of five years' imprisonment in a state correctional facility for each violation. This period of imprisonment is mandatory and the punishment imposed shall not be suspended or probation granted.

☐ **Enhanced Punishment For Sales Of Controlled Substance To Anyone Under 18:** §13A-12-215, *Code of Alabama* 1975, provides that anyone convicted of selling, furnishing, or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of §13A-12-202 (criminal solicitation to commit controlled substance crime), 13A-12-203 (attempt to commit a controlled substance crime), 13A-12-204 (criminal conspiracy), 13A-12-211 (unlawful distribution of a controlled substance), 13A-12-212 (unlawful possession or receipt of a controlled substance), 13A-12-213 (unlawful possession of marijuana, 1st), 13A-12-215 (sale, furnishing, etc., of controlled substance by person over age 18 to person under age 18) or 13A-12-231 (drug trafficking), *Code of Alabama* 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or

Original - Court File      Copy - Defendant      Copy - District Attorney      Copy - Defense Attorney

| Form CR-52 (back)    Rev. 8/11/2000 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY |
|---|---|
| | (Habitual Felony Offender – Circuit or District Court) |

$2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to §13A-12-214 (unlawful possession of marijuana in the second degree), §32-5A-191(a)(3) or §32-5A-191(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any cost of program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath, tests and to pay a fee for this service. You may request a waiver of part of all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees.

☐ **DNA Samples for Criminal Offenses in §36-18-24:** Section 36-18-25(e), *Code of Alabama* 1975, provides that, all persons convicted of any of the offenses set out in §36-18-24(felony offense or any offense contained in Chapter 6 of Title 13A - offenses involving danger to the person - or attempt, conspiracy, or solicitation thereof ), shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **Drug Possession:** If you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in §§13A-12-211 to 13A-12-260, inclusive, *Code of Alabama* 1975, an additional fee of $100.00 will be assessed pursuant to §36-18-7, *Code of Alabama* 1975.

☐ **Other:** _____

## RIGHTS YOU HAVE AND WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You are not required to answer any questions. If you do answer questions knowing that you have a right to remain silent, you will have waived this right.

You have the right to enter, and continue to assert, a plea of "Not Guilty" or "Not Guilty by Reason of Mental Disease or Defect," and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State, just as any other witness is subjected to cross examination. If you decide not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty. If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE, AND YOU WILL BE CONVICTED AND SENTENCED BASED ON YOUR GUILTY PLEA. YOU WILL, HOWEVER, HAVE THE RIGHT TO APPEAL.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

| 5-10-2005 | Thomas E. Head, III |
|---|---|
| Date | Judge |

## ATTORNEY'S CERTIFICATE

I certify that the above was fully read to the defendant by me; that I explained the penalty or penalties involved with the defendant; that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and to my knowledge no one else has done so.

| 5-10-05 | _[signature]_ |
|---|---|
| Date | Attorney |

## DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

| 5-10-05 | _[signature]_ |
|---|---|
| Date | Defendant |

)                                  )

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,              *

     PLAINTIFF,              *

VS.                           *   CASE NOS. CC-2005-155 & -156

HOWARD GLENN TOOLE,           *

     DEFENDANT.              *



EXHIBIT
15

### GUILTY PLEA AND SENTENCING ORDER

Defendant, Howard Glenn Toole, appeared before the Court and was represented by Hon. Stephen E. Blair, Attorney at Law. The State was represented by Hon. Larry C. Jarrell, Assistant District Attorney for the Twelfth Judicial Circuit, State of Alabama.

The Defendant requested to withdraw his earlier pleas of "NOT GUILTY" and "NOT GUILTY BY REASON OF MENTAL DISEASE OR DEFECT" and to be re-arraigned. Upon arraignment, the Defendant entered pleas of GUILTY to the two charged offenses of Robbery, First Degree, each in violation of § 13A-8-41, Code of Alabama (1975).

