IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HOWARD GLEN TOOLE, ) <br> #C 917683 ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> JAMES MCDONOUGH, et al., ) <br> ) <br>    Respondents. ) | CIVIL ACTION NO. <br> 2:06-CV-714-MHT |

**RESPONDENTS' SUPPLEMENTAL ANSWER**

Come now Respondents, and file their supplemental answer in response to this Court's Order dated December 7, 2006. In support of their supplemental answer, Respondents answer, as follows:

1. Respondents adopt by reference, as if asserted herein, the following sections of their answer dated December 7, 2006: Procedural History; Answer to the Petition; and Memorandum brief that contains an argument on the procedural default of Toole in timely presenting his claims to State court.

2. Respondents deny that Toole was denied effective assistance of counsel because 1) counsel failed to reserve his speedy trial issue under the Interstate Agreement on Detainers Compact; and 2) because counsel had a conflict of interest. Respondents aver these claims were not presented to the state courts and

said issues are now procedurally defaulted, because Toole is either precluded or time-barred from raising these claims in a Rule 32 petition.

3. Respondents deny cause exists for Toole's procedural defaults, nor can Toole demonstrate a fundamental miscarriage of justice will result if the federal court does not entertain the claims.

4. Respondents deny Toole is entitled to any relief he has requested.

## Discussion

5. Toole's claim that he was denied effective assistance of counsel because: (a) counsel did not reserve his speedy trial claim under the Interstate Agreement of Detainers Act, and, (b) that counsel had a conflict of interest, of which that Toole was unaware when he pleaded guilty, were never presented to the state courts, nor could Toole timely present these claims in a Rule 32 petition, therefore these claims are procedurally defaulted. This Court should not review Toole's claims because "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 732 (1992).

In Edwards v. Carpenter, 529 U.S. 446-447, 120 S. Ct. 1587-89 (2000), the United States Supreme Court held:

> A procedurally defaulted ineffective assistance claim can serve as cause to excuse the procedural default of another habeas claim only

2

if the habeas petitioner can satisfy the "cause and prejudice" standard with respect to the ineffective-assistance claim itself. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns, Coleman v. Thompson, 501 U.S, 722, 730, 111 S. Ct. 2546, 115 L. Ed. 2d 640, and apply whether the default occurred at trial, on appeal, or on state collateral attack, Murray v. Carrier, 477 U.S. 478, 490-492, 106 S. Ct. 2639, 91 L. Ed. 2d 397. Thus, a prisoner must demonstrate cause for his state-court default of any federal claim and prejudice therefrom, before the federal habeas court will consider that claim's merits. 501 U.S., at 750, 111 S. Ct. 2546. Counsel's ineffectiveness in failing properly to preserve a claim for state-court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim. Carrier, supra, at 488-499 106 S. Ct. 2639. The comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective-assistance claim to be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.

The Eleventh Circuit Court noted in Henderson v. Campbell, 353 F. 3d 880, 896 (11th Cir. 2003), that: "While there are very few record cases involving a double-layered application of the doctrine of procedural default, the Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." (quoting Edwards at 451-452)

Here, Toole did not raise or present his ineffective assistance of counsel claims to the state court, and because the claims are now time-barred, under Rule 32.2(c), A.R.Crim.P., these claims are procedurally defaulted.

Regarding Toole's claim that he was denied access to the courts because he was unlearned in the law and adequate state law libraries and material were not available to him since he was incarcerated in the Florida penitentiary, Respondents assert that this claim is also procedurally defaulted, as previously argued, and Toole does not establish cause for his procedural default nor can he demonstrate he was prejudiced by this alleged denial of access to the Alabama State courts. "A federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent state procedural rule, unless the prisoner can show either (1) cause for the default and actual prejudice going out of the alleged violation of federal law or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the claim." McCoy v. Newsome, 953 F. 2d 1252, 1258 (11th Cir. 1992) quoting Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2565 (1991).

Also, "the cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. Murray v. Carrier, 477 U.S. 478, 488 106 S. Ct. 2639, 2645, 91 L. Ed 2d 397 (1986).

