# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

HOWARD GLENN TOOLE,      )
                                     )
       Petitioner,           )
                                       )
v.                                       ) CIVIL ACTION NO.
                                       ) 2:06-CV-714-MHT
JAMES MCDONOUGH, et al.,    )
                                       )
       Respondents.       )

## SUPPLEMENTAL ANSWER OF RESPONDENT

Comes now the Respondents, by and through the Attorney General for the State of Alabama, and, pursuant to this Court's December 7, 2006, order, hereby respectfully submit this Supplemental Answer to address the ineffective assistance of counsel and inability to access relevant legal material claim asserted by Howard Glenn Toole regarding his June 8, 2006 petition for writ of habeas corpus, challenging his two Pike County (Alabama) Circuit Court (CC-05-155, CC-05-156), first degree robbery convictions, dated May 10, 2005.

The Respondents deny that Toole is entitled to the "cause and prejudice" exception to the unexhausted nature of all of the claims of his petition and again denies that Toole is entitled to any relief whatsoever under the federal writ of habeas corpus.

## PROCEDURAL BACKGROUND PERTINENT TO TOOLE'S "CAUSE AND PREJUDICE" CLAIMS

1. As argued in the Respondent's October 24, 2006 Answer, following Toole's Pike County Circuit Court guilty plea robbery convictions, the trial court sentenced him, in each of his two first degree robbery convictions, to serve twenty years imprisonment, split to five years incarceration, with five years probation, set to run concurrently. The trial court noted that Toole, at his guilty plea colloquy, did not reserve any issues for appeal. See Respondent's original response Ex. 1J. Toole did not file a direct appeal to the Alabama Court of Criminal Appeals, following his May 10, 2005 sentencing, and his conviction became final on June 22, 2005, forty-two days after his sentence was rendered. Toole also did not seek certiorari review in the Alabama Supreme Court.

2. Toole was incarcerated in the Coffee County (Alabama) jail from February 17, 2005 until July 13, 2005. Ex. 3, Doc. 6-1, p. 32. Toole was held, in Alabama, with access to Alabama legal reference materials, for the entire time within which he could have moved to withdraw his guilty plea (thirty days after sentencing, see Ala. R. Crim. P. Rule 24.1) or filed a notice of appeal (as noted above, forty-two days after sentencing, see Ala. R. Crim. P. Rule 4(b)(1)).

3. Toole never filed an appeal, of any kind, on any issue, in the Alabama courts, and did not seek post-conviction relief under Ala. R. Crim. P. Rule 32.

4. On June 13, 2006, Toole filed his habeas petition in the United States District Court for the Northern District of Florida, which was transferred to this Court on August 10, 2006. The Respondent filed its answer to the petition on October 24, 2006.

5. On November 8, 2006, this Court ordered Toole to respond to the respondent's claims that his claims were procedurally defaulted November 28, 2006. Doc. 24. Toole filed his response to this Court's order on December 5, 2006. Doc. 26.

6. After this Court ordered the petitioner to establish cause and prejudice with respect to the claims in his petition, Toole filed a "Petitioner's Response To Respondent's Pike County's Answer To Petition For A Writ Of Habeas Corpus[,]" the subject of the instant Supplemental Answer. In his response, Toole appears to argue, in regards to his Pike County robbery convictions, that he is entitled to the cause and prejudice exception to excuse his procedurally defaulted claims on the following grounds:

> A) He claims, while admitting he did not file a timely direct appeal or any post-conviction Alabama Rules of Criminal Procedure Rule 32 petition, "that [he] was denied access to the courts of Alabama" and that the "petitioner's denied access to his attorney and courts were the proximate 'cause' which created [his] procedural default." Toole claims that "actions of the State, State Courts, or other officials hindered [his] compliance with the procedural rule[s] or made compliance 'impracticable'" (Doc. 26, pp. 10, 15); and

B) That Toole's trial counsel rendered him ineffective assistance of counsel when counsel did not file an appeal or "inquire with the petitioner if he desired to file an appeal," and that petitioner's counsel had a conflict of interest due to the fact counsel was previously, during the pendency of Toole's indictment proceedings, the presiding circuit judge of the Enterprise Division  (Doc. 26, pp. 17-19);

## ARGUMENT

## TOOLE'S CLAIMS ARE UNEXHAUSTED AND IS HE NOT ENTITLED TO THE "CAUSE AND PREJUDICE" EXCEPTION.

7.  Claims made in a petition for habeas corpus that were not first properly presented to the state courts are procedurally defaulted.  28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust his remedies in the state court system.  E.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Smith v. Jones, 256 F. 3d 1135, 1140 (11th Cir. 2001); Henderson v. Campbell,  353 F. 3d 880, 897-898 (11th Cir. 2003). "[H]abeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts."   Kelley v. Secretary for Dept. of Corrections, 377 F. 3d 1317, 1344 (11th Cir. 2004), citing Footman v. Singletary, 978 F. 2d 1207, 1211 (11th Cir. 1992).

