RECEIVED

2007 FEB 16  A 9:36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HOWARD G. TOOLE, #0-917683,          :

    PETITIONER,          :

                  CASE NO.: 2:06-CV-714-MHT-VP

US.          :          RE: (PIKE COUNTY)

JAMES MC DONOUGH, ET AL.,          :

    RESPONDENTS.          :

PROVIDED TO ZEPHYRHILLS C.I.
ON 2/9/07 FOR MAILING.

PETITIONER'S OBJECTIONS TO MAGISTRATE'S ORDERS
(ISSUED JANUARY 29TH AND 31ST, 2007)
AND
MOTION FOR DISTRICT COURT JUDGE
DE NOVO RECONSIDERATION

COMES NOW THE PETITIONER, HOWARD G. TOOLE, IN PROPRIA PERSONA, PURSUANT TO RULE 72(A), FEDERAL RULES OF CIVIL PROCEDURE; RULE 8(B) OF THE RULES GOVERNING SECTION 2254 CASES OF THE UNITED STATES DISTRICT COURT; 28 U.S.C. § 636(B)(1)(A); AND THE MAGISTRATE'S ACT, HEREBY OBJECTS TO THE ORDERS (ISSUED JANUARY 29TH AND 31ST, 2007) BY THE HONORABLE WALLACE CAPEL, JR. (AND TERRY MOORER) UNITED STATES MAGISTRATE JUDGES, AS FILED IN THE ABOVE-STYLED CAUSE; AND MOVES THIS COURT FOR

(PAGE 1 OF 8)

FOR A DISTRICT COURT JUDGE *DE NOVO* RECONSIDERATION DENYING PETITIONER'S *MOTION FOR APPOINTMENT OF COUNSEL* (WITH REQUEST FOR EXPANDED ACCESS TO THE PRISON'S LAW LIBRARY AND COMPELLING RESPONDENTS TO FURNISH PETITIONER ACCESS TO ALABAMA LEGAL MATERIALS); AND HIS *MOTION FOR LEAVE OF COURT TO INVOKE THE DISCOVERY PROCESS*, AS FILED IN THE ABOVE-STYLED CAUSE. AS GROUNDS IN SUPPORT THEREOF, THE PETITIONER WOULD SHOW:

1. ON JANUARY 16, 2007, PETITIONER FILED, *IN PROPRIA PERSONA*, A MOTION FOR LEAVE OF COURT TO INVOKE THE DISCOVERY PROCESS, MOTION FOR EXTENSION OF TIME [TO FILE A SUPPLEMENTAL RESPONSE], WITH A REQUEST FOR PRODUCTION OF TRANSCRIPTS OF THE STATE PROCEEDINGS CURRENTLY UNDER FEDERAL REVIEW. (SEE *APPENDIX "A" EXHIBIT "1A"* ATTACHED, INCORPORATED, AND MADE REFERENCE TO HEREIN-- PETITIONER'S JANUARY 16, 2007 MOTION.) AS A RESULT, THE AFOREMENTIONED MAGISTRATE JUDGE GRANTED PETITIONER'S REQUEST FOR AN EXTENSION OF TIME, AND DENIED ALL OTHER REQUESTED RELIEF; NAMELY, PROHIBITING LEAVE TO INVOKE WARRANTED DISCOVERY PROCESS AND THE PRODUCTION OF STATE TRANSCRIPTS. (SEE *APPENDIX "A" EXHIBIT "1B"* ATTACHED, INCORPORATED, AND MADE REFERENCE TO HEREIN -- MAGISTRATE'S ORDER ISSUED JANUARY 31, 2007, AND RECEIVED BY PETITIONER VIA U.S. MAIL ON FEBRUARY 2, 2007.)

2. Likewise, on January 25, 2007, the Petitioner filed a motion for appointment of counsel, which included requests for warranted expanded access to the prison's law library and production of transcripts of the state proceedings under federal review. (See Appendix "A", Exhibit "2A" attached, incorporated, and made reference to herein – Petitioner's January 25, 2007 motion.) Consequently, the aforementioned Magistrate Judge, again, denied Petitioner relief on all requests and suggesting "... Petitioner may contact the appropriate correctional official concerning his request for [Alabama] legal material ..." (See Appendix "A", Exhibits "2B" and "2C" attached, incorporated, and made reference to herein – Magistrate's order issued January 29, 2007, and received by Petitioner via U.S. mail on January 31, 2007.)

3. The Magistrate's orders of January 29th and 31st as referenced to in paragraphs one and two hereinabove are, without question, erroneous and contrary to law. Based on information and belief, the record in this cause demonstrates that the Honorable Wallace Capel, Jr. (and Terry Moorer) is a newly assigned Magistrate Judge, unfamiliar with Petitioner's filings, who overlooked or misapprehended Petitioner's response to Respondents' answer, and Petitioner's affidavit attached thereto, with supporting evidence and relevant case law.

(Page 3 of 8)

4. FOR EXAMPLE, WITH REGARD THE MAGISTRATE'S DENIAL OF PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL, EXPANDED ACCESS TO FLORIDA'S PRISON LAW LIBRARY, AND ACCESS TO ALABAMA LEGAL MATERIALS IS CONTRARY TO THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION. WHILE IT MAY BE TRUE 2254 NON-CAPITAL CASE PETITIONERS ARE NOT ENTITLED TO COURT-APPOINTED COUNSEL BY THE STATES AS A MEANS OF PROVIDING ACCESS TO THE COURTS; THEY MUST, HOWEVER, UNEQUIVOCALLY PROVIDE PETITIONER WITH AN ALTERNATIVE TO MEANINGFUL ACCESS TO THE COURTS BY PROVIDING AN ADEQUATE LAW LIBRARY, WITH RELEVANT LEGAL MATERIALS, REASONABLY AND UNHINDERED ACCESS, AS AN AVENUE TO LITIGATE NON-FRIVOLOUS POST-CONVICTION CHALLENGES. AS ARTICULATED IN PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, SEE _BOUNDS V. SMITH_, 430 U.S. 817 (1977); _LEWIS V. CASEY_, 518 U.S. 343 (1996); _CRUZ V. HAUCK_, 475 F.2d 475 (5TH CIR. 1973); _WOLF V. McDONNELL_, 418 U.S. 539 (1974); _JOHNSON V. AVERY_, 393 U.S. 483 (1969); AND _MARTIN V. DAVIES_, 917 F.2d 536 (7TH CIR. 1990), _CERT. DENIED_, 501 U.S. 1208 (1991).

5. PERHAPS DUE TO AN OVERSIGHT BY THE MAGISTRATE JUDGE IN THE CASE AT BAR, THE RECORD AND SUPPORTING DOCUMENTATION IS CRYSTAL CLEAR, UNREFUTED, THAT PETITIONER TOOLE HAS BEEN DENIED, AND CONTINUES TO BE DENIED, ACCESS TO RELEVANT ALABAMA

LEGAL MATERIALS BY THE STATES OF ALABAMA AND FLORIDA, RESPECTIVELY. IN FACT, DESPITE A MULTITUDE OF WRITTEN REQUESTS TO THE STATES, BEGINNING MARCH 31, 2004, PETITIONER HAS NEVER RECEIVED A SHRED OF ALABAMA LEGAL MATERIALS, ESPECIALLY DURING POST-CONVICTION.