The Court conducted a colloquy and is satisfied that Defendant understands the nature of and elements required to constitute the crimes charged against him and the range of penalty for said offenses. The Court is further satisfied that Defendant knowingly, intelligently, and voluntarily waives his right to trial, by judge or jury, his right to confrontation, his right to the attendance of defense witnesses through compulsory process, and his right against compulsory self-incrimination. The Court finding a factual basis for the pleas and/or being of the opinion that the Defendant fully

understands the significance of same, accepts his pleas of guilty. The Defendant is pronounced and declared *GUILTY* of two counts of Robbery, First Degree, each in violation of § 13A-8-41, *Code of Alabama* (1975).

Defendant was then: (1) Afforded an opportunity to make a statement in his own behalf before sentencing and was further asked if he had anything to say as to why the sentence of the law should not be imposed; and (2) Given an opportunity to present evidence as to any matter probative in the issue of sentence and/or facts in mitigation of any penalty that is to be imposed.

The State was then afforded an opportunity to present evidence as to any matter probative to the issue of sentence and/or facts in aggravation or mitigation of any penalty that is to be imposed. The State made certain sentencing recommendations as per the parties' mutually agreed upon settlement.

After considering the settlement agreement offered, arguments of the parties, and any evidence presented:

IT IS ORDERED that for Defendant's aforesaid convictions of Robbery, First Degree, he is hereby sentenced in each case, upon the recommendation of the District Attorney, made pursuant to plea agreement, to serve twenty (20) years imprisonment in the Penitentiary of the State of Alabama, said sentences to run concurrently with one another and with like sentence imposed in Coffee County Case No. CC-2005-149. Pursuant to plea agreement and under the provisions of the *Alabama Split Sentence Act*, Defendant's

twenty year sentences are ordered split, with Defendant to initially serve five years thereof in the Penitentiary of the State of Alabama and the remaining fifteen years to be suspended and Defendant placed on five (5) years supervised probation. The five-year active part of defendant's twenty-year split sentences is consecutive to his penitentiary sentence in the State of Florida where he is presently serving seven years as active part of a twenty-two year split sentence. Defendant is jail credit from February 17, 2005, until present date as allowable time served while awaiting trial and/or disposition in this case, which said jail credit is to be applied toward the active portion of Defendant's said split sentence.

As an additional part of Defendant's sentences, he is ordered in each case to pay to the Clerk of Court the following: restitution, if any later be taxed, costs, $50.00 to be distributed to the Alabama Crime Victim Compensation Commission, and full reimbursement of indigent attorney fees. The Court specifically reserves hearing and ruling upon the issue of restitution, with the State allowed 60 additional days to present supporting documentation of any claimed on behalf of the victim.

During the probationary phase of Defendant's sentences, conditions of his probation are as follows: (a) Defendant shall not commit a crime; (b) Defendant shall report to his probation officer as often as directed and abide by any special conditions of probation imposed by his supervising probation officer; and (c)

Defendant shall pay all taxed sums in accordance with a plan to be implemented through his supervising probation officer.

Should the Defendant have any income while incarcerated in an Alabama Penitentiary or Correctional Facility, the Alabama Department of Corrections is ORDERED to pay twenty-five percent (25%) of Defendant's said funds (which funds of the Defendant the Department may come into possession of) to the Clerk of the Court, Pike County, Alabama, as is allowed by law and said Department is ordered to pay same to the Clerk of the Court until such time as all costs and above-ordered fees are paid in full.

Also as an additional part of Defendant's sentence, he is ordered to submit upon demand to the taking of a DNA sample or samples, as required by § 36-18-24, *Code of Alabama* (1975).

The Defendant was advised of his right of appeal, however, he did not reserve any issue for purposes of appeal.

DONE THIS THE 10th day of May, 2005.