In an attempt to satisfy his burden, Toole alleged that the "governments, in more ways than one, have impeded and interfered with Toole's ability to access his attorney post-sentencing, denied him access to Alabama legal materials

4

allowing his insight to Alabama law, and intentionally misleading him to erroneously believe he had not reserved any issues cognizable for direct appeal." (Petitioner amended petition; pg. 15)

Toole was a habitual offender who committed not one, but three separate robberies in two different counties of Alabama. The explanation of rights form, fully executed and signed by Toole indicated that Toole faced a minimum of ten years in the Alabama penitentiary, that could have been tacked on to his Florida sentence, and a maximum of 99 years, on each of the three charges. Whether Toole would risk the increased punishment by choosing to go to trial and raise his speedy trial claims was resolved when Toole knowingly and voluntarily pleaded guilty to the negotiated plea agreement which resulted in a far more lenient sentence then Toole should have ever received. He claims that he was unaware of his legal rights; however, Toole admits that he informed counsel of the Interstate Detainer issue suggesting that Toole was in fact, being well counseled by his fellow inmate assistance program in the Florida penitentiary. Also, Toole has utilized the "belated appeal" tactic while incarcerated in the Florida penitentiary in his previous conviction. He is not as unfamiliar with the law as he professes. See Toole v. State, 717 So. 2d 183, 23 Fla. L. Weekly D 2169 (Sept. 17, 1998).

More importantly, Toole simply had to request Rule 32 forms from the Coffee County Circuit Court. He was notified of this fact by the Alabama Court of Criminal Appeals when his motion for a belated appeal was dismissed by that court. (See attached; marked supplemental exhibit A)

There was no legal impediment to Toole contacting the Coffee County Circuit Court and requesting the forms to file a Rule 32 petition. See McCoy at 1258. "A pro se petitioner is not exempted from the cause and prejudice requirement of Sykes. He must still show either that an objective factor external to himself caused him to default his claims, or that the defaulted claim raised an issue that he was intrinsically beyond [a] pro se petitioner's ability to present" citing Harmon v. Barton, 894 F. 2d 1268, 1275 (11th Cir. 1990). In the initial answer, Respondents cited Alabama and Eleventh circuit cases holding that speedy trial issues may be waived by pleading guilty, and that speedy trial claims do not rise to a federal constitutional level. See Ex parte Sawyer, 456 So. 2d 112 (Ala. 1983); Watson v. Alabama, 841 F. 2d 1074 1077 (11th Cir. 1988); United States v. Yunis, 723 F. 2x 795, 796 (11th Cir. 1984).

Because Toole did not reserve any issues for appeal, there were no claims he could have raised on appeal, thus Toole has not suffered actual injury by pleading guilty to a negotiated plea. Neither has Toole claimed he was "actually innocent" of the crimes. Toole knowingly and voluntarily pleaded guilty to avoid

6

spending the rest of his life in prison, therefore Toole can not now claim he was somehow prejudiced.

Toole's petition is due to be dismissed because Toole's claims are procedurally defaulted, and Toole-though alleging a denial of access-is unable to demonstrate that he was prejudiced or suffered actual injury from his defaults.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


/s/Daniel W. Madison
Daniel W. Madison (MAD029)
*Assistant Attorney General*

## Supplemental Exhibit

Exhibit A            Alabama Court of Criminal Appeals order
                     dismissing motion for belated appeal.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2007, I electronically filed the foregoing document including Exhibit A, with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the foregoing document, including exhibits to the following non-CM/ECF participant:

> Howard Glenn Toole
> Detainee No. 917683,
> Zephyrhills Correctional Institute
> 2739 Gall Boulevard
> Zephyrhills, Florida 33541

>> /s/Daniel W. Madison
>> Daniel W. Madison (MAD029)
>> Office of the Attorney General
>> Alabama State House
>> 11 South Union Street
>> Montgomery, AL  36130-0152
>> Telephone:  (334) 242-7300
>> Fax:  (334) 242-2848
>> E-Mail:  DMadison@ago.state.al.us

220639/TOOLE

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-05-0803

Ex parte Howard G. Toole   (In re: State of Alabama vs. Howard G. Toole)   (Enterprise Division, Coffee Circuit Court: CC05-149, CC05-155, CC05-156)

## ORDER

Upon consideration of the above referenced Petition for Writ of Mandamus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby DISMISSED. Petitioner's remedy, if any, is to file a petition for post-conviction relief pursuant to Rule 32.1(f), Alabama Rules of Criminal Procedure in the counties of conviction.

Done this the 23rd day of February, 2006.

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. James M. "Mickey" Counts, Circuit Clerk
    Howard Toole, Pro Se
    Hon. Thomas E. Head, III, Circuit Judge
    Hon. Troy King, Attorney General
    Hon. Gary McAliley, District Attorney