8.  Where, as here, a petitioner seeks to utilize an ineffective assistance of counsel claim as cause for procedural default, that ineffective assistance claim itself must be exhausted in state court before it may be subject to review on its

4

merits in federal court. "[T]he Supreme Court has made clear that a procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." Henderson v. Campbell, 353 F. 3d 880, 897, citing Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) and Murray v. Carrier, 477 U.S. 478, 106 S Ct. 2639, 91 L. Ed. 2d 397 (1986).

9. A petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. See Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." See Murray v. Carrier, 477 U.S. 478, 488 (1986), Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there exists the probability that the result of the proceeding would have been different. Id.; Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir.2002). In order to establish prejudice, it must be shown that counsel's performance was so ineffective as to violate the federal constitution. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). In other words, a petitioner seeking to show ineffective assistance of counsel as

the cause of a default and prejudice resulted from that cause, the petitioner must

prove that his counsel was ineffective under the standard set forth in Strickland v.

Washington, 466 U.S. 684 (1984), which held:

> Thus, a court deciding an actual ineffectiveness claim must judge the
> reasonableness of counsel's challenged conduct on the facts of the
> particular case, viewed as of the time of counsel's conduct. A
> convicted defendant making a claim of ineffective assistance must
> identify the acts or omissions of counsel that are alleged not to have
> been the result of reasonable professional judgment. The court must
> then determine whether, in light of all the circumstances, the identified
> acts or omissions were outside the wide range of professionally
> competent assistance. In making that determination, the court should
> keep in mind that counsel's function, as elaborated in prevailing
> professional norms, is to make the adversarial testing process work in
> the particular case. At the same time, the court should recognize that
> counsel is strongly presumed to have rendered adequate assistance and
> made all significant decisions in the exercise of reasonable
> professional judgment…actual ineffectiveness claims alleging a
> deficiency in attorney performance are subject to a general
> requirement that the defendant affirmatively prove prejudice…[t]he
> defendant must show that there is a reasonable probability that, but for
> counsel's unprofessional errors, the result of the proceeding would
> have been different.

10.  Toole's assertions supporting his argument for the "cause" of his

procedural defaults rely on the fact that he was denied access to Alabama courts

through his inability to access relevant legal material, which prevented him from

properly and timely filing the appropriate appellate measures, and also that, but for

his counsel's ineffectiveness, a timely filed appeal would have been filed, or in the

alternative, counsel should have inquired whether to file.  Doc 26, pp. 10, 15, 17.

Toole affirmatively asserts he did not file a direct appeal.  Doc. 26, p. 10.

11.  Toole's primary ineffective assistance of counsel claim is premised upon counsel's failure to file a direct appeal claiming an alleged violation of the Interstate Agreement on Detainer's Act.  Doc 26, p. 17.  "'Rights created by the IADA (Interstate Agreement on Detainer Act) are statutory, not fundamental, constitutional, or jurisdictional in nature.'  Greathouse v. United States, 655 F. 2d 1032 (10th Cir. 1981), cert. denied, 455 U.S. 926, (1982) (citations omitted)."  Goodson v. State, 588 So. 2d 509, 514 (Ala. Crim. App. 1991).

> "[A] defendant who pleads guilty waives all but a few grounds on which to appeal [because a guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings], and these grounds are not limited to review in a direct appeal after sentencing. Thus, an attorney's failure to file a direct appeal under these circumstances does not constitute ineffective assistance of counsel since it causes no harm to the defendant.  Ferguson v. State, 699 F. 2d 1071, 1073 (11th Cir. 1983).  See Annot., 13 A.L.R. 4th 533 (1982)."  Pardue v. State, 566 So. 2d 502, 505-6 (Ala. Crim. App. 1990).

Pryor v. State, 599 So.2d 83, 85 (Ala. Crim. App. 1992)(emphasis added).