6. AS DOCUMENTED IN THE AFFIDAVIT OF PETITIONER TOOLE, FILED WITH THIS COURT ON DECEMBER 5, 2006, PETITIONER'S AFFIDAVIT ON PAGE 9, PARAGRAPHS 19(A) THROUGH 19(L), REFLECTS A MULTITUDE OF REQUESTS TO THE STATES FOR MEANINGFUL ACCESS TO ALABAMA LEGAL MATERIALS, WHICH ALL REQUESTS HAVE BEEN IGNORED OR DENIED! (EMPHASIS ADDED).

7. AS SUGGESTED BY THE MAGISTRATE JUDGE IN THE JANUARY 29, 2007 ORDER, "... PETITIONER MAY CONTACT THE APPROPRIATE CORRECTIONAL OFFICER CONCERNING HIS REQUEST FOR [ALABAMA] LEGAL MATERIAL ..." AGAIN, PERHAPS DUE TO AN OVERSIGHT, THE MAGISTRATE JUDGE OVERLOOKED THAT PETITIONER HAS MADE NUMEROUS ATTEMPTS TO AQUIRE ALABAMA LEGAL MATERIALS FROM "THE APPROPRIATE CORRECTIONAL OFFICER ... CONCERNING ... [ALABAMA] LEGAL MATERIAL ..." AS SUCH, REFER TO THE AFOREMENTIONED AFFIDAVIT OF PETITIONER TOOLE, WHICH INCLUDES, IN PART, THE RECENT DENIAL OF FLORIDA PRISON OFFICIALS PROVIDING ACCESS TO LEGAL MATERIALS CLAIMING "... THE DEPARTMENT HAS NO DUTY TO SUPPLY PRISONERS LAW FROM OTHER STATES ..." (SEE APPENDIX "A" EXHIBIT "7A" ATTACHED HERETO.)

8. MOREOVER, AS REFERENCED TO IN PARAGRAPH 6 OF PETITIONERS MOTION FOR APPOINTMENT OF COUNSEL (WITH REQUEST FOR STATE TRANSCRIPTS), THE RESPONDENTS, COLLECTIVELY, REMAIN IN VIOLATION AND CONTEMPT OF THIS COURTS ORDERS OF SEPTEMBER 15TH AND DECEMBER 7TH AND 8TH, 2006, FOR FAILURE TO COMPLY WITH RULE 5 OF THE RULES GOVERNING SECTION 2254 CASES, REGARDING STATE TRANSCRIPTS. THUS, ARE RESPONDENTS NOT ACCOUNTABLE TO THE COURT (AND PETITIONER) FOR REMAINING IN CONTEMPT?

9. ACCORDINGLY, IT IS RESPECTFULLY REQUESTED THAT THE DISTRICT JUDGE ASSIGNED TO THE INSTANT CASE REJECT AND MODIFY THE RECOMMENDATIONS OF THE MAGISTRATE'S ORDERS FILED IN THIS CAUSE ON JANUARY 29TH AND 31ST, 2007. SEE GOMEZ V. UNITED STATES, 490 U.S. 858, 109 S.Ct. 2237 (1989).

10. FOR PURPOSES OF DE NOVO RECONSIDERATION, THE PETITIONER RENEWS HIS PREVIOUSLY FILED MOTIONS AS REFERENCED TO IN PARAGRAPHES ONE AND TWO HEREINABOVE, ANY ANY AND ALL REQUESTED RELIEF CONTAINED THEREIN.

WHEREFORE, FOR THE REASONS EXPRESSED HEREINABOVE, PETITIONER MOVES FOR DE NOVO RECONSIDERATION, AND REQUESTS THE DISTRICT JUDGE TO QUASH, REJECT AND MODIFY THE MAGISTRATES ORDERS FILED ON JANUARY 29TH AND 31ST, 2007, AND PROVIDE ANY AND ALL RELIEF DEEMED PROPER AND JUST BY THE COURT.

## DECLARATION

I, HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-STYLED CAUSE, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. §1001, THAT I HAVE READ THE FOREGOING, UNDERSTAND THE INFORMATION CONTAINED HEREIN, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, ON THIS 9TH DAY OF FEBRUARY, 2007.

EXECUTED AND SIGNED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION, LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

02/09/07

02/09/07

DATE

HOWARD GLENN TOOLE

DC NO.: 917683

ZEPHYRHILLS CORRECTIONAL INST.

2739 GALL BOULEVARD

ZEPHYRHILLS, FLORIDA 33541-9701

(PAGE 7 OF 8)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING TO THE CLERK OF THE U.S. DISTRICT COURT; DANIEL W. MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY); AND MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), OFFICE OF THE ATTORNEY GENERAL, ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S. MAIL, ON THIS 9TH DAY OF FEBRUARY, 2007.

RESPECTFULLY SUBMITTED,

HOWARD GLENN TOOLE
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FL 33541-9701

# APPENDIX A

_TABLE OF CITATIONS_
( CITED BY RESPONDENTS
PIKE COUNTY AND COFFEE
COUNTY IN THEIR
RESPONSIVE PLEADINGS FILED
IN THIS CAUSE.)

EXHIBIT "A"

TABLE OF CITATIONS

(CITED BY RESPONDENT PIKE COUNTY)

(CASE NO.: 2:06-CV-714-MHT)

ALABAMA CASE LAW / CODES CITED (ANSWER OF RESPONDENT)

RULE 4 (B), ALABAMA RULES OF APPELLATE PROCEDURE

RULE 39 (C), ALABAMA RULES OF APPELLATE PROCEDURE

RULE 39(C)(1), ALABAMA RULES OF APPELLATE PROCEDURE

RULE 39(C)(4), ALABAMA RULES OF APPELLATE PROCEDURE

RULE 31, ALABAMA RULES OF CRIMINAL PROCEDURE

RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE

RULE 32.2, ALABAMA RULES OF CRIMINAL PROCEDURE

RULES 32.2 (A)(3), (A)(4), (A)(5), AND (B),
        ALABAMA RULES OF CRIMINAL PROCEDURE

SECTION 12-3-9, ALABAMA CODE (2003)

APPELLATE (ALABAMA) CASE LAW CITED:

JOHNSON V. STATE, 729 SO.2d 897 (ALA. CRIM. APP. 1997)

EXHIBIT "A"
(PAGE 1 OF 3)

_TABLE OF CITATIONS (CONT'D)_

(CITED BY RESPONDENT PIKE COUNTY)

AUTHORITIES CITED IN SUPPLEMENTAL ANSWER OF RESPONDENT:

RULE 4(B)(1),    ALABAMA RULES OF CRIMINAL PROCEDURE

RULE 24.1,    ALABAMA RULES OF CRIMINAL PROCEDURE

RULE 32,    ALABAMA RULES OF CRIMINAL PROCEDURE

RULE 32.2(A)(3)    ALABAMA RULES OF CRIMINAL PROCEDURE

RULE 32.2(A)(5)    ALABAMA RULES OF CRIMINAL PROCEDURE

RULE 32.2(C)    ALABAMA RULES OF CRIMINAL PROCEDURE

APPELLATE (ALABAMA) CASE LAW CITED:

GOODSON V. STATE,    588 SO.2D 509 (ALA. CRIM. APP. 1991)

KNIGHT V. STATE,    936 SO.2D 544 (ALA. CRIM. APP. 2005)

PARDUE V. STATE,    566 SO.2D 502 (ALA. CRIM. APP. 1990)

PRIM V. STATE,    616 SO.2D 381 (ALA. CRIM. APP. 1993)

PRYOR V. STATE,    599 SO.2D 83 (ALA. CRIM. APP. 1992)

EXHIBIT "A"

(PAGE 2 OF 3)

TABLE OF CITATIONS (CONT'D)
(CITED BY RESPONDENT COFFEE COUNTY)
(CASE NO.: 1:06-CV-696-MHT)

AUTHORITIES CITED IN COFFEE'S ANSWER:

RULE 4.4(B)(1), ALABAMA RULES OF APPELLATE PROCEDURE

RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 32(c), ALABAMA RULES OF CRIMINAL PROCEDURE

ALABAMA APPELLATE CASE LAW CITED:

DUNCAN V. STATE, 42 ALA. APP. 509, 169 SO.2d 439 (1964)
EX PARTE SAWYER, 456 SO.2d 112 (ALA. 1983)
LUKER V. STATE, 424 SO.2d 662 (ALA CRIM. APP. 1982)
PRICE V. HOLMAN, 279 ALA. 324, 184 SO.2d 835 (1966)
STATE V. WILLIS, 42 ALA APP. 414, 166 SO.2d (1964)

AUTHORITIES CITED IN COFFEE'S RESPONDENT'S SUPPLEMENTAL ANSWER

RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 32.2(c), ALABAMA RULES OF CRIMINAL PROCEDURE

EXHIBIT "A"
(PAGE 3 OF 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HOWARD GLENN TOOLE,                        *
#C 917683
    Petitioner,                            *

        v.                              *            1:06-CV-696-MHT
                                      (WO)
JAMES MCDONOUGH, *et al.*,                 *

    Respondents.                           *

## ORDER ON MOTION

Upon consideration of Petitioner's motion for appointment of counsel filed on January 25, 2007, and as the court finds no circumstances warranting such action at this time, it is

ORDERED that this motion (Doc. No. 32) be and is hereby DENIED.[1] *See McFarland v. Scott,* 512 U.S. 849, 857 n. 3 (1994) (a petitioner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding).

To the extent Petitioner's January 25 pleading contains a request for an order directing correctional officials at his present place of incarceration to provide him with a certain minimum amount of time in the prison law library, it is

ORDERED that the motion for court order (Doc. No. 32) be and is hereby DENIED.

Upon consideration of Petitioner's January 25 pleading, also construed as a motion to compel Respondents to provide him with copies of Alabama case law and legal references

---

[1]In the motion, Petitioner asserts that his request for counsel is primarily made for purposes of providing him with "effective utilization of discovery procedures." (Doc. No. 22 at 11.) Petitioner is advised that a habeas petitioner is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

*APPENDIX "A", EXHIBIT "2B"*

as contained in their responsive pleadings and any future pleadings, and for good cause, it is

ORDERED that the motion (Doc. No. 32) be and is hereby DENIED. Petitioner may contact the appropriate correctional official concerning his request for legal material.

Done, this 29th day of January 2007.


/s/Terry Moorer
TERRY MOORER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HOWARD GLENN TOOLE,          *
#C 917683
          Petitioner,        *

          v.                 *       2:06-CV-714-MHT
                                          (WO)
JAMES MCDONOUGH, et al.,     *

          Respondents.       *

## ORDER ON MOTION

Upon consideration of Petitioner's motion for appointment of counsel filed on January 25, 2007, and as the court finds no circumstances warranting such action at this time, it is

ORDERED that this motion (Doc. No. 22) be and is hereby DENIED.[1] *See McFarland v. Scott,* 512 U.S. 849, 857 n. 3 (1994) (a petitioner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding).

To the extent Petitioner's January 25 pleading contains a request for an order directing correctional officials at his present place of incarceration to provide him with a certain minimum amount of time in the prison law library, it is

ORDERED that the motion for court order (Doc. No. 22) be and is hereby DENIED.

Upon consideration of Petitioner's January 25 pleading, also construed as a motion to compel Respondents to provide him with copies of Alabama case law and legal references

---

[1] In the motion, Petitioner asserts that his request for counsel is primarily made for purposes of providing him with "effective utilization of discovery procedures." (Doc. No. 22 at 11.) Petitioner is advised that a habeas petitioner is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley,* 520 U.S. 899, 904 (1997).

APPENDIX "A", EXHIBIT "2 C"

as contained in their responsive pleadings and any future pleadings, and for good cause, it is

ORDERED that the motion (Doc. No. 22) be and is hereby DENIED. Petitioner may contact the appropriate correctional official concerning his request for legal material.

Done, this 29th day of January 2007.

/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

## LAW LIBRARY INTERLIBRARY LOAN REQUEST

| | | |
|---|---|---|
| **NAME & DC#:** Toole, Howard dc# 017683 | **DORM/BED:** | E1204L |
| **INSTITUTION:** Zephyrhills CI #573     Ms. Sadd 535-1100 x439 | **DATE SUBMITTED:** | 11/14/2006 |

**SPECIFIC REQUESTS:** Requests for court decisions, statutes, or rules from another state, or other primary source legal material not in any FDC law library collection will only be ordered from Florida State University Law Library if access to same is necessary to prepare legal documents for submission to courts that challenge judgements and sentences or prison conditions in the Department. Provide a written justification for the request in the space below.

**Complete Title:** SEE BELOW

**Complete Citation:** SEE BELOW

**Justification:**

This inmate was convicted in the State of Alabama and is in Florida on an Interstate Agreement on Detainers Act pursuant to Fla. Stat 941.45 who needs the below legal materials to finish his Federal Petition for Writ of Habeas /corpus, 28 U.S.C. & 2254.

**SHEPARDIZING/LEGAL RESEARCH:** Only submit requests to have Florida or federal cases Shepardized. Florida State University Law Library will not conduct legal research or Shepardize cases for inmates. For Shepardizing, provide the complete citation to be Shepardized and a detailed statement of the point of law being researched. Also state whether you are trying to find out if your cited case has been overturned, affirmed/upheld, distinguished, etc. For legal research, state the question, point of law, or legal issued to be researched. Include any information you already have on the subject and the legal resources you have already researched. (Attach continuation pages, if necessary.)