_____
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                          *
                                           *
          PLAINTIFF,                       *
                                           *
VS.                                        *          CASE NO.:  CC 2005-H-155, 156
                                           *
HOWARD GLENN TOOLE,                        *
                                           *
          DEFENDANT.                       *

### STATE'S MOTION TO ORDER RESTITUTION

**COMES NOW** the State of Alabama, by and through the undersigned Assistant

District Attorney and submits the amount of restitution in the above styled cases as

follows:

|   |   |   |   |
|---|---|---|---|
| 1. | CC 2005-H-155 | Four Seasons Nursery<br>125 McNeil Stret<br>Troy, Alabama 36081 | $218.24<br><br>*See Exhibit "A"* |
| 2. | CC 2005-H-156 | Russell Oil Co., Inc.<br>dba 87 Amoco<br>Post Office Box 38<br>Lapine, Alabama 36046 | $132.69<br><br>*See Exhibit "B"* |

**WHEREFORE** the State requests that restitution in the listed amounts be added

to the Order and order restitution to be jointly and severally with the co-defendant, John

Franklin Gilbert, CC 2004-H-227, 228.

DONE this the 31st day of May, 2005.

Scherry J. Harrison (HAR119)
Assistant District Attorney
Post Office Box 812
Troy, Alabama 36081
(334) 566-6896

EXHIBIT
1K

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing by placing same in the United States mail, postage paid and addressed as follows on this the 31st day of May, 2005.

Hon. Steve Blair, Esq.
111 East College Avenue
Enterprise, Alabama 36330

Scherryl J. Harrison (HAR119)
Assistant District Attorney

EXHIBIT "A"

## IN THE CIRCUIT/DISTRICT COURT OF THE TWELFTH JUDICIAL CIRCUIT

## PIKE, ALABAMA

STATE OF ALABAMA,       VS.      JOHN FRANKLIN GILBERT

       PLAINTIFF,          *      *Howard Glen Toole*

                                 DEFENDANT

                     CASE NUMBER **030043TR**

                                   *03-44TR*

## RESTITUTION AFFIDAVIT

I am the victim in the above styled case. As a result of the Defendant's actions I have suffered losses as set out below, and request the Defendant be ordered to pay restitution to me.

1. Travel expenses ($.25 per mile)............... $ _____

2. Missed work (pay per hour)................... $ _____

3. Property expenses (replace, repair, clean, etc.) $ _100.00_

4. Medical expenses (medicine, doctor, etc.) $ _____

5. Funeral expenses.......... *(Friends) Picture Frame* $ _17.24_

6. Other expenses (itemized). *Money Stolen* $ _101.00_

                     TOTAL....... $ _218.24_

I certify that this is a true and accurate statement and I understand that I may be required to testify under oath concerning the amount of restitution requested.

_10-15-04_
DATE

                                 _Bobby F. Sheppard_
                                 SIGNATURE

NAME _Bobby F. Sheppard_
HOME ADDRESS _1371 Co. Road 7722_      WORK ADDRESS _125 McNeil_
_Troy, Al 36081_                        _Troy, Al 36079_
HOME PHONE _334.566.0524_      WORK PHONE _334.566.3216_

EXHIBIT "B"

IN THE CIRCUIT/DISTRICT COURT OF THE TWELFTH JUDICIAL CIRCUIT

PIKE, ALABAMA

STATE OF ALABAMA,       VS.       JOHN FRANKLIN GILBERT

                                  Howard Glen Toole

PLAINTIFF,                  *      DEFENDANT

CASE NUMBER 030043TR

03-44TR

## RESTITUTION AFFIDAVIT

I am the victim in the above styled case. As a result of the Defendant's actions I have suffered losses as set out below, and request the Defendant be ordered to pay restitution to me.

1. Travel expenses ($.25 per mile)............... $_____

2. Missed work (pay per hour).................... $_____

3. Property expenses (replace, repair, clean, etc.) $ 132.69

4. Medical expenses (medicine, doctor, etc.) $_____

5. Funeral expenses.............................. $_____

6. Other expenses (itemized)..................... $_____

TOTAL....... $ 132.69

I certify that this is a true and accurate statement and I understand that I may be required to testify under oath concerning the amount of restitution requested.