> To reserve an issue for review, a defendant must express his or her intention, before the guilty plea is entered, to appeal the issue in question. Because a guilty plea waives all non-jurisdictional defects occurring before the entry of the plea, by entering a guilty plea a defendant is presumed to have abandoned all non-jurisdictional defects that occurred before the plea unless he or she expressly conditions the plea on the right to appeal the issue in question by expressly reserving it before entry of the plea. See, e.g., Prim v. State, 616 So. 2d 381 (Ala. Crim. App. 1993). Reserving an issue for appeal avoids the waiver effect of the guilty plea, but it does not preserve the issue for appellate review. Thus, in the guilty-plea context, an

> issue relating to a defect occurring before the entry of the plea
> must be both preserved by a timely and specific motion and/or
> objection and an adverse ruling from the trial court and reserved
> for appeal before the entry of the plea.

Knight v. State, 936 So. 2d 544, 546-547 (Ala. Crim. App. 2005)(emphasis added).

12. Accordingly, by his waiver of all underlying, non-jurisdictional claims (upon which to base any ineffective assistance of counsel claims) pursuant to his guilty plea (Ex. 4 and 1J)(which precluded any substantive IADA claims from appellate review, even if he had timely filed an appeal), and his failure to first present proper and timely claims to the state courts, Toole's claims of ineffective assistance of appellate counsel are procedurally defaulted from this Court's review as well as prevents Toole from demonstrating any "prejudice" pursuant to the "cause and prejudice" exception to procedurally defaulted claims.

13. Toole's claim, regarding his inability to access relevant legal materials and to have access to courts as the "cause" for his procedural default, and due to that "cause" he was "prejudiced," and that "prejudice" denied him the ability and opportunity to properly file his appeals, is meritless. As noted above, Toole has not presented any jurisdictional issues which would have even potentially afforded him any relief on the merits, since all non-jurisdictional issues were waived through not only his failure to reserve any issues for appeal during his guilty plea colloquy, but by the fact that Toole personally signed a settlement agreement which stipulated that he was not reserving any issues for appeal. Ex. 4. Therefore,

any alleged claim Toole could have raised, even if his assertion that he was denied

access to relevant legal materials had merit, regarding ineffective assistance of

counsel through counsel's failure to file an appeal based upon, for example, as

above, an IADA violation, would fail, as the underlying claim of an IADA

violation was, again, not preserved for appeal. Therefore any ineffective assistance

of counsel claim based upon those grounds would fail as Toole suffered no

prejudice under a <u>Strickland</u> analysis. Additionally, it appears that Toole

mistakenly believes that the circuit court may have "hindered" or prevented him

access to court when it "mislead" him when it told him he did not reserve any

issues on appeal. Doc. 26, p. 16. However, the circuit court's assertion to Toole

was correct, as Toole did not specifically reserve any issues on appeal during his

guilty plea colloquy. <u>See</u> <u>Knight v. State</u>, 936 So. 2d at 546-547.

14. To the extent that Toole claims an alleged conflict of interest his counsel

may have had, which, without the alleged conflict, "a timely appeal would [likely]

have been filed," Toole has failed to support this claim showing sufficient "cause

and prejudice" to sustain an exemption to his failure to exhaust his state court

remedies. Doc. 26, p. 19.

15. These claims, like Toole's other procedurally defaulted claims, are not

capable of further presentation to the state courts via <u>Ala.R.Crim.P.</u> Rule 32; it

would be precluded from review as untimely, and could have been raised at trial or

on appeal. Ala.R.Crim.P. Rules 32.2 (a)(3), (a)(5), and (c).

16. In his response to this court's order to show "cause and prejudice,"
Toole makes a cursory claim of a "fundamental miscarriage of justice." Doc. 26,
p. 19. However, a "fundamental miscarriage of justice" only occurs in an
extraordinary case, where a constitutional violation has resulted in the conviction
of someone who is actually innocent. Murray, 477 U.S. at 495-96. Toole has not
shown a resulting fundamental miscarriage of justice based upon the merits of his
defaulted ineffective assistance of appellate counsel claim, or any of his other
raised claims, or that he is innocent. Coleman v. Thompson, 501 U.S. 722, 750
(1991); Schlup v. Delo, 513 U.S. 298, 320 (1995).