Alabama Rules of Criminal Procedure [2005]
Alabama Rules of Appellate Procedure [2005]
Alabama Criminal Code [2005]

---

## STAFF USE ONLY

### REQUESTING LAW LIBRARY:

Request is: [ xx ] Approved   [ ] Disapproved

L. Sadd, Librarian   11/14/2006
Reviewer                                   Date

Is this a "Deadline" Request? [ xx ] Yes   [ ] No   If YES, Date of Deadline: 11/26/2006 & 11/28/2006

### CENTRAL OFFICE REVIEW (FSU REQUESTS):

Request is: [ ] Approved   [ XXX ] Disapproved

*Barry Z. Rhodes*        *November 15, 2006*
Reviewer                                   Date

Reason for Disapproval:

The department has no duty to supply prisoners law from other states. You must get Alabam

*Alabama or other state law from Alabama authorities or other sources available to you.*        APPENDIX "A"; EXHIBIT "7A" ⑧⑧

DC5-152 (12/03)        AFFIDAVIT   EXHIBIT "9L-13"

# APPENDIX "A"

## EXHIBIT ___

ATTACHED:

- EXHIBIT "1A" - MOTION FOR ENLARGEMENT OF TIME
  MOTION FOR LEAVE TO INVOKE DISCOVERY
  PROCESS, AND MOTION FOR STATE TRANSCRIPTS

- EXHIBIT "1B" - MAGISTRATE'S ORDER OF JANUARY 31, 2007

- EXHIBIT "2A" - MOTION FOR APPOINTMENT OF COUNSEL

- EXHIBIT "2B" - MAGISTRATE'S ORDER OF JANUARY 29, 2007

- EXHIBIT "2C" - MAGISTRATE'S ORDER OF JANUARY 29, 2007

- EXHIBIT "7A" - FLORIDA DOC DENIAL OF ACCESS TO
  ALABAMA LEGAL MATERIALS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HOWARD GLENN TOOLE, #C917683          :

     PETITIONER,          :

                      CASE NO.:

VS.          :

JAMES McDONOUGH, ET AL.,          :

     RESPONDENTS.          :

## MOTION FOR ENLARGEMENT OF TIME
## TO FILE SUPPLEMENTAL RESPONSE
## MOTION FOR LEAVE TO INVOKE DISCOVERY PROCESS
## (AND)
## MOTION FOR STATE TRANSCRIPTS

COMES NOW THE PETITIONER, HOWARD GLENN TOOLE, IN PROPRIA PERSONA, PURSUANT TO RULES 5, 6(A) AND 7(A) OF THE RULES GOVERNING SECTION 2254 CASES; 18 U.S.C. § 3006A(G); 28 U.S.C. § 753(F) AND RELATED FEDERAL RULES OF CIVIL PROCEDURE, HEREBY RESPECTFULLY MOVES FOR (A) AN ENLARGEMENT OF TIME TO FILE PETITIONER'S SUPPLEMENTAL RESPONSE DUE ON OR ABOUT JANUARY 30, 2007; (B) LEAVE OF COURT TO INVOKE THE DISCOVERY PROCESS; AND (C) REQUEST FOR STATE TRANSCRIPTS OF ALL THE ALABAMA COURT PROCEEDINGS CURRENTLY UNDER FEDERAL REVIEW IN THE ABOVE-STYLED CAUSE. AS GROUNDS IN SUPPORT THEREOF, PETITIONER STATES:

APPENDIX "A"

(PAGE 1 OF 7)     EXHIBIT "1A"

1.    On January 10, 2007, Respondents Representing Coffee and Pike Counties, Collectively, Caused to be Serviced a Supplemental Answer in Response to this Court's Order Dated December 7, 2006. Consequently, the District Court issued an Order Requiring Petitioner to File a Supplemental Response to Respondents Supplemental Answer, Due on or About January 30, 2007.

2.    Paragraph 13 of Respondent Pike County's Supplemental Answer of Respondent (Serviced on January 10, 2007) Refers to Petitioner's Guilty Plea Colloquy, However, Fails to Substantiate its Claim by Attaching Transcripts of the Proceedings Supporting its Contention. Accordingly, with no Transcript Being Provided by Respondent, Petitioner is Unable to Respond.

3.    Petitioner has Recently Filed a Motion for Appointment of Counsel; Namely, to Aid with Invoking the Processes of Discovery as Permitted Pursuant to Rule 6(A) of the Rules Governing Section 2254 Cases, as Likewise Found in 18 U.S.C. § 3006A(6). Therefore, it is in the Best Interest, Based on the Reasons Articulated in His Motion for Appointment of Counsel, that a Continuance to File a Supplemental Response be Granted.

4.    As such, Pursuant to Rule 6(A), _Supra_, Petitioner Respectfully Moves for Leave to Invoke Discovery Process to Aid in Developing Facts and Testimony Necessary to Decide Whether the Court Should Order an Evidentiary Hearing, Grant the Petitioner's Writs Following an Evidentiary Hearing, or Grant the Writs Without the Need for an Evidentiary Hearing. Rule 6(A), _Supra_, Provides:

(Page 2 of 7)

"A PARTY SHALL BE ENTITLED TO INVOKE THE PROCESS OF DISCOVERY AVAILABLE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE IF, AND TO THE EXTENT THAT, THE JUDGE IN THE EXERCISE OF HIS DISCRETION AND FOR GOOD CAUSE SHOWN GRANTS LEAVE TO DO SO, BUT NOT OTHERWISE. IF NECESSARY FOR EFFECTIVE UTILIZATION OF DISCOVERY PROCEDURES, COUNSEL SHALL BE APPOINTED BY THE JUDGE FOR A PETITIONER WHO QUALIFIES FOR THE APPOINTMENT OF COUNSEL UNDER 18 U.S.C. § 3006A(6)."

5. COLLECTIVELY, RESPONDENTS ARE ATTEMPTING TO "SWEEP UNDER THE RUG" FUNDAMENTAL CONSTITUTIONAL VIOLATIONS THROUGH A "PROCEDURAL DEFAULT CLAIM" TACTIC, AND CONTINUE TO BE IN CONTEMPT OF THIS COURT'S ORDERS REQUIRING NOTICE AND/OR COPIES OF WHAT STATE TRANSCRIPTS ARE AVAILABLE, WHEN THEY CAN BE FURNISHED, AND ALSO WHAT PROCEEDINGS HAVE BEEN RECORDED AND NOT TRANSCRIBED.

6. HERE, IT IS LIKELY THE DISCOVERY PROCESS WILL REVEAL THAT, AT NO TIME DURING THE TRANSCRIBED PROCEEDINGS, PETITIONER WAS PROPERLY INFORMED AS TO THE TIME ALLOWED TO PROPERLY FILE A NOTICE OF APPEAL AS MAY BE REQUIRED UNDER ALABAMA RULES OF CRIMINAL PROCEDURE, THAT COURT-APPOINTED COUNSEL, STEVE BLAIR, WAS

DISMISSED BY THE COURT FROM PROVIDING FURTHER REPRESENTATION PRIOR TO PETITIONER MAKING A DECISION AS TO WHETHER OR NOT TO PROCEED WITH THE FILING OF A NOTICE OF APPEAL; AND THAT IF, IN FACT, COFFEE COUNTY JAIL PROVIDED WHAT IT PURPORTEDLY BELIEVES TO BE A "LAW LIBRARY," SUCH "LAW LIBRARY" DOES NOT MEET THE CONSTITUTIONALLY ACCEPTED STANDARDS OF MEANINGFUL ACCESS TO THE COURTS AS GUARANTEED PETITIONER THROUGH THE FIRST, FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION. SEE BOUNDS V. SMITH, 430 U.S. 817, 52 L.Ed. 2d 72, 97 S.Ct. 1491 (1976); AND LEWIS V. CASEY, 518 U.S. 343, 135 L.Ed. 2d 606, 116 S.Ct. 2174 (1996).