10/13/04
DATE                                    SIGNATURE

NAME Russell Oil Co, Inc.    PO Box 38, La Pine, AL 36046
HOME ADDRESS_____    WORK ADDRESS_____

HOME PHONE_____      WORK PHONE_____

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,           *

      PLAINTIFF,          *

VS.                  *      CASE NOS. CC-2005-155
                            and CC-2005-156

HOWARD GLENN TOOLE,     *

      DEFENDANT.         *

ORDER

The Court having considered the State's motion to order restitution and Defendant's objection filed thereto, same is hereby scheduled for hearing on July 13, 2005, at 11:00 a.m., Pike County Courthouse, Troy, Alabama.

DONE THIS THE 8th day of June, 2005.

_____
CIRCUIT JUDGE



JUN 2005

Court Clerk
Pike Co., Ala.

DA
Blair

EXHIBIT

1L

IN THE CIRCUIT COURT FOR
PIKE COUNTY, ALABAMA

STATE OF ALABAMA        *
                           *

VS.                        *      CASE NOS. CC 2005-155 &156
                           *

HOWARD GLENN TOOLE,       *
DEFENDANT.              *

MOTION TO RESCHEDULE

Comes now the attorney for Defendant and motions the court to reschedule hearing on Defendant's objection to restitution set for July 13, 2005, at 11;00 a.m. as said attorney has a matter scheduled in bankruptcy court on said date and time.

Steve Blair     BLA045
Attorney for Defendant
111 East College Avenue
Enterprise AL 36330
334-308-5375

CERTIFICATE OF SERVICE

I hereby certify that I have served the District Attorney with a copy of the foregoing by first class mail (or by depositing a copy of same in the District Attorney's receptacle box located in the Office of the Clerk of Court) this the _____ day of _____, 2005.

Steve Blair
Attorney for Defendant

JUN 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

EXHIBIT
1m

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,          *

      PLAINTIFF,        *

VS.                     *      CASE NOS. CC-2005-155

                                              CC-2005-156

HOWARD GLENN TOOLE,   *

      DEFENDANT.     *

<u>ORDER</u>

On motion of Defendant's attorney, due to a scheduling conflict, restitution hearing is continued and same reset for the _10th_ day of _August_ , 2005, at 9:00 a.m., Pike County Courthouse, Troy, Alabama.

DONE THIS THE 16th day of June, 2005.

_____
CIRCUIT JUDGE

JUN 2005
FILED
Brenda Meadows Peacock
Court Clerk
Pike Co., Ala.

EXHIBIT
1N

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

STATE OF ALABAMA,                           *

      PLAINTIFF,                      *

VS.                                          *        CASE NOS. CC-2005-155 & -156

HOWARD GLENN TOOLE,                          *

      DEFENDANT.                      *

<u>ORDER</u>

This cause coming on for hearing upon the State's motion to order restitution and Defendant's objection filed thereto. Hon. Tom Anderson and Hon. Larry C. Jarrell appeared for the State. Hon. Steven E. Blair appeared for Defendant. After hearing, it is hereby;

ORDERED AND ADJUDGED that Defendant is taxed with restitution in each case as follows:

1. In CC-2005-155, $218.24 for the benefit of Four Seasons Nursery.

2. In CC-2005-156, $100.00 for the benefit of Russell Oil Co., Inc. d/b/a 87 Amoco.

DONE THIS THE 10th day of August, 2005.



_____
CIRCUIT JUDGE

DA
Blair

**EXHIBIT**

tabbies

10

IN THE COURT OF CRIMINAL
APPEALS, FOR THE STATE OF
ALABAMA

Howard G. Toole
APPELLANT

V.S.

State of Alabama

Case No. CR-05-0803
Cir. Ct. Case No. CC-05-149, 155, 156

RE: Writ of Habeas Corpus/Belated Appeal

## MOTION TO GRANT LEAVE TO PROCEED

Comes now the Appellant, HOWARD G. TOOLE, by and through himself, PRO SE, and asks this honorable Court to Grant Leave, for Appellant to proceed to the ALABAMA SUPREME COURT, and to submit his Motion for, WRIT OF HABEAS CORPUS FOR BELATED DIRECT APPEAL; SUPPLEMENTED.