## CONCLUSION

For the foregoing reasons, and as previously submitted by the Respondent in his October 24, 2006 Answer, this Court should dismiss Toole's petition for writ of habeas corpus.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


s/Marcus S. Bass
Marcus S. Bass
Assistant Attorney General

11

**EXHIBITS**

Exhibit 3:    Affidavit from the Coffee County Sheriff's Office affirmatively
stating Toole was incarcerated in their jail during the pendency of the
time in which Toole could have filed his direct appeal.

Exhibit 4:    Settlement Agreement signed by Toole in which he affirmatively
agrees that he has not reserved any issues on appeal.

12

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of January, 2007, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the foregoing (including exhibits) to the following non-CM/ECF participant: Howard Glenn Toole, AIS # 917683, Zephyrhills Correctional Institute, 2739 Gall Boulevard, Zephyrhills, Florida 33541.

/s/Marcus S. Bass
Marcus S. Bass ()
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail: mbass@ago.state.al.us

221017

13

# COFFEE COUNTY JAIL
### Ben Moates, Sheriff
### Ruth Scheipe, Administrator

Tuesday, January 9, 2007


Marc Bass
Office of the Attorney General
Criminal Appeals
11 South Union Street
Montgomery, Al.  36130


In reference to Howard Toole, said subject was incarcerated in the Coffee County Jail
from 02-17-2005 until 07-13-2005. During this time he would have been able to
access the Law Library during daytime hours at his request. The only exception
would be if the said library was otherwise occupied.

Ruth M. Scheipe
Administrator
Coffee County Jail



Sworn this day, Tuesday, January 9, 2007

Stanley Roberts
Notary Public

My Commission expires  Feb. 15, 2009.


**EXHIBIT**

3

STATE OF ALABAMA,
PLAINTIFF

Vs.

*Howard Glenn Foote*,
DEFENDANT.

```
*
*
*
*
*
```

IN THE _Circuit_ COURT OF
_Pike_ COUNTY, AL
_____ DIVISION

Case #: _CC 05-1554/56_

## SETTLEMENT AGREEMENT

After discussion and negotiation between counsel for the defendant, defendant and the prosecution, it is agreed, subject to acceptance by the Court that:

1. The defendant will enter a plea of guilty to the charge(s) of _Robbery 1st X 2_

2. The prosecutor will recommend, and defendant agrees to accept a sentence of: _20 years split serve 5 yr each case Concurrent with CC-05-149 + Consecutive to the time presently serving_ _____ $ Demand Reduction Assessment, $_____ Dept Forensic Science Fine, _____ months loss of driver's license, _____ CRO/SAP, $_____ FINE.

3. Whether sentence is Suspended?Split?Probation? _balance on prob. 5 years_

4. If probation is part of the agreement, Defendant will carry out all GENERAL conditions of probation. As a SPECIAL condition of probation, Defendant will pay court ordered moneys at the rate of $_____ per _____ until court ordered moneys are paid in full.

5. Defendant will pay RESTITUTION in the amount of $ _reserve 60 days_ to the Clerk of Court for distribution to:_____

6. Defendant shall be ordered: to pay COSTS of court in each case; an assessment to the Crime Victim's Compensation Commission of $ _50_ AND defendant will ( )not be required to reimburse the State of Alabama for indigent attorney's fees.

7. Defendant affirmatively states Defendant reserves no issues for appeal. As a basis of this Settlement Agreement, Defendant waives/gives up any right of appeal in the above styled. Defendant acknowledges he is aware he has a right to demand a Pre-Sentence Report before Sentencing. Defendant expressly waives/gives up his right to demand a Pre-Sentence Report of Investigation before sentencing..

8. Defendant shall receive credit for time spent in custody while awaiting trial and/or disposition in this/these case(s)._____

9. No other terms or conditions related to judgment and sentence in this/these case(s) are agreed on or contemplated by the defendant or the prosecutor. The parties stipulate Defendant has _____ proper, prior felony convictions which are to be used for enhancement of sentence.

_____
Signature of Defendant

_____
Signature of Defendant's Counsel

_____
Signature of Prosecutor

MAY 2005

FILED
_5/ Gloria Weaver Peacock_
Court Clerk
Pike Co., Ala.

Having reviewed the settlement agreement entered into by the defendant and the prosecutor, the Court hereby:
( ✓ ) Accepts the Settlement Agreement and incorporates same in the judgment and sentence.
( ) Rejects the Settlement Agreement and modifies the terms as follows:_____

_5-10-2005_
Date:

_Thomas E. Head III_
Judge

**EXHIBIT**
_4_