7.    WITH REGARD TO PETITIONER'S REQUEST FOR STATE TRANSCRIPTS, SUCH REQUEST IS MADE PURSUANT TO RULE 5 OF THE RULES GOVERNING SECTION 2254 CASES AND MOVES THAT RESPONDENTS, COLLECTIVELY, FURNISH (WITHOUT COST) ALL PRETRIAL TRANSCRIPTS RELATING TO PRETRIAL HEARINGS, MOTIONS TO DISMISS, TRANSCRIPTS OF THE GUILTY PLEA PROCEEDINGS, AND ANY AND ALL COURT HEARINGS HELD IN COFFEE COUNTY AND PIKE COUNTY CURRENTLY UNDER FEDERAL REVIEW. IN SUPPORT THEREOF, 28 U.S.C. § 753(F) PROVIDES IN PART:

"FEES FOR TRANSCRIPTS FURNISHED IN CRIMINAL PROCEEDINGS TO PERSONS PROCEEDING UNDER THE CRIMINAL JUSTICE ACT (18 U.S.C. § 3006A), OR IN HABEAS CORPUS PROCEEDINGS TO PERSONS ALLOWED TO SUE, DEFEND, OR APPEAL IN FORMA PAUPERIS, SHALL BE PAID BY THE UNITED STATES OUT OF MONEYS APPROPRIATED FOR THOSE PURPOSES . . ."

(PAGE 4 OF 7)

SEE *BUNDY V. WAINWRIGHT*, 808 F.2d 1410 (11th Cir. 1987), AS REFLECTED IN THE INSTANT CASE, THE ALABAMA U.S. DISTRICT COURT INDICATED IN ITS SEPTEMBER 15, 2006 ORDER, "[T]HE OBLIGATION TO COME FORWARD WITH THE STATE COURT RECORD IS SQUARELY UPON THE RESPONDENT, NOT THE PETITIONER." *ID AT 1415.*

     8. UPON THE RESPONDENTS TRANSCRIBING THE STATE COURT TRANSCRIPTS, AND PROVIDING PETITIONER WITH SAME, IT IS LIKELY A REQUEST WILL BE MADE TO THE COURT FOR EXPANSION OF THE RECORD PURSUANT TO RULE 7 OF THE RULES GOVERNING SECTION 2254 CASES, TO INCLUDE THE TRANSCRIPTS AS PART OF THE RECORD. WITHOUT SUCH TRANSCRIPTS, PETITIONER IS LIKELY TO BE PREJUDICED.

     9. THIS MOTION IS MADE IN GOOD-FAITH, AND NOT FOR PURPOSES OF DELAY.

## CONCLUSION

     WHEREFORE, FOR THE REASONS EXPRESSED HEREIN-ABOVE, PETITIONER REQUESTS FOR AN ENLARGEMENT OF TIME TO FILE A SUPPLEMENTAL RESPONSE (CURRENTLY DUE ON OR BEFORE JANUARY 30, 2007); LEAVE OF COURT TO INVOKE THE DISCOVERY PROCESS; AND REQUEST FOR STATE TRANSCRIPTS OF ALL THE ALABAMA COURT PROCEEDINGS HELD IN THE ABOVE-STYLED CAUSE CURRENTLY UNDER FEDERAL REVIEW, WITH SUCH DISCOVERY AND TRANSCRIPT COSTS IMPUTED UPON THE RESPONDENTS.

## DECLARATION

I, HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-STYLED CAUSE, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. § 1001, THAT I HAVE READ THE FOREGOING, UNDERSTAND THE INFORMATION CONTAINED HEREIN, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, ON THIS 22ND DAY OF JANUARY, 2007.

EXECUTED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

01-26-07
_____
DATE

_____
HOWARD GLENN TOOLE
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9201

(PAGE 6 OF 7)

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTIONS HAVE BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING TO THE CLERK OF THE U.S. DISTRICT COURT; DANIEL W. MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY); AND MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), OFFICE OF THE ATTORNEY GENERAL, ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S. MAIL, ON THIS 26th DAY OF JANUARY, 2007.

RESPECTFULLY SUBMITTED,

HOWARD GLENN TOOLE
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

(PAGE 7 OF 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HOWARD GLENN TOOLE,                    *
#C 917683
    Petitioner,                          *

      v.                               *        2:06-CV-714-MHT
                                                    (WO)
JAMES MCDONOUGH, *et al.*,              *

    Respondents.                         *

## ORDER ON MOTION

    Petitioner requests an extension of time to comply with the court's January 16, 2007

order. Upon consideration of the motion, and for good cause, it is ORDERED that:

    1. The motion for extension of time (Doc. No. 24) is GRANTED; and

    2. Petitioner is granted an extension from January 30, 2007 to February 20, 2007 to

file his response in accordance with the court's January 16, 2007 order.

    Petitioner seeks leave of court to invoke the discovery process. In support of his

motion, Petitioner asserts that discovery is necessary to "aid in developing facts and

testimony necessary to decide whether the court should order an evidentiary hearing, grant

the petitioner's writs following an evidentiary hearing, or grant the writs without the need

for an evidentiary hearing." (Doc. No. 24 at 2.) The court has considered Petitioner's

request for leave to invoke the discovery process and concludes that the motion is due to be

denied. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The motion may be reconsidered if

warranted by further developments in this case. Accordingly, it is

*APPENDIX "A"*
*EXHIBIT "1B"*

ORDERED that Petitioner's motion for leave to invoke the discovery process (Doc. No. 24) be and is hereby DENIED.

Petitioner requests production of his state trial transcripts. Upon review of the pleadings and documents filed herein, the court finds that the request is due to be denied. The request may be reconsidered if warranted by further developments in this case. Accordingly, it is

ORDERED that the motion for production of documents (Doc. No. 24) be and is hereby DENIED.

Done, this 31st day of January 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

APPENDIX "A", EXHIBIT "2A"

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

SOUTHERN DIVISION


HOWARD GLENN TOOLE, #C-917683,    :


     PETITIONER,    :

                     CASE NO.:

VS.    :


JAMES McDONOUGH, ET AL.,    :


     RESPONDENTS.    :


MOTION FOR APPOINTMENT OF COUNSEL


     COMES NOW THE PETITIONER, HOWARD GLENN TOOLE,
IN PROPRIA PERSONA, PURSUANT TO RULES 6(A) AND 8(C)
OF THE RULES GOVERNING SECTION 2254 CASES; 18 U.S.C.
§ 3006(A)(2)(B); AND RELATED FEDERAL RULES OF CIVIL
PROCEDURE, MOVES FOR AN ORDER APPOINTING COUNSEL
IN THE ABOVE-STYLED CAUSE; NAMELY, FOR LITIGATION
OF EFFECTIVE UTILIZATION OF DISCOVERY PROCEDURES AS
ALLOWED UNDER RULES 5 AND 6 OF HABEAS CORPUS
CASES, WHILE ENSURING MEANINGFUL ACCESS TO THE
COURTS AS GUARANTEED BY THE FIRST, FIFTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES

(PAGE 1 OF 12)

CONSTITUTION, AND RELATED ALABAMA AND FLORIDA CONSTITUTIONAL AMENDMENTS. AS GROUNDS IN SUPPORT OF THIS MOTION, PETITIONER STATES:

1. PETITIONER IS CURRENTLY IMPRISONED, UNEMPLOYED, AND WITHOUT FUNDS TO AFFORD COUNSEL. HE HAS PREVIOUSLY BEEN DECLARED INSOLVENT BY THE ALABAMA COURTS, AND REPRESENTED BY COURT-APPOINTED COUNSEL IN THE STATE PROCEEDINGS CURRENTLY UNDER FEDERAL REVIEW IN THE ABOVE-STYLED CAUSE. UPON REQUEST OF THE DISTRICT COURT, PETITIONER IS WILLING TO EXECUTE AND FILE AN AFFIDAVIT OF INSOLVENCY FOR PURPOSES OF THE APPOINTMENT OF COUNSEL.

2. PURSUANT TO RULE 6(A) OF THE RULES GOVERNING SECTION 2254 CASES, PETITIONER HAS ACCOMPANIED THE FOREGOING REQUEST FOR COUNSEL WITH A MOTION FOR LEAVE OF COURT TO INVOKE THE PROCESSES OF DISCOVERY AVAILABLE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

3. THE SPECIFIC ALLEGATIONS BEFORE THE COURT ARE COMPLEX, REQUIRE SIGNIFICANT RESEARCH, DISCOVERY, AND INVESTIGATION. THERE IS MERITORIOUS REASONS TO BELIEVE, AND EVIDENCE BEFORE THE COURT, THAT PETITIONER MAY, IF THE FACTS ARE FULLY DEVELOPED, BE ABLE TO OVERCOME RESPONDENTS' PROCEDURAL DEFAULT CLAIM THROUGH NOT ONLY THE ASSERTED "CAUSE AND PREJUDICE" EXCEPTION OF

(PAGE 2 OF 12)

RECORD, BUT POTENTIALLY APPOINTED COUNSEL'S
EXAMINATION OF OTHER EXCEPTIONS TO THE EXHAUSTION
REQUIREMENT CODIFIED IN SECTION 2254(B)(1)(B) OF
THE JUDICIAL CODE.

   4. AS EVIDENCED BY THE RECORD, UNREFUTED
BY THE RESPONDENTS, PETITIONER HAS BEEN DENIED,
AND CONTINUES TO BE DENIED, MEANINGFUL ACCESS
TO ALABAMA CASE LAW, CODES, STATUTES AND
LEGAL MATERIALS AS AFFORDED RESPONDENTS.
IN FACT, RESPONDENTS, COLLECTIVELY, HAVE CITED
AND MADE REFERENCE TO NUMEROUS ALABAMA
APPELLATE AND STATE SUPREME COURT CASE LAW,
ALABAMA RULES OF CRIMINAL CODE, ALABAMA RULES
OF APPELLATE PROCEDURE, AND ALABAMA STATUTES.
THUS, PETITIONER IS PLACED AT AN UNFAIR
ADVANTAGE THROUGH RESPONDENTS' DENIAL OF
ACCESS TO ALABAMA LEGAL MATERIALS IN ORDER
TO PROPERLY ARGUE AND REFUTE ALABAMA LAWS
CITED IN RESPONDENTS' RESPONSIVE PLEADINGS
FILED IN THIS CAUSE. ON THE OTHER HAND,
A COURT-APPOINTED ATTORNEY WOULD BE BETTER
EQUIPPED TO RESPOND ACCORDINGLY. (APPENDIX "A" EXHIBIT "A"

   5. AS OF JANUARY 16, 2007, PETITIONER'S
FLORIDA PRISON WORK ASSIGNMENT HAS BEEN
RECLASSIFIED TO HIS MANDATORY PARTICIPATION IN
A SUBSTANCE ABUSE (PRISON LIVE-IN) TREATMENT
PROGRAM. CONSEQUENTLY, PETITIONER'S ACCESS TO

(PAGE 3 OF 12)

THE INSTITUTIONAL'S LAW LIBRARY HAS BEEN DRASTICALLY RESTRICTED FROM APPROXIMATELY TWENTY-FIVE (25) HOURS PER WEEK, TO UNDER TWO (2) HOURS WEEKLY. ACCORDINGLY, PETITIONER INTENDS TO PETITION THE DISTRICT COURT FOR EXPANDED ACCESS TO THE INSTITUTIONS' LAW LIBRARY. (APPENDIX "A", EXHIBIT "B")

6. IN DIRECT VIOLATION AND CONTEMPT OF THIS COURT'S ORDERS OF SEPTEMBER 15th AND DECEMBER 7th AND 8th, 2006, THE RESPONDENTS, COLLECTIVELY, HAVE FAILED TO COMPLY WITH THE PROVISIONS OF RULE 5 OF THE RULES GOVERNING SECTION 2254 CASES WHICH REQUIRED, IN PERTINENT PART, THAT RESPONDENTS' ANSWERS, AND SUPPLEMENTAL ANSWERS "... INDICATE WHAT TRANSCRIPTS ... ARE AVAILABLE, WHEN THEY CAN BE FURNISHED, AND ALSO WHAT PROCEEDINGS HAVE BEEN RECORDED AND NOT TRANSCRIBED ..." (EMPHASIS ADDED) AS A RESULT, A COURT-APPOINTED ATTORNEY IS LIKELY TO SUCCEED IN SECURING THE AVAILABLE STATE-COURT TRANSCRIPTS.

7. DUE TO PETITIONER'S DOCUMENTED MENTAL ILLNESS, HE REQUIRES THE ASSISTANCE AND EXPERTISE OF COURT-APPOINTED COUNSEL TO HELP FOSTER HIS CLAIMS, ESPECIALLY FOR ADEQUATE FACT DEVELOPMENT, INTERROGATORIES, DEPOSITIONS, PRODUCTION OF DOCUMENTS, AND THE ALIKE REQUIRED IN THIS CAUSE.

## MEMORANDUM OF LAW

8. UNDER THE FEDERAL STATUTES, RULES, AND CASE LAW, IT IS LIKELY THAT HABEAS CORPUS RULES WILL DICTATE, ESPECIALLY THROUGH THE DISCOVERY PROCESS, PETITIONER'S ENTITLEMENT TO AN EVIDENTIARY HEARING IN THIS CAUSE. IN PARTICULAR, ABSENCE OF STATE RECORD, UNDER THE STANDARDS IN TOWNSEND V. SAIN, 372 U.S. 293 (1963), THE COURT MUST GRANT AN EVIDENTIARY HEARING (OR SOME ALTERNATIVE) TO RESOLVE CONTROVERTED FACTUAL QUESTIONS WHENEVER THE STATE, AS IN THE INSTANT CASE, HAS NOT PRODUCED ALL THE PORTIONS OF " THE TRANSCRIPTS OF [THE] TESTIMONY [ IN THE STATE COURT], THE PLEADINGS . . ." THAT DELINEATE THE FACTFINDING ON WHICH THE STATE NOW RELIES. FOR UNKNOWN REASONS, RESPONDENTS IN THE CASE AT BAR HAVE INTENTIONALLY DEFILED AND IGNORED MULTIPLE COURT ORDERS TO PROVIDE INFORMATION ABOUT THE TRANSCRIPTS, AS IF TO PURPORTEDLY "CONCEAL" OR "HIDE" RELEVANT DISCOVERY WHICH FAVORS PETITIONER IN THE ABOVE-STYLED CAUSE. ACCORDINGLY, THE DISTRICT COURT WOULD BE WARRANTED TO APPOINT COUNSEL TO ACHIEVE THE GOALS OF THE DISCOVERY PROCESS, AND ENTER SANCTIONS AGAINST THE RESPONDENTS.