This Court, on the 23rd day of February 2006; did Dismiss the Appellant's previously submitted Motion for Belated Appeal, and treated such as a Petition for Mandamus.



EXHIBIT
1 P

-1-

## OPENING STATEMENT

THIS APPELLANT, does Not wish to bypass his Right to pursue a Direct Appeal for Review of his Judgement and Sentence, in an Good Faith Attempt to present his Claims of Violation of Federal and State Constitutional Rights; i.e. violation of Articles V and XIV, deprivation of liberty and Due Process under the Law. Violation of, Article VI, Dinial of Right to Speedy trial. And violation of, Interstate Agreement on Detainer Act. The (IADA) is both an Federal and State Act, that is not only Connected but intertwined. SEE: GARY V. NETHERLAND, 116 S. Ct. 2074 (1996).

At this point the Appellant must iterate that he has, in all his Motions, and correspondence with the Courts, Revealed that he has No access to, Alabama's Rules of Court; Alabama's Rules of Appellate Proceedures, Nor Alabama's Criminal Code. The Appellant has made attempts and pleas to both the Clerks of the Circuit and Appellate Courts for this information; as well as Numerous attempts to the State of FLORIDA for said same. This Appellant is using Federal and FLorida format in this his attempt to access the Courts of ALABAMA, as this Right is protected by the, I, V, and XIV Amendments to the CONSTITUTION.

-2-

## OPENING STATEMENT, CONT.

This Appellant must comment in the strongest of terms, that through no fault of his own, he has previously, and is presently being hindered in his efforts to submit Nonfrivolous legal Claims. SEE: <u>LEWIS V. CASEY</u>, 518 U.S. 343 (1996).
<u>PILGRIM V. LITTLEFIELD</u>, 93 F. 3d. 413 (6th Cir. 1996).
<u>SABERS V. DELANO</u>, 100 F. 3d 82 (8th Cir. 1996).
SEE ALSO: <u>SHANGO V. JURICH</u>, 965 F. 2d 289 (7th Cir. 1992).
<u>TOUSSAINT V. McCARTHY</u>, 926 F. 2d 800 (9th Cir. 1990).
<u>BOUNDS V. SMITH</u>, 430 U.S. 817 (1977).

THE APPELLANT has made every attempt possible to afford the, STATE COURTS of ALABAMA, the opportunity to Review the Claims presented and Referenced herein, and in support thereof, the Appellant will submit the following Claims, that will be asserted in Direct Appeal should Petition for Belated Appeal be granted. An Certificate of Service accompanies this Motion, in Compliance with Rule 21(a), Alabama Rule of Appellate proceedure, as previously ORDERED by this Court.

## STATEMENT OF CLAIMS

### ONE:

THE APPELLANT's Claim of violation of FEDERAL, CONSTITUTIONAL, and STATE LAWS and RIGHTS, that arise from the trial Courts failure to comply with the Provisions and Procedures of; THE INTERSTATE AGREEMENT ON DETAINERS ACT. Inacted by Congress and adopted by the STATES into what is perceived as, the "LAW OF THE LAND", these provisions use of literal wording in applying, "SHALL and MUST," do so, that niether the Courts nor the Appellant may misconstrue their meaning, as being Mandated by the ACT. Violations of, Articles, III (a), (d) in part; Article, V (e), are at issue.

### TWO:

THE APPELLANT will assert that after Sentencing he was impeded in filing an Direct Appeal in an procedural and timely fashion by the State; and further violating provisions of (IADA), Article V (e), which states; "AT the earliest practicable time Consonant with the purposes of this Agreement; the prisoner shall be Returned to the Sending State".

THIS APPELLANT has no knowledge of Alabama Rules of Appellate procedures, and while being held in Coffee County jail in excess of Sixty (60) days after Sentencing, he had no assistance from Counsel or anyone versed in the

-4-

## STATEMENT OF CLAIM, CONT.

law to the extent that the Appellant Could have so much as filed a notice of intent, to Direct Appeal. However, upon return to the State of FLORIDA, where access to an Law Library, with law Clerks to assist the Appellate, and the availability of Federal and FLORIDA procedural manuals, the Appellant was able to submit an Petition for Writ of Habeas Corpus for Belated Direct Appeal.