(PAGE 5 OF 12)

9. SHOULD THE DISTRICT COURT GRANT PETITIONER IN THE INSTANT CASE LEAVE TO INVOKE THE DISCOVERY PROCESS, RULE 6 (A) OF THE RULES GOVERNING SECTION 2254 CASES PROVIDE, IN PART, THAT:

"... IF NECESSARY FOR EFFECTIVE UTILIZATION OF DISCOVERY PROCEDURES, COUNSEL SHALL BE APPOINTED BY THE JUDGE FOR A PETITIONER WHO QUALIFIES FOR THE APPOINTMENT OF COUNSEL UNDER 18 U.S.C. § 3006 A (G)"

SEE HARRIS V. NELSON, 394 U.S. 286, 301 (1969).

10. INDEED, THE CASE CURRENTLY UNDER REVIEW IS SEEDED WITH DISPUTED ISSUES OF LAW AND FACT. AS SUCH, PRE-HEARING DISCOVERY WILL LIKELY GUIDE THE COURT IN THE DETERMINATION OF THE MERITS PRESENTED IN THIS CAUSE. THEREFORE, AT THIS STAGE OF THE PROCEEDINGS, ONLY COURT-APPOINTED COUNSEL IS EQUIPPED TO BRING-TO-LIGHT PETITIONER'S NONFRIVOLOUS CLAIMS WITHOUT FURTHER PREJUDICE IMPUTED ON PETITIONER.

11. IN NONCAPITAL HABEAS CORPUS CASES, RULE 8 (C) OF THE RULES OF HABEAS 2254 CASES MAKES CLEAR THAT THIS COURT IS EMPOWERED TO ORDER "THE APPOINTMENT OF COUNSEL UNDER

(PAGE 6 OF 12)

[THE CRIMINAL JUSTICE ACT] AT ANY STAGE OF THE CASE IF THE INTEREST OF JUSTICE SO REQUIRES." (SEE RULE 8(C), SUPRA, (EMPHASIS ADDED)). ACCORD RULE 8(C) OF THE RULES GOVERNING SECTION 2255 PROCEEDINGS. SEE, E.G., WEYGANDT V. LOOK, 718 F.2d 952, 954 (9TH CIR. 1983) ("THESE [HABEAS] RULES DO NOT LIMIT THE APPOINTMENT OF COUNSEL ... AT ANY STAGE." (DISCUSSING RULE 8(C), SUPRA.)

12. AS FURTHER CONSIDERATION, THE APPOINTMENT OF COUNSEL RULE AND PROCEDURE ALLOWS PETITIONER TO USE FILING OF THE PETITION (A) TO SATISFY ANY APPLICABLE STATUTE OF LIMITATIONS, (B) TO DEMONSTRATE THE SUBSTANTIALITY OF ITS CLAIMS, AND (C) TO SUGGEST THE POSSIBILITY OF OTHER CLAIMS THAT A LAWYER WOULD HAVE THE INVESTIGATIVE RESOURCES AND LEGAL ACUMEN TO DISCERN. SEE FENDLER V. GOLDSMITH, 728 F.2d 1181 (9TH CIR. 1983). IN ADDITION, SEVERAL STATUTORY PROVISIONS AUTHORIZE IN CERTAIN CIRCUMSTANCES IN NONCAPITAL CASES A REQUIREMENT TO APPOINT COUNSEL IN HABEAS CORPUS PROCEEDINGS BROUGHT BY INDIGENT PRISONERS. SEE 18 U.S.C. § 3006 (A)(2)(B) (NONCAPITAL CASES).

13. AS ARTICULATED IN PARAGRAPHS 4 AND 5 HEREINABOVE, AND EVIDENCED IN THE DISTRICT COURT RECORD, DUE TO RESPONDENTS' DENYING

PETITIONER TOOLE MEANINGFUL ACCESS TO ALABAMA
LEGAL MATERIALS, FURTHER DEMONSTRATES GOOD
CAUSE FOR THE APPOINTMENT OF COUNSEL. HERE,
IT IS SUGGESTED THAT DENIAL OF ACCESS TO
ALABAMA LEGAL MATERIALS IS, IN ESSENCE, DENIAL
OF PETITIONER'S FUNDAMENTAL RIGHT TO ACCESS
TO THE COURTS.

    (A) THE UNITED STATES SUPREME COURT
HAS HELD THAT PRISONERS HAVE A CONSTITUTIONAL
RIGHT TO MEANINGFUL ACCESS TO POST-CONVICTION
COURTS. SEE BOUNDS V. SMITH, 430 U.S. 817, 825
(1977) (DUE PROCESS RIGHT TO "REASONABLY
ADEQUATE OPPORTUNITY TO PRESENT CLAIMED VIOLATIONS
OF FUNDAMENTAL RIGHTS TO THE COURTS"). ACCORD,
LEWIS V. CASEY, 518 U.S. 343, 350 (1996). "IT
IS CLEAR THAT READY ACCESS TO THE COURTS IS
ONE OF, PERHAPS THE, FUNDAMENTAL CONSTITUTIONAL
RIGHT" [AS GUARANTEED PETITIONER BY THE
FIRST, FIFTH AND FOURTEENTH AMENDMENTS].
CRUZ V. HAUCK, 475 F.2d 475, 476 (5TH CIR. 1973)
(PRISON REGULATIONS MAY UNREASONABLY INVADE
PRISONER'S RELATIONSHIP TO THE COURTS ... IS FOUNDED
IN THE DUE PROCESS CLAUSE AND ASSURES THAT
NO PERSON WILL BE DENIED THE OPPORTUNITY TO
PRESENT TO THE COURT JUDICIARY ALLEGATIONS
CONCERNING VIOLATIONS OF FUNDAMENTAL CONSTITUTIONAL
RIGHTS. WOLF V. MC DONNELL, 418 U.S. 539, 579 (1974)

14. MORE APPROPRIATELY APPLIED IN THE INSTANT CASE, A NUMBER OF COURTS HAVE RECOGNIZED THAT ASSISTANCE BY ATTORNEYS IS AN INDISPENSABLE ELEMENT OF MEANINGFUL ACCESS TO THE COURTS, AT LEAST IN CIRCUMSTANCES IN WHICH ACCESS TO [ALABAMA] LAW BOOKS AND OTHER RESOURCES SHORT OF COUNSEL IS INSUFFICIENT DUE TO THE MENTAL OR PHYSICAL STATUS OF THE PRISONERS, THE CONDITIONS OF THEIR CONFINEMENT [SUCH AS RESTRICTED LAW LIBRARY ACCESS], OR THE NATURE OF THEIR LEGAL CLAIMS. BOUNDS V. SMITH, SUPRA; JOHNSON V. AVERY, 393 U.S. 483 (1969). ALSO, MARTIN V. DAVIES, 917 F.2d 336, 340 (7th CIR. 1990), CERT. DENIED, 501 U.S. 1208 (1991) (DENIAL OF MEANINGFUL ACCESS TO COURTS PRESUMED IF ACCESS TO JAIL LIBRARY IS RESTRICTED ON "SUBSTANTIAL AND CONTINUOUS BASIS.") ACCORDINGLY, THE DISTRICT COURT IN THE CASE AT BAR WOULD BE JUSTIFIED BY THE ISSUANCE OF AN ORDER APPOINTING COUNSEL TO REPRESENT PETITIONER TOOLE IN THIS CAUSE.