### THREE:

THE APPELLANT submitted his Writ of Habeas Corpus for Belated Appeal to the trial Court in Coffee County, Alabama, Enterprise Division. The Trial Court Dismissed the Petition after <u>120</u> days, as being untimely and lack of jurisdiction. The Appellant would offer for this court to Consider, why would it take the trial Court four (4) months to determine that the petition was untimely, and, at what point is an Petition for Belated Appeal untimely? THIS APPELLANT VIEWS this as another act of impediment to his attempts to litigate his Claims.

## STATEMENT OF CLAIM, Cont.

### FOUR:

THE APPELLANT would show that violation of Article I, of the (IADA) has, and still effects the conditions of the Appellants incarceration in the Sending State. The Appellant has lived and subsisted under the sanctions of Detainer, from February of 2003, up and to today.

1. Security Status is set and shall Remain at the highest level under detainer.

2. Work/Jobs available to Appellant are limited to Secured areas.

3. Housing Status is set for maximum security areas only.

4. Rules for prisoners under detainer status for visitation are limited as opposed to other prisoners with similar offences.

5. Phone and Mail monitoring is intensified.

6. Transfers closer to home are more severly scrutinized.

7. Appellant has a history of diagnosed mental disorder, and is now suffering mental and emotional damage as a direct Result of what he believes to be an illegal judgement and Sentence in violation of Federal and Constitutional law.

<u>STATEMENT OF CLAIM, CONT.</u>

<u>FIVE:</u>

AFTER DISMISSAL by the circuit court of Coffee County, the Appellant sought review of his claims through the ALABAMA CRIMINAL COURT OF APPEALS. The Appellant submitted an supplemented Writ of Habeas Corpus for Belated Appeal. The Court issued an Order directing the Appellant to comply with Rule 21(a) of Appellate Procedure within 14 days or suffer dismissal of Petition. The Appellant complied with Certificate of Service to all concerned parties. However, this Court did not review the Petition. Instead it was treated as an Mandamus, and dismissed. The Court suggested that "Petitioner's Remedy, if any," "is to file Petition for Post-Conviction Relief." The Appellant believes this to be improper, as his claims are cognizable, and that they so effected the outcome of the proceeding that the Resulting conviction was arrived at with a measure of unfairness, and that a denial of Due Process insued. SEE: <u>DONNELLY V. DechRistofer</u>, 416 U.S. 637-42 (1974). SEE: <u>SAWYER V. SMITH</u>, 497 U.S. 227-35 (1990). The Provisions of the (IADA) are Mandated by Statute, the Procedures are well established by sending state; <u>§ 941.45</u>, the Recieving State; <u>§ 15-9-81, 1975</u>, <u>U.S.C. 18 Const. Article § 1.</u>

## STATEMENT OF CLAIM, CONT.

### FIVE; CONT:

The Appellant further asserts that the trial Court errored in it's failure to comply with the Federal Requirements, as well as State Requirements of the (IADA), as it was to arrive at a Judgement and Sentence illegally. SEE: <u>Moore V. Dempsey</u>, 261 U.S. 86 (1923). The Violations that occurred are fundamental in nature, as they violate Constitutionally Protected Rights, such as, liberty issues, Speedy trial, and Due Process, under the VI and XIV Amendments to the UNITED STATES CONSTITUTION.

### SIX:

THE APPELLANT asserts that the Plea Agreement, arising out of the (IADA) violation is also questionable. The trial Court entered an unknown stipulation in Reference too the Appellant's Right to Direct Appeal. "The Defendant was advised of his Right to Appeal," however, "he did not Reserve any issue for Appeal". The Appellant views this action as another attempt to impede his litigation of the violation of the (IADA). Appellant's Attorney of Record advised him that the violations were preserved on the face of the Record; i.e. three motions to Dismiss

−8−

## STATEMENT OF CLAIM, CONT.

### SIX; CONT:

submitted to the trial court. Followed by hearing to hear the Defence's Arguement in support thereof; and another hearing approximately 7 to 10 days later where the Court denied said Motions.