15. THIS MOTION IS MADE IN GOOD-FAITH, AND NOT FOR PURPOSES OF DELAY.

16. PETITIONER RECEIVED ASSISTANCE BY AN INMATE CERTIFIED LAW CLERK IN THE PREPARATION OF THE FOREGOING WHOM, LIKE PETITIONER, HAS NO ACCESS TO ALABAMA LEGAL MATERIALS.

(PAGE 9 OF 12)

## NOTICE REGARDING PETITIONER'S FORTHCOMING MOTION FOR LEAVE OF COURT TO INVOKE DISCOVERY PROCESS.

17. AS REFERERENCED TO HEREINABOVE, THE PETITIONER INTENDED TO ACCOMPANY THE FOREGOING MOTION FOR APPOINTMENT OF COUNSEL WITH A MOTION FOR LEAVE OF COURT TO INVOKE DISCOVERY PROCESS IN THE ABOVE-STYLED CAUSE. HOWEVER, DUE TO PETITIONERS RECENT ASSIGNMENT TO THE PRISON'S LIVE-IN SUBSTANCE ABUSE TREATMENT PROGRAM, COMBINED WITH HIS LIMITED ACCESS TO THE INSTITUTION'S LAW LIBRARY, HE WAS UNABLE TO PREPARE THE DISCOVERY REQUEST IN TIME AS OUTLINED IN RULE 6(A) OF THE RULES GOVERNING SECTION 2254 CASES, TO SUPPORT GOOD CAUSE FOR THE APPOINTMENT OF COUNSEL. IN ADDITION, REQUESTS FOR DISCOVERY SHOULD BE ACCOMPANIED BY A STATEMENT OF THE INTERROGATORIES OR REQUESTS FOR ADMISSION AND A LIST OF DOCUMENTS, IF ANY, SOUGHT TO BE PRODUCED. SEE RULE 6(B) OF THE RULES GOVERNING SECTION 2254 CASES. AS SUCH, COURT-APPOINTED COUNSEL WOULD BE BETTER SUITED TO PREPARE AND FILE SUCH STATEMENTS TO AVOID UNDERMINING THE DISCOVERY PROCESS.

18. SHOULD THE DISTRICT COURT REQUIRE A MOTION OF LEAVE OF COURT TO INVOKE DISCOVERY PRIOR TO A DECISION RENDERED ON THE FOREGOING REQUEST FOR THE APPOINTMENT OF COUNSEL, THE PETITIONER WOULD BE WILLING TO PREPARE SUCH DISCOVERY REQUESTS IN ACCORD WITH RULES 6(A) AND 6(B), <u>SUPRA</u>.

## RELIEF SOUGHT

WHEREFORE, FOR THE REASONS EXPRESSED HEREINABOVE, PETITIONER MOVES FOR AN ORDER APPOINTING COUNSEL IN THE ABOVE-STYLED CAUSE; NAMELY, FOR EFFECTIVE UTILIZATION OF DISCOVERY PROCEDURES PERMITTED BY LAW, AND NOTWITHSTANDING REPRESENTATION FOR AN EVIDENTIARY HEARING, IF ORDERED BY THE COURT. ADDITIONALLY, PETITIONER RESPECTFULLY REQUESTS:

(A) EXPANDED ACCESS TO THE FLORIDA DEPARTMENT OF CORRECTIONS' LAW LIBRARY PROGRAM, TO INCLUDE AN ALLOTED MINIMUM OF TEN (10) HOURS WEEKLY, TO NO MORE THAN TWENTY-FIVE (25) HOURS WEEKLY;

(B) COMPEL THE RESPONDENTS TO FURNISH PETITIONER WITH ACCESS TO ALABAMA CASE LAW, CRIMINAL CODES, APPELLATE PROCEDURES, STATUTES AND THE ALIKE; NAMELY, TO PROVIDE HARD COPIES (WITH SHEPARD'S CITATIONS) OF ALL ALABAMA LEGAL REFERENCES REFERRED TO IN RESPONDENTS RESPONSIVE PLEADINGS ALREADY FILED, TO INCLUDE ANY FUTURE PLEADINGS FILED IN THIS CAUSE; AND

(C) ANY FURTHER RELIEF DEEMED JUST AND PROPER BY THE COURT.

(PAGE 10 OF 12)

<u>DECLARATION</u>

I, HOWARD GLENN TOOLE, THE PETITIONER IN THE ABOVE-STYLED CAUSE, ABSENT THE AVAILABILITY OF A NOTARY PUBLIC, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 18 U.S.C. § 1001, THAT I HAVE READ AND UNDERSTAND THE INFORMATION CONTAINED IN THE FOREGOING MOTION FOR APPOINTMENT OF COUNSEL, AND I SWEAR THIS INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, THIS 19TH DAY OF JANUARY, 2007.

EXECUTED AT ZEPHYRHILLS CORRECTIONAL INSTITUTION LOCATED IN THE COUNTY OF PASCO, STATE OF FLORIDA.

01/19/07
DATE

HOWARD GLENN TOOLE
PETITIONER / AFFIANT
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INST.
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION FOR AAPONTMENT OF COUNSEL (INCLUDING APPENDIX) HAS BEEN FURNISHED TO PRISON OFFICIALS FOR MAILING TO THE CLERK OF THE UNITED STATES DISTRICT COURT; DANIEL W. MADISON, ASSISTANT ATTORNEY GENERAL (REPRESENTING COFFEE COUNTY); AND TO MARCUS S. BASS, ASSISTANT ATTORNEY GENERAL (REPRESENTING PIKE COUNTY), LOCATED AT THE OFFICE OF THE ATTORNEY GENERAL, ALABAMA STATE HOUSE, 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA 36130-0152; BY U.S. MAIL, ON THIS 19TH DAY OF JANUARY, 2007.

RESPECTFULLY SUBMITTED,

HOWARD GLENN TOOLE
DC NO.: 917683
ZEPHYRHILLS CORRECTIONAL INSTITUTION
2739 GALL BOULEVARD
ZEPHYRHILLS, FLORIDA 33541-9701
(PETITIONER - PRO SE)

(PAGE 12 OF 12)