The Appellant would add that prior to acceptance of the Plea Agreement he was under the influence of psychotropic medication that slows down both Motor and Mental function, for diagnosed, "Dysthymic disorder, Major Depression. Treated by, 40 mg. Prozac, 300 mg. Seroquil. The Appellant was in a state of deminished Capacity not Related to Alcohol or drug addiction.

### CLOSING STATEMENT

THE APPELLANT has alleged as shown above, a factual basis for the Claims he wants to present for Direct Appeal. He has shown that his claims are both fundamental, and Cognizable violations of federal and State law. He has asserted an Good faith effort in trying to afford the State of Alabama an opportunity to Review these Claims. The Appellant has shown cause for

# CLOSING STATEMENT

any procedural mistakes he may have made, and now challenges the State to do likewise. The Appellant has shown, where he was prejudiced by the State, in that, if the state had adhered to the provisions and procedures set forth and mandated by both federal and State Law/statute, the Results of this case would have been different. The violations here-in, are founded by Claims that involve, Liberty issues, Due Process violations, and Speedy trial violation. The Interstate Agreement on Detainers Act was adhered to by the Appellant with what will be shown as above the "reasonableness" expected on the part of the Appellant. The Appellant expressed and asserted his Right provided for, and protected by, the (IADA). The Appellant will not offer exhibits in this his Motion to Grant Leave. The Record will Reflect, as to the Claims herein. Had the Court afforded the Appellant a full and fair hearing as to the Appellants compliance with the (IADA), and the obvious violations on the part of the State, again the outcome would have been different. SEE: Rhodes V. Rowland, 10 F. 3d 1457-60 (9th Cix. 1993).

## Relief Sought

The Appellant prays this Honorable Court Grants this Motion by giving the Appellant leave to proceed to the States Highest Courts or Grant's Rehearing on Appellants Motion for Belated Appeal for Direct Appeal.

Respectfully Submitted,

Howard Toole

Howard C. Toole, #912683, F1-144-S
Apalachee Correctional Inst.
52 West Unit Drive, West
Sneads, Florida 32460

This 9th day of MAY 2006.

## Certificate of Service

I Howard Glen Toole, do hereby certify, that a true and correct copy of the foregoing, Motion to Grant Leave to Proceed, has been furnished to all parties concerned in this action, as listed below; by U.S. Mail, on this the 9th day of MAY 2006.

Respectfully Submitted,

Howard G. Toole, Pro Se,

Howard G. Toole, # 917683, F1-144-S

Apalachee Correctional Institution

52 West Unit Drive, West

Sneads, Florida 32460

CC: Hon. Lane W. Mann
Clerk of the Court
of Criminal Appeals
300 Dexter Ave.
P.O. Box 301555
Montgomery, Al. 36130

Hon. H.W. McMillon, Esq.
% Clerk of the Court
of Criminal Appeals.
Chief Judge, Presiding

Hon. TROY King, Esq.
Attorney General
State of Alabama
State House, 11 S. union St.
Montgomery, Alabama 36130

Hon. James M. Counts
Circuit Clerk for
Coffee Co. Alabama
P.O. Box 311284
Enterprise, Alabama 36331

Hon. Thomas E. Head III
Circuit Judge
Elba, Courthouse
ELBA, Alabama 36323

Hon. GARY McAliley, Esq.
District Attorney, 12th
Judicial Circuit
P.O. Box 311102
Enterprise, Alabama 36331

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee  Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Petitioner's motion to grant leave to proceed to the Supreme Court is DISMISSED.

Done this the 16th day of May, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
  Howard Toole, Pro Se
  Hon. Thomas E. Head, III, Circuit Judge
  Hon. Troy King, Attorney General
  Hon. Gary McAliley, District Attorney

**EXHIBIT**
1Q